CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO: 18-12316   DIVISION: N   SECTION NO.: 8

SONDER USA, INC.

**VERSUS**

635 N. SCOTT, L.L.C.

FILED: _____   _____
                                               **DEPUTY CLERK**

## PETITION FOR DECLARATORY JUDGMENT

Plaintiff, Sonder USA, Inc., relates and prays as follows:

**I.**

The plaintiff herein is:

Sonder USA, Inc., is a Delaware Corporation authorized to conduct business in the State of Louisiana (*hereinafter* "**Sonder**"), and at all material times is a commercial short-term rental operator.

**II.**

Named defendant herein is:

635 N. Scott, L.L.C., is a Louisiana limited liability company (*hereinafter* "**defendant**" or "**635 N. Scott**"), who at all materials times owned the property located at 635 N. Scott Street, New Orleans, Louisiana.

**JURISDICTION AND VENUE**

**III.**

Venue is proper under the general rules pursuant to La. C.C.P. art. 42 and Local Rule Appendix 9.3.

**STATEMENT OF THE CASE**

**IV.**

On or about September 2017, Sonder began entering into leases with defendant for the purposes of subletting for its commercial short-term rental business. Originally, Sonder had requested a master lease that as units became available at the premises it would assume the unit; however, at the request of 635 N. Scott, the lease was broken down into individual unit leases. (*see, in globo*, Leases attached as Exhibit "A")

**V.**

At all times the Landlord was responsible for all maintenance, pursuant to Section 15, entitled, "REPAIR AND MAINTENANCE," provides:

> Lessor shall pay all expenses, costs, and amounts of every kind
> or nature that Lessor incurs because of or in connection with the
> ownership, operation, management, maintenance, or repair of

VERIFIED
Jon Jre Smith
12/11/18

the Premises, and shall perform repairs necessary to maintain and keep the Premises and all components of it in good working order, suitable for residential use, including, without limitation, all electrical, mechanical, plumbing, fire/life safety, and other building systems of the Premises. Lessee, at Lessee's expense, shall immediately repair all damage to the Premises caused by Lessee or by Lessee's agents, employees, invitees or customers or damage that, due to the anticipated short term rentals, exceeds the wear and tear attributable to normal single-tenant residential apartment use. If a maintenance issue for which Lessor is responsible arises, Lessee shall contact the Lessor promptly and the Lessor shall promptly provide such maintenance. In the event an urgent (or potentially urgent) maintenance issue arises, Lessee may carry out such maintenance, using Lessor's preferred contractor or employee, if any, and deduct all reasonably incurred expenses from the next rent payment coming due, provided that (a.) The repairs were necessary, (b.) Lessor failed to act within a reasonable time after being notified and (c.) the price paid was reasonable.

## VI.

Throughout the term of the lease various maintenance issues continued to arise and some were remedied; however, in July 2018, mold and leaks in the air conditioning units was identified. These problems continued to develop causing Sonder to seek the advice of both mold and HVAC contractors.

## VII.

On October 9, 2018, All American Inspectors conducted an inspection of the property finding mold in several of the units. (See Exhibit "B" – The Reports of October 9 & 16 and laboratory findings.)

## VIII.

The October 9, 2018, report found:

    1. Visible mold noted in apartment units 19 and 20. This mold was present on ceilings in bedrooms, closets and bathrooms.

    2. Moisture damaged drywall noted under corners of the interior HVAC mini split wall units. The damaged drywall did have active moisture. There appears to be issues with refrigerant lines not properly insulated and condensate drain lines leaking. Mold and mildew stains visible inside the mini split wall units. We cannot determine the condition of underlying materials, due to the presence of moisture there is the possibility of HIDDEN mold growth in underlying building materials.

    3. Units 19 and 20 had interior humidity levels above 65%, unit 6 interior humidity registered at 59.8%.

    4. Bathroom exhaust fans appear to be improperly venting directly into building cavities, no exhaust fan duct terminations visible on exterior of building.

    5. Laminate floor coverings are buckling, floor adhesive is failing and detaching from subfloor surface The laboratory's findings

did detect elevated levels of Penicillium/Aspergillus mold in the air samples collected in units 19 and 20.

Moderate levels of Cladosporium mold detected in the air sample of unit 6.  Due to the findings of elevated mold in the interior of the units, and conditions noted, a state licensed mold remediation contractor is highly recommended to further assess and perform mold remediation as needed. Those areas of contamination should follow EPA guidelines in cleaning and remediation. A qualified contractor is also recommended to further evaluate the HVAC systems and venting issues.  (See Exhibit "B").

### IX.

On October 16, 2018, All American Inspections issued a second report, in addition to the previous opinion it added:

The laboratory's findings did detect elevated levels of mold in units: 2, 4, 10-17, 21-23, and 26

Stachybotrys mold spores present in unit 8. Stachybotrys mold (also know as "black mold" produces mycotoxins)

Chaetomium mold sports present in unit 9 and 14.

Penicillium/Aspergillus mold detected in all samples, some in very high levels.

**Due to the elevated mold findings in the interior of the units, a state licensed, mold remediation contractor is highly recommended to further assess and perform mold remediation following EPA guidelines, before any of the units are re-occupied**.  (Emphasis Added.)  (See Exhibit "B").

### X.

On October 19, 2018, Sonder sent to 635 N. Scott notice of All American Inspector's findings.  Specifically, outlining the findings and, more importantly, requesting the defendant to remediate the units.  (See Exhibit "C").

### XI.

During this time Sonder relocated all of its guests to other units between the date of the findings and October 31, 2018.

### XII.

Sonder wanted the units remediated and returned to it for continued use, but instead on October 19, 2018, the defendant dismissed the report's findings making all kinds unsubstantiated allegations and refused to accept responsibility of the maintenance.  (See Exhibit "D").

### XIII.

On November 7, 2018, due to defendant's communications denying the existence of mold, accusations against Sonder, and a lack of action regarding remediating the mold and HVAC systems, counsel for Sonder sent to counsel for 635 N. Scott a letter terminating the lease for failure to remediate the property.  (See Exhibit "E").

XIV.

Sonder is filing this action requesting this Honorable Court to issue a declaratory judgment terminating leases for defendant's breach of the same.

### PRAYER FOR RELIEF

Sonder USA, Inc., prays that the court issue, pursuant to the provisions of C.C.P. Arts. 1871, 1874, and 1875, a declaratory judgment declaring the leases for the property located at 635 N. Scott Street, New Orleans, Louisiana, are terminated for breach of lease, specifically for failing to provide maintenance, failing to remediate mold, and failure to provide a habitable units.

Respectfully submitted,

R. J. Ellis Law Firm, L.L.C.

Robert J. Ellis, Jr. (LSB#26022)
650 Poydras Street, Suite 2615
New Orleans, LA 70130
(504) 534.8399 – PHONE
(866) 596.2066 – FAX
bob@rjellis.com

Sharonda R. Williams (L . Bar No. 28809)
FISHMAN HAYGOOD;ILLP
201 St. Charles Avenue, 46 th Floor
New Orleans, Louisiana 70170
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
swilliams@fishmanhaygood.com

**PLEASE SERVE:**

**635 N. SCOTT, LLC,**
**through its agent for service of process:**
**JOSHUA BRUNO**
**Address 1:**
**147 CARONDELET ST., SUITE #1137**
**City, State, Zip:**
**NEW ORLEANS, LA 70130**