# Exhibit A

DocuSign Envelope ID: 913712C1-DF68-4030-AC8B-9DEE43A4E234

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

## LEASE AGREEMENT

  **THIS LEASE AGREEMENT** (hereinafter referred to as the "Lease") is made and entered into as of _9/25/2017_ ,(the "Effective Date"), by and between, **635 N Scott St., LLC ("Lessor")**, a Louisiana limited liability company and **Sonder USA, Inc. ("Lessee")**, a Delaware Corporation.

## W I T N E S S E T H :

  **WHEREAS**, Lessor is the fee owner of certain real property, situated in Orleans Parish, Louisiana, such real property having a municipal street address of **635 N. Scott Street, New Orleans, La 70119**.

  **WHEREAS**, Lessor agrees to lease to Lessee the Residential Unit located at **635 N. Scott Street, New Orleans, La 70119** (hereinafter referred to as the ("Premises").

  **NOW, THEREFORE,** for and in consideration of the covenants and obligations contained herein, the parties hereto hereby agree as follows:

  **1. PREMISES DEFINED.** The provisions of this agreement pertain exclusively to a total of one (1) residential apartment unit, **Unit 1** (hereinafter referred to as  "Unit").

  **2. TERM.** Five (5) years commencing on **January 1, 2018** ("Commencement Date") and ending at 11:59 PM on **December 31, 2022**.

  **3. RENT.** The monthly rent shall be **One Thousand Five Hundred Dollars ($1,500)** for the initial lease year. All such payments shall be payable in advance on or before the first (1st) day of each month to Lessor via ACH wire transfer and without demand.

  **4. RENT ABATEMENT.** Lessee shall be provided **three (3) months** of rent abatement upon occurrence of the Commencement Date.

  **5. RENT INCREASE.** Beginning on the second anniversary of the rental commencement date, and each anniversary thereafter, the annual rent shall escalate by a maximum of two percent (2%).

  **6. RENEWAL.** Lessee shall be provided a single five (5) year renewal option, per the terms and conditions of the last year of the initial lease term.

  **7. LATE CHARGE.** In the event that any payment is not made within five (5) calendar days of when due, Lessee shall pay to Lessor a "late fee" in the amount of 10% of amount owed. Delinquent amounts shall bear interest from the date due until paid at the lesser of (i) 12% per

annum or (ii) the maximum rate allowed by Louisiana Law. Lessor's acceptance of these fees shall not constitute a waiver or relinquishment of any of the other rights or remedies of Lessor.

**8. ACCESS.** Lessee may alter, re-key, and install electronic keyless door locks at the Premises. Lessee will provide Lessor with keys or codes capable of unlocking all such re-keyed new locks. All door locks and keys shall be returned upon vacating the Premises.

**9. PERMITTED USE.** Lessee intends to operate its business as "Short Term Rentals" as defined and permitted under the New Orleans Comprehensive Zoning Ordinance. Lessor agrees that Lessee's obligations to perform under this Lease are contingent upon Lessee's ability to remain compliant with all statutes, codes, ordinances, orders, rules and regulations ("Laws") of any municipal or governmental entity whether in effect now or later, including the New Orleans Comprehensive Zoning Ordinance, authorizing or permitting Lessee's use of the Premises.

**10. ASSIGNMENT AND SUBLETTING.** Lessor acknowledges and agrees that Lessee's operations entail renting and then subletting Lessor's units for periods ranging from less than 30 days to 12 months. As such, Lessee may enter into various sublease agreements of any duration concerning the units, without having to give Lessor notice of its intention to sublease and without having to obtain Lessor's consent to sublease the units, and Lessor hereby agrees to such subleases.

**11. TAXES.** Lessor shall pay (a.) all real property taxes and assessments on the Premises; (b.) all personal property taxes for property that is owned by Lessor and used in connection with the operation, maintenance and repair of the Premises; and c.) all costs and fees incurred in connection with seeking reductions in any tax liabilities described in (a.) and (b.), including, without limitation, any costs incurred by Lessor for compliance, review and appeal of tax liabilities. Lessee shall pay all business taxes, licenses, and fees levied or imposed by any governmental authority upon the Premises and/or business operations and activities of Lessee at the Premises, including without limitation, taxes and fees related to the operation of Short Term Rentals under the New Orleans Comprehensive Zoning Ordinance, any hotel/motel taxes, and the fees for occupational licenses and occupancy permits assessed by the City of New Orleans.

**12. INSURANCE.** Lessor shall maintain Commercial General Liability insurance against claims for personal injury, death or property damage arising from or relating to the Premises, and property insurance insuring the Premises against loss, damage or rental interruption as Lessor reasonably may require, for the full replacement cost of the Premises (including all construction and improvements thereon), without limitation, replacement cost endorsement, agreed value endorsement, and vandalism and malicious mischief endorsements; flood, wind, and fire insurance; and umbrella excess liability insurance in such amounts as Lessor reasonably may require. Lessor shall further ensure that Lessee is added as an additional insured on the Lessor insurance policy or policies by endorsement, which endorsement shall remain in effect for the entire term of the Lease.
Lessee shall maintain a policy of Commercial General Liability (bodily injury and Property damage) insurance, insuring against liability arising on the Premises and out of the ownership, use, occupancy or maintenance of the Premises, or the business

2

conducted on the Premises, including liability arising from the negligence or other fault of all insureds, including Lessee and Lessee's guests, and additional insured parties (the "Liability Policy"). Lessor shall be an additional insured under the Liability Policy. The Liability Policy shall be a commercial-grade one million dollar property liability policy with four million dollar excess liability coverage, and shall be primary as to all additional insureds.

**13. UTILITIES AND SERVICES.**   Lessor shall pay directly for all utilities and services supplied to the Premises including Wi-Fi, with the exception of individual Unit electric and cable TV. Lessee will reimburse Lessor for master water and gas charges and Lessor shall make available all documentation of such charges to Lessee for reconciliation and adjustment(s) on an annual basis. After receiving the results of a reconciliation and adjustment(s), Lessee may dispute the results within thirty (30) days by providing written notice to the Lessor of Lessee's intent to exercise its audit rights.

**14. GROUNDS MAINTENANCE**  Lessor shall be responsible for the care and maintenance of the grounds including landscaping and refuse removal. Lessor shall arrange for regular maintenance thereof so as to keep and maintain the Premises in neat, clean and good condition.

**15. REPAIR AND MAINTENANCE.**   Lessor shall pay all expenses, costs, and amounts of every kind or nature that Lessor incurs because of or in connection with the ownership, operation, management, maintenance, or repair of the Premises, and shall perform repairs necessary to maintain and keep the Premises and all components of it in good working order, suitable for residential use, including, without limitation, all electrical, mechanical, plumbing, fire/life safety, and other building systems of the Premises.  Lessee, at Lessee's expense, shall immediately repair all damage to the Premises caused by Lessee or by Lessee's agents, employees, invitees or customers or damage that, due to the anticipated short term rentals, exceeds the wear and tear attributable to normal single-tenant residential apartment use. If a maintenance issue for which Lessor is responsible arises, Lessee shall contact the Lessor promptly and the Lessor shall promptly provide such maintenance. In the event an urgent (or potentially urgent) maintenance issue arises, Lessee may carry out such maintenance, using Lessor's preferred contractor or employee, if any, and deduct all reasonably incurred expenses from the next rent payment coming due, provided that (a.) The repairs were necessary, (b.) Lessor failed to act within a reasonable time after being notified and (c.) the price paid was reasonable.

**16. LESSOR ENTRY.**   Lessor may enter the Premises to perform or facilitate preventative maintenance, repairs, alterations, additions or capital improvements to the Premises. Except in emergencies, Lessor shall provide Lessee with reasonable prior notice of entry and shall use reasonable efforts to minimize any interference with use of the Premises.

**17. SIGNAGE.**   Lessee may install, at Lessee's expense, signage on the Premises.  The size, design and manner of installation of all signs by Lessee shall be subject to the prior written approval of Lessor. Any permitted signs shall be maintained in compliance with applicable

governmental rules and regulations governing such signs. Lessee shall be responsible to Lessor for any damage caused by the installation, use or maintenance of said signs.

**18. HAZARDOUS MATERIALS**.   Lessee shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

**19. ANIMALS.**   No Pets are allowed on the Premises.

**20. NOTICE.**   Any notice required or permitted under this Lease or under state law shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

> If to Lessor to:
> **635 N. Scott St., LLC**
> **147 Carondelet Street, Suite 1137**
> **New Orleans, La 70130**
>
> If to Lessee To:
> **Sonder USA, Inc.**
> **5600 Jefferson Highway, Suite 278**
> **Elmwood, LA 70112**

**21. EXCLUSIVE RIGHT(s).**   Lessor grants Lessee the exclusive right(s) of the Permitted Use(s) of the above stated Premises, subject to the terms and conditions of this Lease. The provisions of this Section shall (unless extended in writing by the Parties) automatically terminate as of the expiration of this Lease.

**22. GOVERNING LAW AND JURISDICTION.**   The parties to this Lease understand and agree that the provisions of this lease, between them, has the effect of law, but in reference to matters for which this lease does not provide, this Lease shall be governed by and construed in accordance with the Ordinances of the City of New Orleans, the laws of the State of Louisiana and the federal laws of the United States; and irrevocably submit to the exclusive jurisdiction of the courts of competent jurisdiction in the State of Louisiana with respect to all matters relating to this agreement.

**23. CASUALTY AND FORCE MAJEURE.**   If any of the Premises is destroyed or materially damaged by fire or other unforeseen event (Force Majeure) not due to any fault or neglect of Lessee, and thus becomes wholly unfit for occupancy, then Lessee shall be entitled to an abatement of rent for the entire period during which the Premises is unfit for occupancy. Lessee may thereupon also choose to terminate this lease as of the date of the casualty.

**24. WARRANTY.**   Lessor warrants that the Premises are in good condition, unless



otherwise noted. Lessee acknowledges that he has been provided the opportunity to inspect the Premises and accepts it in its current condition and agrees to keep it in same condition during the term of this lease at his expense and return it to Lessor in the same or better condition at termination of this lease, normal decay, wear and tear excepted.

**25. MODIFICATION.**   The parties hereby agree that this document contains the entire agreement between the parties and this Lease shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

**26. SURRENDER AND HOLD OVER.**   On the expiration date, Lessee shall surrender to Lessor the Premises and all alterations in a first class and clean condition, less any normal wear and tear, free of trash and debris. If Lessee with Lessor's consent, remains in possession of the Premises after the Expiration Date, such possession by Lessee  shall be deemed to be a month-to-month tenancy terminable on 30-days' written notice given at any time by Lessor or Lessee. All provisions of this Lease except for those pertaining to Term shall apply to any such tenancy.

**27. ADDITIONAL PROVISIONS; DISCLOSURES.**   This Agreement is submitted with Lessor's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards dated dated 9/25/2017 attached hereto and forming part of this lease.

**28. PARKING LOT**.   Lessee shall have full use and access to all parking lot(s) and/or facilities on the Premises. Lessor is responsible for all maintenance and repairs of the parking lot(s).

**IN WITNESS WHEREOF**, Lessor and Lessee have each executed this Lease Agreement as of the date first above written:

**Lessor(s):**

By: _Joshua Bruno_

Name: **635 N Scott St., LLC**
Date: 9/25/2017

**Lessee:**

By: _Arthur Chang_

Name: **Sonder, USA, Inc.**
Date: 9/25/2017

5

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

## LEASE AGREEMENT

    **THIS LEASE AGREEMENT** (hereinafter referred to as the "Lease") is made and entered into as of _9/25/2017_____, (the "Effective Date"), by and between, **635 N Scott St., LLC ("Lessor")**, a Louisiana limited liability company and **Sonder USA, Inc. ("Lessee")**, a Delaware Corporation.

## W I T N E S S E T H :

    **WHEREAS**, Lessor is the fee owner of certain real property, situated in Orleans Parish, Louisiana, such real property having a municipal street address of **635 N. Scott Street, New Orleans, La 70119**.

    **WHEREAS**, Lessor agrees to lease to Lessee the Residential Unit located at **635 N. Scott Street, New Orleans, La 70119** (hereinafter referred to as the ("Premises").

    **NOW, THEREFORE,** for and in consideration of the covenants and obligations contained herein, the parties hereto hereby agree as follows:

    **1.  PREMISES DEFINED.**   The provisions of this agreement pertain exclusively to a total of one (1) residential apartment unit, **Unit 2** (hereinafter referred to as  "Unit").

    **2.  TERM.**   Five (5) years commencing on **November 1, 2017** ("Commencement Date") and ending at 11:59 PM on **October 31, 2022**.

    **3.  RENT.**   The monthly rent shall be **One Thousand Five Hundred Dollars ($1,500)** for the initial lease year. All such payments shall be payable in advance on or before the first (1st) day of each month to Lessor via ACH wire transfer and without demand.

    **4.  RENT ABATEMENT.**   Lessee shall be provided **three (3) months** of rent abatement upon occurrence of the Commencement Date.

    **5.  RENT INCREASE.**   Beginning on the second anniversary of the rental commencement date, and each anniversary thereafter, the annual rent shall escalate by a maximum of two percent (2%).

    **6.  RENEWAL.**   Lessee shall be provided a single five (5) year renewal option, per the terms and conditions of the last year of the initial lease term.

    **7.  LATE CHARGE.**   In the event that any payment is not made within five (5) calendar days of when due, Lessee shall pay to Lessor a "late fee" in the amount of 10% of amount owed. Delinquent amounts shall bear interest from the date due until paid at the lesser of (i) 12% per

annum or (ii) the maximum rate allowed by Louisiana Law. Lessor's acceptance of these fees shall not constitute a waiver or relinquishment of any of the other rights or remedies of Lessor.

**8.  ACCESS.**   Lessee may alter, re-key, and install electronic keyless door locks at the Premises.  Lessee will provide Lessor with keys or codes capable of unlocking all such re-keyed new locks. All door locks and keys shall be returned upon vacating the Premises.

**9.  PERMITTED USE.**   Lessee intends to operate its business as "Short Term Rentals" as defined and permitted under the New Orleans Comprehensive Zoning Ordinance. Lessor agrees that Lessee's obligations to perform under this Lease are contingent upon Lessee's ability to remain compliant with all statutes, codes, ordinances, orders, rules and regulations ("Laws") of any municipal or governmental entity whether in effect now or later, including the New Orleans Comprehensive Zoning Ordinance, authorizing or permitting Lessee's use of the Premises.

**10. ASSIGNMENT AND SUBLETTING.**   Lessor acknowledges and agrees that Lessee's operations entail renting and then subletting Lessor's units for periods ranging from less than 30 days to 12 months. As such, Lessee may enter into various sublease agreements of any duration concerning the units, without having to give Lessor notice of its intention to sublease and without having to obtain Lessor's consent to sublease the units, and Lessor hereby agrees to such subleases.

**11. TAXES.**   Lessor shall pay (a.) all real property taxes and assessments on the Premises; (b.) all personal property taxes for property that is owned by Lessor and used in connection with the operation, maintenance and repair of the Premises; and c.) all costs and fees incurred in connection with seeking reductions in any tax liabilities described in (a.) and (b.), including, without limitation, any costs incurred by Lessor for compliance, review and appeal of tax liabilities. Lessee shall pay all business taxes, licenses, and fees levied or imposed by any governmental authority upon the Premises and/or business operations and activities of Lessee at the Premises, including without limitation, taxes and fees related to the operation of Short Term Rentals under the New Orleans Comprehensive Zoning Ordinance, any hotel/motel taxes, and the fees for occupational licenses and occupancy permits assessed by the City of New Orleans.

**12. INSURANCE.**   Lessor shall maintain Commercial General Liability insurance against claims for personal injury, death or property damage arising from or relating to the Premises, and property insurance insuring the Premises against loss, damage or rental interruption as Lessor reasonably may require, for the full replacement cost of the Premises (including all construction and improvements thereon), without limitation, replacement cost endorsement, agreed value endorsement, and vandalism and malicious mischief endorsements; flood, wind, and fire insurance; and umbrella excess liability insurance in such amounts as Lessor reasonably may require. Lessor shall further ensure that Lessee is added as an additional insured on the Lessor insurance policy or policies by endorsement, which endorsement shall remain in effect for the entire term of the Lease.
Lessee shall maintain a policy of Commercial General Liability (bodily injury and Property damage) insurance, insuring against liability arising on the Premises and out of the ownership, use, occupancy or maintenance of the Premises, or the business



DocuSign Envelope ID: 913712C1-DF68-4030-AC8B-9DEE43A4E234

conducted on the Premises, including liability arising from the negligence or other fault of all insureds, including Lessee and Lessee's guests, and additional insured parties (the "Liability Policy"). Lessor shall be an additional insured under the Liability Policy. The Liability Policy shall be a commercial-grade one million dollar property liability policy with four million dollar excess liability coverage, and shall be primary as to all additional insureds.

**13. UTILITIES AND SERVICES.**   Lessor shall pay directly for all utilities and services supplied to the Premises including Wi-Fi, with the exception of individual Unit electric and cable TV. Lessee will reimburse Lessor for master water and gas charges and Lessor shall make available all documentation of such charges to Lessee for reconciliation and adjustment(s) on an annual basis. After receiving the results of a reconciliation and adjustment(s), Lessee may dispute the results within thirty (30) days by providing written notice to the Lessor of Lessee's intent to exercise its audit rights.

**14. GROUNDS MAINTENANCE**  Lessor shall be responsible for the care and maintenance of the grounds including landscaping and refuse removal. Lessor shall arrange for regular maintenance thereof so as to keep and maintain the Premises in neat, clean and good condition.

**15. REPAIR AND MAINTENANCE.**   Lessor shall pay all expenses, costs, and amounts of every kind or nature that Lessor incurs because of or in connection with the ownership, operation, management, maintenance, or repair of the Premises, and shall perform repairs necessary to maintain and keep the Premises and all components of it in good working order, suitable for residential use, including, without limitation, all electrical, mechanical, plumbing, fire/life safety, and other building systems of the Premises.  Lessee, at Lessee's expense, shall immediately repair all damage to the Premises caused by Lessee or by Lessee's agents, employees, invitees or customers or damage that, due to the anticipated short term rentals, exceeds the wear and tear attributable to normal single-tenant residential apartment use. If a maintenance issue for which Lessor is responsible arises, Lessee shall contact the Lessor promptly and the Lessor shall promptly provide such maintenance. In the event an urgent (or potentially urgent) maintenance issue arises, Lessee may carry out such maintenance, using Lessor's preferred contractor or employee, if any, and deduct all reasonably incurred expenses from the next rent payment coming due, provided that (a.) The repairs were necessary, (b.) Lessor failed to act within a reasonable time after being notified and (c.) the price paid was reasonable.

**16. LESSOR ENTRY.**   Lessor may enter the Premises to perform or facilitate preventative maintenance, repairs, alterations, additions or capital improvements to the Premises. Except in emergencies, Lessor shall provide Lessee with reasonable prior notice of entry and shall use reasonable efforts to minimize any interference with use of the Premises.

**17. SIGNAGE.**   Lessee may install, at Lessee's expense, signage on the Premises.  The size, design and manner of installation of all signs by Lessee shall be subject to the prior written approval of Lessor. Any permitted signs shall be maintained in compliance with applicable



governmental rules and regulations governing such signs. Lessee shall be responsible to Lessor for any damage caused by the installation, use or maintenance of said signs.

**18. HAZARDOUS MATERIALS**.   Lessee shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

**19. ANIMALS.**   No Pets are allowed on the Premises.

**20. NOTICE.**   Any notice required or permitted under this Lease or under state law shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

> If to Lessor to:
> **635 N. Scott St., LLC**
> **147 Carondelet Street, Suite 1137**
> **New Orleans, La 70130**
>
> If to Lessee To:
> **Sonder USA, Inc.**
> **5600 Jefferson Highway, Suite 278**
> **Elmwood, LA 70112**

**21. EXCLUSIVE RIGHT(s).**   Lessor grants Lessee the exclusive right(s) of the Permitted Use(s) of the above stated Premises, subject to the terms and conditions of this Lease. The provisions of this Section shall (unless extended in writing by the Parties) automatically terminate as of the expiration of this Lease.

**22. GOVERNING LAW AND JURISDICTION.**   The parties to this Lease understand and agree that the provisions of this lease, between them, has the effect of law, but in reference to matters for which this lease does not provide, this Lease shall be governed by and construed in accordance with the Ordinances of the City of New Orleans, the laws of the State of Louisiana and the federal laws of the United States; and irrevocably submit to the exclusive jurisdiction of the courts of competent jurisdiction in the State of Louisiana with respect to all matters relating to this agreement.

**23. CASUALTY AND FORCE MAJEURE.**   If any of the Premises is destroyed or materially damaged by fire or other unforeseen event (Force Majeure) not due to any fault or neglect of Lessee, and thus becomes wholly unfit for occupancy, then Lessee shall be entitled to an abatement of rent for the entire period during which the Premises is unfit for occupancy. Lessee may thereupon also choose to terminate this lease as of the date of the casualty.

**24. WARRANTY.**   Lessor warrants that the Premises are in good condition, unless



4

otherwise noted. Lessee acknowledges that he has been provided the opportunity to inspect the Premises and accepts it in its current condition and agrees to keep it in same condition during the term of this lease at his expense and return it to Lessor in the same or better condition at termination of this lease, normal decay, wear and tear excepted.

**25. MODIFICATION.**   The parties hereby agree that this document contains the entire agreement between the parties and this Lease shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

**26. SURRENDER AND HOLD OVER.**   On the expiration date, Lessee shall surrender to Lessor the Premises and all alterations in a first class and clean condition, less any normal wear and tear, free of trash and debris. If Lessee with Lessor's consent, remains in possession of the Premises after the Expiration Date, such possession by Lessee  shall be deemed to be a month-to-month tenancy terminable on 30-days' written notice given at any time by Lessor or Lessee. All provisions of this Lease except for those pertaining to Term shall apply to any such tenancy.

**27. ADDITIONAL PROVISIONS; DISCLOSURES.**   This Agreement is submitted with Lessor's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards dated dated _9/25/2017_ attached hereto and forming part of this lease.

**28. PARKING LOT**.   Lessee shall have full use and access to all parking lot(s) and/or facilities on the Premises. Lessor is responsible for all maintenance and repairs of the parking lot(s).

        **IN WITNESS WHEREOF**, Lessor and Lessee have each executed this Lease Agreement as of the date first above written:

        **Lessor(s):**

        By: _Joshua Bruno_____
            3F331841805B427...

        Name: **635 N Scott St., LLC**
        Date: _9/25/2017_____

        **Lessee:**

        By: _Arthur Chang_____
            1FC4910EA7C6424...

        Name: **Sonder, USA, Inc.**
        Date: _9/25/2017_____

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

## LEASE AGREEMENT

**THIS LEASE AGREEMENT** (hereinafter referred to as the "Lease") is made and entered into as of ___9/25/2017___,(the "Effective Date"), by and between, **635 N Scott St., LLC ("Lessor")**, a Louisiana limited liability company and **Sonder USA, Inc. ("Lessee")**, a Delaware Corporation.

## W I T N E S S E T H :

**WHEREAS**, Lessor is the fee owner of certain real property, situated in Orleans Parish, Louisiana, such real property having a municipal street address of **635 N. Scott Street, New Orleans, La 70119**.

**WHEREAS**, Lessor agrees to lease to Lessee the Residential Unit located at **635 N. Scott Street, New Orleans, La 70119** (hereinafter referred to as the ("Premises").

**NOW, THEREFORE,** for and in consideration of the covenants and obligations contained herein, the parties hereto hereby agree as follows:

1. **PREMISES DEFINED.** The provisions of this agreement pertain exclusively to a total of one (1) residential apartment unit, **Unit 3** (hereinafter referred to as "Unit").

2. **TERM.** Five (5) years commencing on **July 1, 2018** ("Commencement Date") and ending at 11:59 PM on **June 30, 2023**.

3. **RENT.** The monthly rent shall be **One Thousand Five Hundred Dollars ($1,500)** for the initial lease year. All such payments shall be payable in advance on or before the first (1st) day of each month to Lessor via ACH wire transfer and without demand.

4. **RENT ABATEMENT.** Lessee shall be provided **three (3) months** of rent abatement upon occurrence of the Commencement Date.

5. **RENT INCREASE.** Beginning on the second anniversary of the rental commencement date, and each anniversary thereafter, the annual rent shall escalate by a maximum of two percent (2%).

6. **RENEWAL.** Lessee shall be provided a single five (5) year renewal option, per the terms and conditions of the last year of the initial lease term.

7. **LATE CHARGE.** In the event that any payment is not made within five (5) calendar days of when due, Lessee shall pay to Lessor a "late fee" in the amount of 10% of amount owed. Delinquent amounts shall bear interest from the date due until paid at the lesser of (i) 12% per

DocuSign Envelope ID: 913712C1-DF68-4030-AC8B-9DEF43A4E234

annum or (ii) the maximum rate allowed by Louisiana Law. Lessor's acceptance of these fees shall not constitute a waiver or relinquishment of any of the other rights or remedies of Lessor.

**8. ACCESS.** Lessee may alter, re-key, and install electronic keyless door locks at the Premises. Lessee will provide Lessor with keys or codes capable of unlocking all such re-keyed new locks. All door locks and keys shall be returned upon vacating the Premises.

**9. PERMITTED USE.** Lessee intends to operate its business as "Short Term Rentals" as defined and permitted under the New Orleans Comprehensive Zoning Ordinance. Lessor agrees that Lessee's obligations to perform under this Lease are contingent upon Lessee's ability to remain compliant with all statutes, codes, ordinances, orders, rules and regulations ("Laws") of any municipal or governmental entity whether in effect now or later, including the New Orleans Comprehensive Zoning Ordinance, authorizing or permitting Lessee's use of the Premises.

**10. ASSIGNMENT AND SUBLETTING.** Lessor acknowledges and agrees that Lessee's operations entail renting and then subletting Lessor's units for periods ranging from less than 30 days to 12 months. As such, Lessee may enter into various sublease agreements of any duration concerning the units, without having to give Lessor notice of its intention to sublease and without having to obtain Lessor's consent to sublease the units, and Lessor hereby agrees to such subleases.

**11. TAXES.** Lessor shall pay (a.) all real property taxes and assessments on the Premises; (b.) all personal property taxes for property that is owned by Lessor and used in connection with the operation, maintenance and repair of the Premises; and c.) all costs and fees incurred in connection with seeking reductions in any tax liabilities described in (a.) and (b.), including, without limitation, any costs incurred by Lessor for compliance, review and appeal of tax liabilities. Lessee shall pay all business taxes, licenses, and fees levied or imposed by any governmental authority upon the Premises and/or business operations and activities of Lessee at the Premises, including without limitation, taxes and fees related to the operation of Short Term Rentals under the New Orleans Comprehensive Zoning Ordinance, any hotel/motel taxes, and the fees for occupational licenses and occupancy permits assessed by the City of New Orleans.

**12. INSURANCE.** Lessor shall maintain Commercial General Liability insurance against claims for personal injury, death or property damage arising from or relating to the Premises, and property insurance insuring the Premises against loss, damage or rental interruption as Lessor reasonably may require, for the full replacement cost of the Premises (including all construction and improvements thereon), without limitation, replacement cost endorsement, agreed value endorsement, and vandalism and malicious mischief endorsements; flood, wind, and fire insurance; and umbrella excess liability insurance in such amounts as Lessor reasonably may require. Lessor shall further ensure that Lessee is added as an additional insured on the Lessor insurance policy or policies by endorsement, which endorsement shall remain in effect for the entire term of the Lease.
Lessee shall maintain a policy of Commercial General Liability (bodily injury and Property damage) insurance, insuring against liability arising on the Premises and out of the ownership, use, occupancy or maintenance of the Premises, or the business



2

conducted on the Premises, including liability arising from the negligence or other fault of all insureds, including Lessee and Lessee's guests, and additional insured parties (the "Liability Policy"). Lessor shall be an additional insured under the Liability Policy. The Liability Policy shall be a commercial-grade one million dollar property liability policy with four million dollar excess liability coverage, and shall be primary as to all additional insureds.

**13. UTILITIES AND SERVICES.**   Lessor shall pay directly for all utilities and services supplied to the Premises including Wi-Fi, with the exception of individual Unit electric and cable TV. Lessee will reimburse Lessor for master water and gas charges and Lessor shall make available all documentation of such charges to Lessee for reconciliation and adjustment(s) on an annual basis. After receiving the results of a reconciliation and adjustment(s), Lessee may dispute the results within thirty (30) days by providing written notice to the Lessor of Lessee's intent to exercise its audit rights.

**14. GROUNDS MAINTENANCE**   Lessor shall be responsible for the care and maintenance of the grounds including landscaping and refuse removal. Lessor shall arrange for regular maintenance thereof so as to keep and maintain the Premises in neat, clean and good condition.

**15. REPAIR AND MAINTENANCE.**   Lessor shall pay all expenses, costs, and amounts of every kind or nature that Lessor incurs because of or in connection with the ownership, operation, management, maintenance, or repair of the Premises, and shall perform repairs necessary to maintain and keep the Premises and all components of it in good working order, suitable for residential use, including, without limitation, all electrical, mechanical, plumbing, fire/life safety, and other building systems of the Premises.  Lessee, at Lessee's expense, shall immediately repair all damage to the Premises caused by Lessee or by Lessee's agents, employees, invitees or customers or damage that, due to the anticipated short term rentals, exceeds the wear and tear attributable to normal single-tenant residential apartment use. If a maintenance issue for which Lessor is responsible arises, Lessee shall contact the Lessor promptly and the Lessor shall promptly provide such maintenance. In the event an urgent (or potentially urgent) maintenance issue arises, Lessee may carry out such maintenance, using Lessor's preferred contractor or employee, if any, and deduct all reasonably incurred expenses from the next rent payment coming due, provided that (a.) The repairs were necessary, (b.) Lessor failed to act within a reasonable time after being notified and (c.) the price paid was reasonable.

**16. LESSOR ENTRY.**   Lessor may enter the Premises to perform or facilitate preventative maintenance, repairs, alterations, additions or capital improvements to the Premises. Except in emergencies, Lessor shall provide Lessee with reasonable prior notice of entry and shall use reasonable efforts to minimize any interference with use of the Premises.

**17. SIGNAGE.**   Lessee may install, at Lessee's expense, signage on the Premises.  The size, design and manner of installation of all signs by Lessee shall be subject to the prior written approval of Lessor. Any permitted signs shall be maintained in compliance with applicable



3

governmental rules and regulations governing such signs. Lessee shall be responsible to Lessor for any damage caused by the installation, use or maintenance of said signs.

**18. HAZARDOUS MATERIALS**.   Lessee shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

**19. ANIMALS.**   No Pets are allowed on the Premises.

**20. NOTICE.**   Any notice required or permitted under this Lease or under state law shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

> If to Lessor to:
> **635 N. Scott St., LLC**
> **147 Carondelet Street, Suite 1137**
> **New Orleans, La 70130**
>
> If to Lessee To:
> **Sonder USA, Inc.**
> **5600 Jefferson Highway, Suite 278**
> **Elmwood, LA 70112**

**21. EXCLUSIVE RIGHT(s).**   Lessor grants Lessee the exclusive right(s) of the Permitted Use(s) of the above stated Premises, subject to the terms and conditions of this Lease. The provisions of this Section shall (unless extended in writing by the Parties) automatically terminate as of the expiration of this Lease.

**22. GOVERNING LAW AND JURISDICTION.**   The parties to this Lease understand and agree that the provisions of this lease, between them, has the effect of law, but in reference to matters for which this lease does not provide, this Lease shall be governed by and construed in accordance with the Ordinances of the City of New Orleans, the laws of the State of Louisiana and the federal laws of the United States; and irrevocably submit to the exclusive jurisdiction of the courts of competent jurisdiction in the State of Louisiana with respect to all matters relating to this agreement.

**23. CASUALTY AND FORCE MAJEURE.**   If any of the Premises is destroyed or materially damaged by fire or other unforeseen event (Force Majeure) not due to any fault or neglect of Lessee, and thus becomes wholly unfit for occupancy, then Lessee shall be entitled to an abatement of rent for the entire period during which the Premises is unfit for occupancy. Lessee may thereupon also choose to terminate this lease as of the date of the casualty.

**24. WARRANTY.**   Lessor warrants that the Premises are in good condition, unless



4

otherwise noted. Lessee acknowledges that he has been provided the opportunity to inspect the Premises and accepts it in its current condition and agrees to keep it in same condition during the term of this lease at his expense and return it to Lessor in the same or better condition at termination of this lease, normal decay, wear and tear excepted.

**25. MODIFICATION.**   The parties hereby agree that this document contains the entire agreement between the parties and this Lease shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

**26. SURRENDER AND HOLD OVER.**   On the expiration date, Lessee shall surrender to Lessor the Premises and all alterations in a first class and clean condition, less any normal wear and tear, free of trash and debris. If Lessee with Lessor's consent, remains in possession of the Premises after the Expiration Date, such possession by Lessee  shall be deemed to be a month-to-month tenancy terminable on 30-days' written notice given at any time by Lessor or Lessee. All provisions of this Lease except for those pertaining to Term shall apply to any such tenancy.

**27. ADDITIONAL PROVISIONS; DISCLOSURES.**   This Agreement is submitted with Lessor's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards dated dated 9/25/2017 attached hereto and forming part of this lease.

**28. PARKING LOT**.   Lessee shall have full use and access to all parking lot(s) and/or facilities on the Premises. Lessor is responsible for all maintenance and repairs of the parking lot(s).

**IN WITNESS WHEREOF**, Lessor and Lessee have each executed this Lease Agreement as of the date first above written:

**Lessor(s):**

By: _Joshua Bruno_

Name: **635 N Scott St., LLC**

Date: 9/25/2017

**Lessee:**

By: _Arthur Chang_

Name: **Sonder, USA, Inc.**

Date: 9/25/2017

5

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

## LEASE AGREEMENT

**THIS LEASE AGREEMENT** (hereinafter referred to as the "Lease") is made and entered into as of _9/25/2017_ ,(the "Effective Date"), by and between, **635 N Scott St., LLC ("Lessor")**, a Louisiana limited liability company and **Sonder USA, Inc. ("Lessee")**, a Delaware Corporation.

## W I T N E S S E T H :

**WHEREAS**, Lessor is the fee owner of certain real property, situated in Orleans Parish, Louisiana, such real property having a municipal street address of **635 N. Scott Street, New Orleans, La 70119**.

**WHEREAS**, Lessor agrees to lease to Lessee the Residential Unit located at **635 N. Scott Street, New Orleans, La 70119** (hereinafter referred to as the ("Premises").

**NOW, THEREFORE,** for and in consideration of the covenants and obligations contained herein, the parties hereto hereby agree as follows:

1. **PREMISES DEFINED.** The provisions of this agreement pertain exclusively to a total of one (1) residential apartment unit, **Unit 4** (hereinafter referred to as "Unit").

2. **TERM.** Five (5) years commencing on **August 1, 2018** ("Commencement Date") and ending at 11:59 PM on **July 31, 2023**.

3. **RENT.** The monthly rent shall be **One Thousand Five Hundred Dollars ($1,500)** for the initial lease year. All such payments shall be payable in advance on or before the first (1st) day of each month to Lessor via ACH wire transfer and without demand.

4. **RENT ABATEMENT.** Lessee shall be provided **three (3) months** of rent abatement upon occurrence of the Commencement Date.

5. **RENT INCREASE.** Beginning on the second anniversary of the rental commencement date, and each anniversary thereafter, the annual rent shall escalate by a maximum of two percent (2%).

6. **RENEWAL.** Lessee shall be provided a single five (5) year renewal option, per the terms and conditions of the last year of the initial lease term.

7. **LATE CHARGE.** In the event that any payment is not made within five (5) calendar days of when due, Lessee shall pay to Lessor a "late fee" in the amount of 10% of amount owed. Delinquent amounts shall bear interest from the date due until paid at the lesser of (i) 12% per

annum or (ii) the maximum rate allowed by Louisiana Law. Lessor's acceptance of these fees shall not constitute a waiver or relinquishment of any of the other rights or remedies of Lessor.

**8. ACCESS.**   Lessee may alter, re-key, and install electronic keyless door locks at the Premises.  Lessee will provide Lessor with keys or codes capable of unlocking all such re-keyed new locks. All door locks and keys shall be returned upon vacating the Premises.

**9. PERMITTED USE.**   Lessee intends to operate its business as "Short Term Rentals" as defined and permitted under the New Orleans Comprehensive Zoning Ordinance. Lessor agrees that Lessee's obligations to perform under this Lease are contingent upon Lessee's ability to remain compliant with all statutes, codes, ordinances, orders, rules and regulations ("Laws") of any municipal or governmental entity whether in effect now or later, including the New Orleans Comprehensive Zoning Ordinance, authorizing or permitting Lessee's use of the Premises.

**10. ASSIGNMENT AND SUBLETTING.**   Lessor acknowledges and agrees that Lessee's operations entail renting and then subletting Lessor's units for periods ranging from less than 30 days to 12 months. As such, Lessee may enter into various sublease agreements of any duration concerning the units, without having to give Lessor notice of its intention to sublease and without having to obtain Lessor's consent to sublease the units, and Lessor hereby agrees to such subleases.

**11. TAXES.**   Lessor shall pay (a.) all real property taxes and assessments on the Premises; (b.) all personal property taxes for property that is owned by Lessor and used in connection with the operation, maintenance and repair of the Premises; and c.) all costs and fees incurred in connection with seeking reductions in any tax liabilities described in (a.) and (b.), including, without limitation, any costs incurred by Lessor for compliance, review and appeal of tax liabilities. Lessee shall pay all business taxes, licenses, and fees levied or imposed by any governmental authority upon the Premises and/or business operations and activities of Lessee at the Premises, including without limitation, taxes and fees related to the operation of Short Term Rentals under the New Orleans Comprehensive Zoning Ordinance, any hotel/motel taxes, and the fees for occupational licenses and occupancy permits assessed by the City of New Orleans.

**12. INSURANCE.**   Lessor shall maintain Commercial General Liability insurance against claims for personal injury, death or property damage arising from or relating to the Premises, and property insurance insuring the Premises against loss, damage or rental interruption as Lessor reasonably may require, for the full replacement cost of the Premises (including all construction and improvements thereon), without limitation, replacement cost endorsement, agreed value endorsement, and vandalism and malicious mischief endorsements; flood, wind, and fire insurance; and umbrella excess liability insurance in such amounts as Lessor reasonably may require. Lessor shall further ensure that Lessee is added as an additional insured on the Lessor insurance policy or policies by endorsement, which endorsement shall remain in effect for the entire term of the Lease.
Lessee shall maintain a policy of Commercial General Liability (bodily injury and Property damage) insurance, insuring against liability arising on the Premises and out of the ownership, use, occupancy or maintenance of the Premises, or the business



2

conducted on the Premises, including liability arising from the negligence or other fault of all insureds, including Lessee and Lessee's guests, and additional insured parties (the "Liability Policy"). Lessor shall be an additional insured under the Liability Policy. The Liability Policy shall be a commercial-grade one million dollar property liability policy with four million dollar excess liability coverage, and shall be primary as to all additional insureds.

**13. UTILITIES AND SERVICES.**   Lessor shall pay directly for all utilities and services supplied to the Premises including Wi-Fi, with the exception of individual Unit electric and cable TV. Lessee will reimburse Lessor for master water and gas charges and Lessor shall make available all documentation of such charges to Lessee for reconciliation and adjustment(s) on an annual basis. After receiving the results of a reconciliation and adjustment(s), Lessee may dispute the results within thirty (30) days by providing written notice to the Lessor of Lessee's intent to exercise its audit rights.

**14. GROUNDS MAINTENANCE**  Lessor shall be responsible for the care and maintenance of the grounds including landscaping and refuse removal. Lessor shall arrange for regular maintenance thereof so as to keep and maintain the Premises in neat, clean and good condition.

**15. REPAIR AND MAINTENANCE.**   Lessor shall pay all expenses, costs, and amounts of every kind or nature that Lessor incurs because of or in connection with the ownership, operation, management, maintenance, or repair of the Premises, and shall perform repairs necessary to maintain and keep the Premises and all components of it in good working order, suitable for residential use, including, without limitation, all electrical, mechanical, plumbing, fire/life safety, and other building systems of the Premises.  Lessee, at Lessee's expense, shall immediately repair all damage to the Premises caused by Lessee or by Lessee's agents, employees, invitees or customers or damage that, due to the anticipated short term rentals, exceeds the wear and tear attributable to normal single-tenant residential apartment use. If a maintenance issue for which Lessor is responsible arises, Lessee shall contact the Lessor promptly and the Lessor shall promptly provide such maintenance. In the event an urgent (or potentially urgent) maintenance issue arises, Lessee may carry out such maintenance, using Lessor's preferred contractor or employee, if any, and deduct all reasonably incurred expenses from the next rent payment coming due, provided that (a.) The repairs were necessary, (b.) Lessor failed to act within a reasonable time after being notified and (c.) the price paid was reasonable.

**16. LESSOR ENTRY.**   Lessor may enter the Premises to perform or facilitate preventative maintenance, repairs, alterations, additions or capital improvements to the Premises. Except in emergencies, Lessor shall provide Lessee with reasonable prior notice of entry and shall use reasonable efforts to minimize any interference with use of the Premises.

**17. SIGNAGE.**   Lessee may install, at Lessee's expense, signage on the Premises.  The size, design and manner of installation of all signs by Lessee shall be subject to the prior written approval of Lessor. Any permitted signs shall be maintained in compliance with applicable

3



governmental rules and regulations governing such signs. Lessee shall be responsible to Lessor for any damage caused by the installation, use or maintenance of said signs.

**18. HAZARDOUS MATERIALS**.   Lessee shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

**19. ANIMALS.**   No Pets are allowed on the Premises.

**20. NOTICE.**   Any notice required or permitted under this Lease or under state law shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

> If to Lessor to:
> **635 N. Scott St., LLC**
> **147 Carondelet Street, Suite 1137**
> **New Orleans, La 70130**
>
> If to Lessee To:
> **Sonder USA, Inc.**
> **5600 Jefferson Highway, Suite 278**
> **Elmwood, LA 70112**

**21. EXCLUSIVE RIGHT(s).**   Lessor grants Lessee the exclusive right(s) of the Permitted Use(s) of the above stated Premises, subject to the terms and conditions of this Lease. The provisions of this Section shall (unless extended in writing by the Parties) automatically terminate as of the expiration of this Lease.

**22. GOVERNING LAW AND JURISDICTION.**   The parties to this Lease understand and agree that the provisions of this lease, between them, has the effect of law, but in reference to matters for which this lease does not provide, this Lease shall be governed by and construed in accordance with the Ordinances of the City of New Orleans, the laws of the State of Louisiana and the federal laws of the United States; and irrevocably submit to the exclusive jurisdiction of the courts of competent jurisdiction in the State of Louisiana with respect to all matters relating to this agreement.

**23. CASUALTY AND FORCE MAJEURE.**   If any of the Premises is destroyed or materially damaged by fire or other unforeseen event (Force Majeure) not due to any fault or neglect of Lessee, and thus becomes wholly unfit for occupancy, then Lessee shall be entitled to an abatement of rent for the entire period during which the Premises is unfit for occupancy. Lessee may thereupon also choose to terminate this lease as of the date of the casualty.

**24. WARRANTY.**   Lessor warrants that the Premises are in good condition, unless



4

otherwise noted. Lessee acknowledges that he has been provided the opportunity to inspect the Premises and accepts it in its current condition and agrees to keep it in same condition during the term of this lease at his expense and return it to Lessor in the same or better condition at termination of this lease, normal decay, wear and tear excepted.

**25. MODIFICATION.**   The parties hereby agree that this document contains the entire agreement between the parties and this Lease shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

**26. SURRENDER AND HOLD OVER.**   On the expiration date, Lessee shall surrender to Lessor the Premises and all alterations in a first class and clean condition, less any normal wear and tear, free of trash and debris. If Lessee with Lessor's consent, remains in possession of the Premises after the Expiration Date, such possession by Lessee  shall be deemed to be a month-to-month tenancy terminable on 30-days' written notice given at any time by Lessor or Lessee. All provisions of this Lease except for those pertaining to Term shall apply to any such tenancy.

**27. ADDITIONAL PROVISIONS; DISCLOSURES.**   This Agreement is submitted with Lessor's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards dated dated_____attached hereto and forming part of this lease.

**28. PARKING LOT**.   Lessee shall have full use and access to all parking lot(s) and/or facilities on the Premises. Lessor is responsible for all maintenance and repairs of the parking lot(s).

      **IN WITNESS WHEREOF**, Lessor and Lessee have each executed this Lease Agreement as of the date first above written:

**Lessor(s):**

By: _Joshua Bruno_____
      3F331841805B427...

Name: **635 N Scott St., LLC**
Date: 9/25/2017 _____

**Lessee:**

By: _Arthur Chang_____
      1FC4910EA7C6424...

Name: **Sonder, USA, Inc.**
Date: 9/25/2017 _____

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

## LEASE AGREEMENT

      **THIS LEASE AGREEMENT** (hereinafter referred to as the "Lease") is made and entered into as of _____9/25/2017_____,(the "Effective Date"), by and between, **635 N Scott St., LLC ("Lessor")**, a Louisiana limited liability company and **Sonder USA, Inc. ("Lessee")**, a Delaware Corporation.

## W I T N E S S E T H :

      **WHEREAS**, Lessor is the fee owner of certain real property, situated in Orleans Parish, Louisiana, such real property having a municipal street address of **635 N. Scott Street, New Orleans, La 70119**.

      **WHEREAS**, Lessor agrees to lease to Lessee the Residential Unit located at **635 N. Scott Street, New Orleans, La 70119** (hereinafter referred to as the ("Premises").

      **NOW, THEREFORE,** for and in consideration of the covenants and obligations contained herein, the parties hereto hereby agree as follows:

    **1.  PREMISES DEFINED.**   The provisions of this agreement pertain exclusively to a total of one (1) residential apartment unit, **Unit 5** (hereinafter referred to as  "Unit").

    **2.  TERM.**   Five (5) years commencing on **November 1, 2017** ("Commencement Date") and ending at 11:59 PM on **October 31, 2022**.

    **3.  RENT.**   The monthly rent shall be **One Thousand Five Hundred Dollars ($1,500)** for the initial lease year. All such payments shall be payable in advance on or before the first (1st) day of each month to Lessor via ACH wire transfer and without demand.

    **4.  RENT ABATEMENT.**   Lessee shall be provided **three (3) months** of rent abatement upon occurrence of the Commencement Date.

    **5.  RENT INCREASE.**   Beginning on the second anniversary of the rental commencement date, and each anniversary thereafter, the annual rent shall escalate by a maximum of two percent (2%).

    **6.  RENEWAL.**   Lessee shall be provided a single five (5) year renewal option, per the terms and conditions of the last year of the initial lease term.

    **7.  LATE CHARGE.**   In the event that any payment is not made within five (5) calendar days of when due, Lessee shall pay to Lessor a "late fee" in the amount of 10% of amount owed. Delinquent amounts shall bear interest from the date due until paid at the lesser of (i) 12% per

DocuSign Envelope ID: 913712C1-DF68-4030-AC8B-9DEF43A4E234

annum or (ii) the maximum rate allowed by Louisiana Law. Lessor's acceptance of these fees shall not constitute a waiver or relinquishment of any of the other rights or remedies of Lessor.

**8.   ACCESS.**   Lessee may alter, re-key, and install electronic keyless door locks at the Premises.  Lessee will provide Lessor with keys or codes capable of unlocking all such re-keyed new locks. All door locks and keys shall be returned upon vacating the Premises.

**9.   PERMITTED USE.**   Lessee intends to operate its business as "Short Term Rentals" as defined and permitted under the New Orleans Comprehensive Zoning Ordinance. Lessor agrees that Lessee's obligations to perform under this Lease are contingent upon Lessee's ability to remain compliant with all statutes, codes, ordinances, orders, rules and regulations ("Laws") of any municipal or governmental entity whether in effect now or later, including the New Orleans Comprehensive Zoning Ordinance, authorizing or permitting Lessee's use of the Premises.

**10. ASSIGNMENT AND SUBLETTING.**   Lessor acknowledges and agrees that Lessee's operations entail renting and then subletting Lessor's units for periods ranging from less than 30 days to 12 months. As such, Lessee may enter into various sublease agreements of any duration concerning the units, without having to give Lessor notice of its intention to sublease and without having to obtain Lessor's consent to sublease the units, and Lessor hereby agrees to such subleases.

**11. TAXES.**   Lessor shall pay (a.) all real property taxes and assessments on the Premises; (b.) all personal property taxes for property that is owned by Lessor and used in connection with the operation, maintenance and repair of the Premises; and c.) all costs and fees incurred in connection with seeking reductions in any tax liabilities described in (a.) and (b.), including, without limitation, any costs incurred by Lessor for compliance, review and appeal of tax liabilities. Lessee shall pay all business taxes, licenses, and fees levied or imposed by any governmental authority upon the Premises and/or business operations and activities of Lessee at the Premises, including without limitation, taxes and fees related to the operation of Short Term Rentals under the New Orleans Comprehensive Zoning Ordinance, any hotel/motel taxes, and the fees for occupational licenses and occupancy permits assessed by the City of New Orleans.

**12.  INSURANCE.**   Lessor shall maintain Commercial General Liability insurance against claims for personal injury, death or property damage arising from or relating to the Premises, and property insurance insuring the Premises against loss, damage or rental interruption as Lessor reasonably may require, for the full replacement cost of the Premises (including all construction and improvements thereon), without limitation, replacement cost endorsement, agreed value endorsement, and vandalism and malicious mischief endorsements; flood, wind, and fire insurance; and umbrella excess liability insurance in such amounts as Lessor reasonably may require. Lessor shall further ensure that Lessee is added as an additional insured on the Lessor insurance policy or policies by endorsement, which endorsement shall remain in effect for the entire term of the Lease.
Lessee shall maintain a policy of Commercial General Liability (bodily injury and Property damage) insurance, insuring against liability arising on the Premises and out of the ownership, use, occupancy or maintenance of the Premises, or the business



2

conducted on the Premises, including liability arising from the negligence or other fault of all insureds, including Lessee and Lessee's guests, and additional insured parties (the "Liability Policy"). Lessor shall be an additional insured under the Liability Policy. The Liability Policy shall be a commercial-grade one million dollar property liability policy with four million dollar excess liability coverage, and shall be primary as to all additional insureds.

**13. UTILITIES AND SERVICES.**   Lessor shall pay directly for all utilities and services supplied to the Premises including Wi-Fi, with the exception of individual Unit electric and cable TV. Lessee will reimburse Lessor for master water and gas charges and Lessor shall make available all documentation of such charges to Lessee for reconciliation and adjustment(s) on an annual basis. After receiving the results of a reconciliation and adjustment(s), Lessee may dispute the results within thirty (30) days by providing written notice to the Lessor of Lessee's intent to exercise its audit rights.

**14. GROUNDS MAINTENANCE**   Lessor shall be responsible for the care and maintenance of the grounds including landscaping and refuse removal. Lessor shall arrange for regular maintenance thereof so as to keep and maintain the Premises in neat, clean and good condition.

**15. REPAIR AND MAINTENANCE.**   Lessor shall pay all expenses, costs, and amounts of every kind or nature that Lessor incurs because of or in connection with the ownership, operation, management, maintenance, or repair of the Premises, and shall perform repairs necessary to maintain and keep the Premises and all components of it in good working order, suitable for residential use, including, without limitation, all electrical, mechanical, plumbing, fire/life safety, and other building systems of the Premises.  Lessee, at Lessee's expense, shall immediately repair all damage to the Premises caused by Lessee or by Lessee's agents, employees, invitees or customers or damage that, due to the anticipated short term rentals, exceeds the wear and tear attributable to normal single-tenant residential apartment use. If a maintenance issue for which Lessor is responsible arises, Lessee shall contact the Lessor promptly and the Lessor shall promptly provide such maintenance. In the event an urgent (or potentially urgent) maintenance issue arises, Lessee may carry out such maintenance, using Lessor's preferred contractor or employee, if any, and deduct all reasonably incurred expenses from the next rent payment coming due, provided that (a.) The repairs were necessary, (b.) Lessor failed to act within a reasonable time after being notified and (c.) the price paid was reasonable.

**16. LESSOR ENTRY.**   Lessor may enter the Premises to perform or facilitate preventative maintenance, repairs, alterations, additions or capital improvements to the Premises. Except in emergencies, Lessor shall provide Lessee with reasonable prior notice of entry and shall use reasonable efforts to minimize any interference with use of the Premises.

**17. SIGNAGE.**   Lessee may install, at Lessee's expense, signage on the Premises.  The size, design and manner of installation of all signs by Lessee shall be subject to the prior written approval of Lessor. Any permitted signs shall be maintained in compliance with applicable



governmental rules and regulations governing such signs. Lessee shall be responsible to Lessor for any damage caused by the installation, use or maintenance of said signs.

**18. HAZARDOUS MATERIALS**.   Lessee shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

**19. ANIMALS.**   No Pets are allowed on the Premises.

**20. NOTICE.**   Any notice required or permitted under this Lease or under state law shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

> If to Lessor to:
> **635 N. Scott St., LLC**
> **147 Carondelet Street, Suite 1137**
> **New Orleans, La 70130**
>
> If to Lessee To:
> **Sonder USA, Inc.**
> **5600 Jefferson Highway, Suite 278**
> **Elmwood, LA 70112**

**21. EXCLUSIVE RIGHT(s).**   Lessor grants Lessee the exclusive right(s) of the Permitted Use(s) of the above stated Premises, subject to the terms and conditions of this Lease. The provisions of this Section shall (unless extended in writing by the Parties) automatically terminate as of the expiration of this Lease.

**22. GOVERNING LAW AND JURISDICTION.**   The parties to this Lease understand and agree that the provisions of this lease, between them, has the effect of law, but in reference to matters for which this lease does not provide, this Lease shall be governed by and construed in accordance with the Ordinances of the City of New Orleans, the laws of the State of Louisiana and the federal laws of the United States; and irrevocably submit to the exclusive jurisdiction of the courts of competent jurisdiction in the State of Louisiana with respect to all matters relating to this agreement.

**23. CASUALTY AND FORCE MAJEURE.**   If any of the Premises is destroyed or materially damaged by fire or other unforeseen event (Force Majeure) not due to any fault or neglect of Lessee, and thus becomes wholly unfit for occupancy, then Lessee shall be entitled to an abatement of rent for the entire period during which the Premises is unfit for occupancy. Lessee may thereupon also choose to terminate this lease as of the date of the casualty.

**24. WARRANTY.**   Lessor warrants that the Premises are in good condition, unless



4

otherwise noted. Lessee acknowledges that he has been provided the opportunity to inspect the Premises and accepts it in its current condition and agrees to keep it in same condition during the term of this lease at his expense and return it to Lessor in the same or better condition at termination of this lease, normal decay, wear and tear excepted.

**25. MODIFICATION.**   The parties hereby agree that this document contains the entire agreement between the parties and this Lease shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

**26. SURRENDER AND HOLD OVER.**   On the expiration date, Lessee shall surrender to Lessor the Premises and all alterations in a first class and clean condition, less any normal wear and tear, free of trash and debris. If Lessee with Lessor's consent, remains in possession of the Premises after the Expiration Date, such possession by Lessee  shall be deemed to be a month-to-month tenancy terminable on 30-days' written notice given at any time by Lessor or Lessee. All provisions of this Lease except for those pertaining to Term shall apply to any such tenancy.

**27. ADDITIONAL PROVISIONS; DISCLOSURES.**   This Agreement is submitted with Lessor's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards dated dated_____9/25/2017_____attached hereto and forming part of this lease.

**28. PARKING LOT**.   Lessee shall have full use and access to all parking lot(s) and/or facilities on the Premises. Lessor is responsible for all maintenance and repairs of the parking lot(s).

   **IN WITNESS WHEREOF**, Lessor and Lessee have each executed this Lease Agreement as of the date first above written:

**Lessor(s):**

By: _Joshua Bruno_____
        DocuSigned by:
        3F331841805B427...

Name: **635 N Scott St., LLC**
Date: ____9/25/2017____

**Lessee:**

By: _Arthur Chang_____
        DocuSigned by:
        1FC4910EA7C6424...

Name: **Sonder, USA, Inc.**
Date: ____9/25/2017____

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

## LEASE AGREEMENT

      **THIS LEASE AGREEMENT** (hereinafter referred to as the "Lease") is made and entered into as of _____9/25/2017_____,(the "Effective Date"), by and between, **635 N Scott St., LLC ("Lessor")**, a Louisiana limited liability company and **Sonder USA, Inc. ("Lessee")**, a Delaware Corporation.

## W I T N E S S E T H :

      **WHEREAS**, Lessor is the fee owner of certain real property, situated in Orleans Parish, Louisiana, such real property having a municipal street address of **635 N. Scott Street, New Orleans, La 70119**.

      **WHEREAS**, Lessor agrees to lease to Lessee the Residential Unit located at **635 N. Scott Street, New Orleans, La 70119** (hereinafter referred to as the ("Premises").

      **NOW, THEREFORE,** for and in consideration of the covenants and obligations contained herein, the parties hereto hereby agree as follows:

    **1.   PREMISES DEFINED.**   The provisions of this agreement pertain exclusively to a total of one (1) residential apartment unit, **Unit 6** (hereinafter referred to as  "Unit").

    **2.   TERM.**   Five (5) years commencing on **September 1, 2018** ("Commencement Date") and ending at 11:59 PM on **August 31, 2023**.

    **3.   RENT.**   The monthly rent shall be **One Thousand Five Hundred Dollars ($1,500)** for the initial lease year. All such payments shall be payable in advance on or before the first (1st) day of each month to Lessor via ACH wire transfer and without demand.

    **4.   RENT ABATEMENT.**   Lessee shall be provided **three (3) months** of rent abatement upon occurrence of the Commencement Date.

    **5.   RENT INCREASE.**   Beginning on the second anniversary of the rental commencement date, and each anniversary thereafter, the annual rent shall escalate by a maximum of two percent (2%).

    **6.   RENEWAL.**   Lessee shall be provided a single five (5) year renewal option, per the terms and conditions of the last year of the initial lease term.

    **7.   LATE CHARGE.**   In the event that any payment is not made within five (5) calendar days of when due, Lessee shall pay to Lessor a "late fee" in the amount of 10% of amount owed. Delinquent amounts shall bear interest from the date due until paid at the lesser of (i) 12% per

annum or (ii) the maximum rate allowed by Louisiana Law. Lessor's acceptance of these fees shall not constitute a waiver or relinquishment of any of the other rights or remedies of Lessor.

**8.   ACCESS.**   Lessee may alter, re-key, and install electronic keyless door locks at the Premises.  Lessee will provide Lessor with keys or codes capable of unlocking all such re-keyed new locks. All door locks and keys shall be returned upon vacating the Premises.

**9.   PERMITTED USE.**   Lessee intends to operate its business as "Short Term Rentals" as defined and permitted under the New Orleans Comprehensive Zoning Ordinance. Lessor agrees that Lessee's obligations to perform under this Lease are contingent upon Lessee's ability to remain compliant with all statutes, codes, ordinances, orders, rules and regulations ("Laws") of any municipal or governmental entity whether in effect now or later, including the New Orleans Comprehensive Zoning Ordinance, authorizing or permitting Lessee's use of the Premises.

**10. ASSIGNMENT AND SUBLETTING.**   Lessor acknowledges and agrees that Lessee's operations entail renting and then subletting Lessor's units for periods ranging from less than 30 days to 12 months. As such, Lessee may enter into various sublease agreements of any duration concerning the units, without having to give Lessor notice of its intention to sublease and without having to obtain Lessor's consent to sublease the units, and Lessor hereby agrees to such subleases.

**11. TAXES.**   Lessor shall pay (a.) all real property taxes and assessments on the Premises; (b.) all personal property taxes for property that is owned by Lessor and used in connection with the operation, maintenance and repair of the Premises; and c.) all costs and fees incurred in connection with seeking reductions in any tax liabilities described in (a.) and (b.), including, without limitation, any costs incurred by Lessor for compliance, review and appeal of tax liabilities. Lessee shall pay all business taxes, licenses, and fees levied or imposed by any governmental authority upon the Premises and/or business operations and activities of Lessee at the Premises, including without limitation, taxes and fees related to the operation of Short Term Rentals under the New Orleans Comprehensive Zoning Ordinance, any hotel/motel taxes, and the fees for occupational licenses and occupancy permits assessed by the City of New Orleans.

**12. INSURANCE.**   Lessor shall maintain Commercial General Liability insurance against claims for personal injury, death or property damage arising from or relating to the Premises, and property insurance insuring the Premises against loss, damage or rental interruption as Lessor reasonably may require, for the full replacement cost of the Premises (including all construction and improvements thereon), without limitation, replacement cost endorsement, agreed value endorsement, and vandalism and malicious mischief endorsements; flood, wind, and fire insurance; and umbrella excess liability insurance in such amounts as Lessor reasonably may require. Lessor shall further ensure that Lessee is added as an additional insured on the Lessor insurance policy or policies by endorsement, which endorsement shall remain in effect for the entire term of the Lease.
Lessee shall maintain a policy of Commercial General Liability (bodily injury and Property damage) insurance, insuring against liability arising on the Premises and out of the ownership, use, occupancy or maintenance of the Premises, or the business

conducted on the Premises, including liability arising from the negligence or other fault of all insureds, including Lessee and Lessee's guests, and additional insured parties (the "Liability Policy"). Lessor shall be an additional insured under the Liability Policy. The Liability Policy shall be a commercial-grade one million dollar property liability policy with four million dollar excess liability coverage, and shall be primary as to all additional insureds.

**13. UTILITIES AND SERVICES.**   Lessor shall pay directly for all utilities and services supplied to the Premises including Wi-Fi, with the exception of individual Unit electric and cable TV. Lessee will reimburse Lessor for master water and gas charges and Lessor shall make available all documentation of such charges to Lessee for reconciliation and adjustment(s) on an annual basis. After receiving the results of a reconciliation and adjustment(s), Lessee may dispute the results within thirty (30) days by providing written notice to the Lessor of Lessee's intent to exercise its audit rights.

**14. GROUNDS MAINTENANCE**  Lessor shall be responsible for the care and maintenance of the grounds including landscaping and refuse removal. Lessor shall arrange for regular maintenance thereof so as to keep and maintain the Premises in neat, clean and good condition.

**15. REPAIR AND MAINTENANCE.**   Lessor shall pay all expenses, costs, and amounts of every kind or nature that Lessor incurs because of or in connection with the ownership, operation, management, maintenance, or repair of the Premises, and shall perform repairs necessary to maintain and keep the Premises and all components of it in good working order, suitable for residential use, including, without limitation, all electrical, mechanical, plumbing, fire/life safety, and other building systems of the Premises.  Lessee, at Lessee's expense, shall immediately repair all damage to the Premises caused by Lessee or by Lessee's agents, employees, invitees or customers or damage that, due to the anticipated short term rentals, exceeds the wear and tear attributable to normal single-tenant residential apartment use. If a maintenance issue for which Lessor is responsible arises, Lessee shall contact the Lessor promptly and the Lessor shall promptly provide such maintenance. In the event an urgent (or potentially urgent) maintenance issue arises, Lessee may carry out such maintenance, using Lessor's preferred contractor or employee, if any, and deduct all reasonably incurred expenses from the next rent payment coming due, provided that (a.) The repairs were necessary, (b.) Lessor failed to act within a reasonable time after being notified and (c.) the price paid was reasonable.

**16. LESSOR ENTRY.**   Lessor may enter the Premises to perform or facilitate preventative maintenance, repairs, alterations, additions or capital improvements to the Premises. Except in emergencies, Lessor shall provide Lessee with reasonable prior notice of entry and shall use reasonable efforts to minimize any interference with use of the Premises.

**17. SIGNAGE.**   Lessee may install, at Lessee's expense, signage on the Premises.  The size, design and manner of installation of all signs by Lessee shall be subject to the prior written approval of Lessor. Any permitted signs shall be maintained in compliance with applicable

governmental rules and regulations governing such signs. Lessee shall be responsible to Lessor for any damage caused by the installation, use or maintenance of said signs.

**18. HAZARDOUS MATERIALS**.  Lessee shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

**19. ANIMALS.**  No Pets are allowed on the Premises.

**20. NOTICE.**  Any notice required or permitted under this Lease or under state law shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

       If to Lessor to:
       **635 N. Scott St., LLC**
       **147 Carondelet Street, Suite 1137**
       **New Orleans, La 70130**

       If to Lessee To:
       **Sonder USA, Inc.**
       **5600 Jefferson Highway, Suite 278**
       **Elmwood, LA 70112**

**21. EXCLUSIVE RIGHT(s).**  Lessor grants Lessee the exclusive right(s) of the Permitted Use(s) of the above stated Premises, subject to the terms and conditions of this Lease. The provisions of this Section shall (unless extended in writing by the Parties) automatically terminate as of the expiration of this Lease.

**22. GOVERNING LAW AND JURISDICTION.**  The parties to this Lease understand and agree that the provisions of this lease, between them, has the effect of law, but in reference to matters for which this lease does not provide, this Lease shall be governed by and construed in accordance with the Ordinances of the City of New Orleans, the laws of the State of Louisiana and the federal laws of the United States; and irrevocably submit to the exclusive jurisdiction of the courts of competent jurisdiction in the State of Louisiana with respect to all matters relating to this agreement.

**23. CASUALTY AND FORCE MAJEURE.**  If any of the Premises is destroyed or materially damaged by fire or other unforeseen event (Force Majeure) not due to any fault or neglect of Lessee, and thus becomes wholly unfit for occupancy, then Lessee shall be entitled to an abatement of rent for the entire period during which the Premises is unfit for occupancy. Lessee may thereupon also choose to terminate this lease as of the date of the casualty.

**24. WARRANTY.**  Lessor warrants that the Premises are in good condition, unless

otherwise noted. Lessee acknowledges that he has been provided the opportunity to inspect the Premises and accepts it in its current condition and agrees to keep it in same condition during the term of this lease at his expense and return it to Lessor in the same or better condition at termination of this lease, normal decay, wear and tear excepted.

**25. MODIFICATION.**   The parties hereby agree that this document contains the entire agreement between the parties and this Lease shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

**26. SURRENDER AND HOLD OVER.**   On the expiration date, Lessee shall surrender to Lessor the Premises and all alterations in a first class and clean condition, less any normal wear and tear, free of trash and debris. If Lessee with Lessor's consent, remains in possession of the Premises after the Expiration Date, such possession by Lessee  shall be deemed to be a month-to-month tenancy terminable on 30-days' written notice given at any time by Lessor or Lessee. All provisions of this Lease except for those pertaining to Term shall apply to any such tenancy.

**27. ADDITIONAL PROVISIONS; DISCLOSURES.**   This Agreement is submitted with Lessor's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards dated dated 9/25/2017 attached hereto and forming part of this lease.

**28. PARKING LOT**.   Lessee shall have full use and access to all parking lot(s) and/or facilities on the Premises. Lessor is responsible for all maintenance and repairs of the parking lot(s).

**IN WITNESS WHEREOF**, Lessor and Lessee have each executed this Lease Agreement as of the date first above written:

**Lessor(s):**

By: _Joshua Bruno_
DocuSign by:
3F331841805B427...

Name: **635 N Scott St., LLC**
Date: 9/25/2017

**Lessee:**

By: _Arthur Chang_
DocuSign by:
1FC4910EA7C6424...

Name: **Sonder, USA, Inc.**
Date: 9/25/2017

5

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

## LEASE AGREEMENT

      **THIS LEASE AGREEMENT** (hereinafter referred to as the "Lease") is made and entered into as of _____9/25/2017_____,(the "Effective Date"), by and between, **635 N Scott St., LLC ("Lessor")**, a Louisiana limited liability company and **Sonder USA, Inc. ("Lessee")**, a Delaware Corporation.

## W I T N E S S E T H :

      **WHEREAS**, Lessor is the fee owner of certain real property, situated in Orleans Parish, Louisiana, such real property having a municipal street address of **635 N. Scott Street, New Orleans, La 70119**.

      **WHEREAS**, Lessor agrees to lease to Lessee the Residential Unit located at **635 N. Scott Street, New Orleans, La 70119** (hereinafter referred to as the ("Premises").

      **NOW, THEREFORE,** for and in consideration of the covenants and obligations contained herein, the parties hereto hereby agree as follows:

    **1.  PREMISES DEFINED.**   The provisions of this agreement pertain exclusively to a total of one (1) residential apartment unit, **Unit 7** (hereinafter referred to as  "Unit").

    **2.  TERM.**   Five (5) years commencing on **November 1, 2017** ("Commencement Date") and ending at 11:59 PM on **October 31, 2022**.

    **3.  RENT.**   The monthly rent shall be **One Thousand Five Hundred Dollars ($1,500)** for the initial lease year. All such payments shall be payable in advance on or before the first (1st) day of each month to Lessor via ACH wire transfer and without demand.

    **4.  RENT ABATEMENT.**   Lessee shall be provided **three (3) months** of rent abatement upon occurrence of the Commencement Date.

    **5.  RENT INCREASE.**   Beginning on the second anniversary of the rental commencement date, and each anniversary thereafter, the annual rent shall escalate by a maximum of two percent (2%).

    **6.  RENEWAL.**   Lessee shall be provided a single five (5) year renewal option, per the terms and conditions of the last year of the initial lease term.

    **7.  LATE CHARGE.**   In the event that any payment is not made within five (5) calendar days of when due, Lessee shall pay to Lessor a "late fee" in the amount of 10% of amount owed. Delinquent amounts shall bear interest from the date due until paid at the lesser of (i) 12% per



annum or (ii) the maximum rate allowed by Louisiana Law. Lessor's acceptance of these fees shall not constitute a waiver or relinquishment of any of the other rights or remedies of Lessor.

**8. ACCESS.** Lessee may alter, re-key, and install electronic keyless door locks at the Premises. Lessee will provide Lessor with keys or codes capable of unlocking all such re-keyed new locks. All door locks and keys shall be returned upon vacating the Premises.

**9. PERMITTED USE.** Lessee intends to operate its business as "Short Term Rentals" as defined and permitted under the New Orleans Comprehensive Zoning Ordinance. Lessor agrees that Lessee's obligations to perform under this Lease are contingent upon Lessee's ability to remain compliant with all statutes, codes, ordinances, orders, rules and regulations ("Laws") of any municipal or governmental entity whether in effect now or later, including the New Orleans Comprehensive Zoning Ordinance, authorizing or permitting Lessee's use of the Premises.

**10. ASSIGNMENT AND SUBLETTING.** Lessor acknowledges and agrees that Lessee's operations entail renting and then subletting Lessor's units for periods ranging from less than 30 days to 12 months. As such, Lessee may enter into various sublease agreements of any duration concerning the units, without having to give Lessor notice of its intention to sublease and without having to obtain Lessor's consent to sublease the units, and Lessor hereby agrees to such subleases.

**11. TAXES.** Lessor shall pay (a.) all real property taxes and assessments on the Premises; (b.) all personal property taxes for property that is owned by Lessor and used in connection with the operation, maintenance and repair of the Premises; and c.) all costs and fees incurred in connection with seeking reductions in any tax liabilities described in (a.) and (b.), including, without limitation, any costs incurred by Lessor for compliance, review and appeal of tax liabilities. Lessee shall pay all business taxes, licenses, and fees levied or imposed by any governmental authority upon the Premises and/or business operations and activities of Lessee at the Premises, including without limitation, taxes and fees related to the operation of Short Term Rentals under the New Orleans Comprehensive Zoning Ordinance, any hotel/motel taxes, and the fees for occupational licenses and occupancy permits assessed by the City of New Orleans.

**12. INSURANCE.** Lessor shall maintain Commercial General Liability insurance against claims for personal injury, death or property damage arising from or relating to the Premises, and property insurance insuring the Premises against loss, damage or rental interruption as Lessor reasonably may require, for the full replacement cost of the Premises (including all construction and improvements thereon), without limitation, replacement cost endorsement, agreed value endorsement, and vandalism and malicious mischief endorsements; flood, wind, and fire insurance; and umbrella excess liability insurance in such amounts as Lessor reasonably may require. Lessor shall further ensure that Lessee is added as an additional insured on the Lessor insurance policy or policies by endorsement, which endorsement shall remain in effect for the entire term of the Lease.
Lessee shall maintain a policy of Commercial General Liability (bodily injury and Property damage) insurance, insuring against liability arising on the Premises and out of the ownership, use, occupancy or maintenance of the Premises, or the business

2

conducted on the Premises, including liability arising from the negligence or other fault of all insureds, including Lessee and Lessee's guests, and additional insured parties (the "Liability Policy"). Lessor shall be an additional insured under the Liability Policy. The Liability Policy shall be a commercial-grade one million dollar property liability policy with four million dollar excess liability coverage, and shall be primary as to all additional insureds.

**13. UTILITIES AND SERVICES.** Lessor shall pay directly for all utilities and services supplied to the Premises including Wi-Fi, with the exception of individual Unit electric and cable TV. Lessee will reimburse Lessor for master water and gas charges and Lessor shall make available all documentation of such charges to Lessee for reconciliation and adjustment(s) on an annual basis. After receiving the results of a reconciliation and adjustment(s), Lessee may dispute the results within thirty (30) days by providing written notice to the Lessor of Lessee's intent to exercise its audit rights.

**14. GROUNDS MAINTENANCE** Lessor shall be responsible for the care and maintenance of the grounds including landscaping and refuse removal. Lessor shall arrange for regular maintenance thereof so as to keep and maintain the Premises in neat, clean and good condition.

**15. REPAIR AND MAINTENANCE.** Lessor shall pay all expenses, costs, and amounts of every kind or nature that Lessor incurs because of or in connection with the ownership, operation, management, maintenance, or repair of the Premises, and shall perform repairs necessary to maintain and keep the Premises and all components of it in good working order, suitable for residential use, including, without limitation, all electrical, mechanical, plumbing, fire/life safety, and other building systems of the Premises. Lessee, at Lessee's expense, shall immediately repair all damage to the Premises caused by Lessee or by Lessee's agents, employees, invitees or customers or damage that, due to the anticipated short term rentals, exceeds the wear and tear attributable to normal single-tenant residential apartment use. If a maintenance issue for which Lessor is responsible arises, Lessee shall contact the Lessor promptly and the Lessor shall promptly provide such maintenance. In the event an urgent (or potentially urgent) maintenance issue arises, Lessee may carry out such maintenance, using Lessor's preferred contractor or employee, if any, and deduct all reasonably incurred expenses from the next rent payment coming due, provided that (a.) The repairs were necessary, (b.) Lessor failed to act within a reasonable time after being notified and (c.) the price paid was reasonable.

**16. LESSOR ENTRY.** Lessor may enter the Premises to perform or facilitate preventative maintenance, repairs, alterations, additions or capital improvements to the Premises. Except in emergencies, Lessor shall provide Lessee with reasonable prior notice of entry and shall use reasonable efforts to minimize any interference with use of the Premises.

**17. SIGNAGE.** Lessee may install, at Lessee's expense, signage on the Premises. The size, design and manner of installation of all signs by Lessee shall be subject to the prior written approval of Lessor. Any permitted signs shall be maintained in compliance with applicable



3

governmental rules and regulations governing such signs. Lessee shall be responsible to Lessor for any damage caused by the installation, use or maintenance of said signs.

**18. HAZARDOUS MATERIALS**.   Lessee shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

**19. ANIMALS.**   No Pets are allowed on the Premises.

**20. NOTICE.**   Any notice required or permitted under this Lease or under state law shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

> If to Lessor to:
> **635 N. Scott St., LLC**
> **147 Carondelet Street, Suite 1137**
> **New Orleans, La 70130**
>
> If to Lessee To:
> **Sonder USA, Inc.**
> **5600 Jefferson Highway, Suite 278**
> **Elmwood, LA 70112**

**21. EXCLUSIVE RIGHT(s).**   Lessor grants Lessee the exclusive right(s) of the Permitted Use(s) of the above stated Premises, subject to the terms and conditions of this Lease. The provisions of this Section shall (unless extended in writing by the Parties) automatically terminate as of the expiration of this Lease.

**22. GOVERNING LAW AND JURISDICTION.**   The parties to this Lease understand and agree that the provisions of this lease, between them, has the effect of law, but in reference to matters for which this lease does not provide, this Lease shall be governed by and construed in accordance with the Ordinances of the City of New Orleans, the laws of the State of Louisiana and the federal laws of the United States; and irrevocably submit to the exclusive jurisdiction of the courts of competent jurisdiction in the State of Louisiana with respect to all matters relating to this agreement.

**23. CASUALTY AND FORCE MAJEURE.**   If any of the Premises is destroyed or materially damaged by fire or other unforeseen event (Force Majeure) not due to any fault or neglect of Lessee, and thus becomes wholly unfit for occupancy, then Lessee shall be entitled to an abatement of rent for the entire period during which the Premises is unfit for occupancy. Lessee may thereupon also choose to terminate this lease as of the date of the casualty.

**24. WARRANTY.**   Lessor warrants that the Premises are in good condition, unless



4

otherwise noted. Lessee acknowledges that he has been provided the opportunity to inspect the Premises and accepts it in its current condition and agrees to keep it in same condition during the term of this lease at his expense and return it to Lessor in the same or better condition at termination of this lease, normal decay, wear and tear excepted.

**25. MODIFICATION.**   The parties hereby agree that this document contains the entire agreement between the parties and this Lease shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

**26. SURRENDER AND HOLD OVER.**   On the expiration date, Lessee shall surrender to Lessor the Premises and all alterations in a first class and clean condition, less any normal wear and tear, free of trash and debris. If Lessee with Lessor's consent, remains in possession of the Premises after the Expiration Date, such possession by Lessee  shall be deemed to be a month-to-month tenancy terminable on 30-days' written notice given at any time by Lessor or Lessee. All provisions of this Lease except for those pertaining to Term shall apply to any such tenancy.

**27. ADDITIONAL PROVISIONS; DISCLOSURES.**   This Agreement is submitted with Lessor's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards dated dated 9/25/2017 attached hereto and forming part of this lease.

**28. PARKING LOT**.   Lessee shall have full use and access to all parking lot(s) and/or facilities on the Premises. Lessor is responsible for all maintenance and repairs of the parking lot(s).

**IN WITNESS WHEREOF**, Lessor and Lessee have each executed this Lease Agreement as of the date first above written:

**Lessor(s):**

By: _Joshua Bruno_
3F331841805B427...

Name: **635 N Scott St., LLC**
Date: 9/25/2017

**Lessee:**

By: _Arthur Chang_
1FC4910EA7C6424...

Name: **Sonder, USA, Inc.**
Date: 9/25/2017

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

## LEASE AGREEMENT

      **THIS LEASE AGREEMENT** (hereinafter referred to as the "Lease") is made and entered into as of _9/25/2017_,(the "Effective Date"), by and between, **635 N Scott St., LLC ("Lessor")**, a Louisiana limited liability company and **Sonder USA, Inc. ("Lessee")**, a Delaware Corporation.

## W I T N E S S E T H :

      **WHEREAS**, Lessor is the fee owner of certain real property, situated in Orleans Parish, Louisiana, such real property having a municipal street address of **635 N. Scott Street, New Orleans, La 70119**.

      **WHEREAS**, Lessor agrees to lease to Lessee the Residential Unit located at **635 N. Scott Street, New Orleans, La 70119** (hereinafter referred to as the ("Premises").

      **NOW, THEREFORE,** for and in consideration of the covenants and obligations contained herein, the parties hereto hereby agree as follows:

    **1. PREMISES DEFINED.** The provisions of this agreement pertain exclusively to a total of one (1) residential apartment unit, **Unit 8** (hereinafter referred to as "Unit").

    **2. TERM.** Five (5) years commencing on **November 1, 2017** ("Commencement Date") and ending at 11:59 PM on **October 31, 2022**.

    **3. RENT.** The monthly rent shall be **Two Thousand Dollars ($2,000)** for the initial lease year. All such payments shall be payable in advance on or before the first (1st) day of each month to Lessor via ACH wire transfer and without demand.

    **4. RENT ABATEMENT.** Lessee shall be provided **three (3) months** of rent abatement upon occurrence of the Commencement Date.

    **5. RENT INCREASE.** Beginning on the second anniversary of the rental commencement date, and each anniversary thereafter, the annual rent shall escalate by a maximum of two percent (2%).

    **6. RENEWAL.** Lessee shall be provided a single five (5) year renewal option, per the terms and conditions of the last year of the initial lease term.

    **7. LATE CHARGE.** In the event that any payment is not made within five (5) calendar days of when due, Lessee shall pay to Lessor a "late fee" in the amount of 10% of amount owed. Delinquent amounts shall bear interest from the date due until paid at the lesser of (i) 12% per

annum or (ii) the maximum rate allowed by Louisiana Law. Lessor's acceptance of these fees shall not constitute a waiver or relinquishment of any of the other rights or remedies of Lessor.

**8. ACCESS.** Lessee may alter, re-key, and install electronic keyless door locks at the Premises. Lessee will provide Lessor with keys or codes capable of unlocking all such re-keyed new locks. All door locks and keys shall be returned upon vacating the Premises.

**9. PERMITTED USE.** Lessee intends to operate its business as "Short Term Rentals" as defined and permitted under the New Orleans Comprehensive Zoning Ordinance. Lessor agrees that Lessee's obligations to perform under this Lease are contingent upon Lessee's ability to remain compliant with all statutes, codes, ordinances, orders, rules and regulations ("Laws") of any municipal or governmental entity whether in effect now or later, including the New Orleans Comprehensive Zoning Ordinance, authorizing or permitting Lessee's use of the Premises.

**10. ASSIGNMENT AND SUBLETTING.** Lessor acknowledges and agrees that Lessee's operations entail renting and then subletting Lessor's units for periods ranging from less than 30 days to 12 months. As such, Lessee may enter into various sublease agreements of any duration concerning the units, without having to give Lessor notice of its intention to sublease and without having to obtain Lessor's consent to sublease the units, and Lessor hereby agrees to such subleases.

**11. TAXES.** Lessor shall pay (a.) all real property taxes and assessments on the Premises; (b.) all personal property taxes for property that is owned by Lessor and used in connection with the operation, maintenance and repair of the Premises; and c.) all costs and fees incurred in connection with seeking reductions in any tax liabilities described in (a.) and (b.), including, without limitation, any costs incurred by Lessor for compliance, review and appeal of tax liabilities. Lessee shall pay all business taxes, licenses, and fees levied or imposed by any governmental authority upon the Premises and/or business operations and activities of Lessee at the Premises, including without limitation, taxes and fees related to the operation of Short Term Rentals under the New Orleans Comprehensive Zoning Ordinance, any hotel/motel taxes, and the fees for occupational licenses and occupancy permits assessed by the City of New Orleans.

**12. INSURANCE.** Lessor shall maintain Commercial General Liability insurance against claims for personal injury, death or property damage arising from or relating to the Premises, and property insurance insuring the Premises against loss, damage or rental interruption as Lessor reasonably may require, for the full replacement cost of the Premises (including all construction and improvements thereon), without limitation, replacement cost endorsement, agreed value endorsement, and vandalism and malicious mischief endorsements; flood, wind, and fire insurance; and umbrella excess liability insurance in such amounts as Lessor reasonably may require. Lessor shall further ensure that Lessee is added as an additional insured on the Lessor insurance policy or policies by endorsement, which endorsement shall remain in effect for the entire term of the Lease.
Lessee shall maintain a policy of Commercial General Liability (bodily injury and Property damage) insurance, insuring against liability arising on the Premises and out of the ownership, use, occupancy or maintenance of the Premises, or the business



2

conducted on the Premises, including liability arising from the negligence or other fault of all insureds, including Lessee and Lessee's guests, and additional insured parties (the "Liability Policy"). Lessor shall be an additional insured under the Liability Policy. The Liability Policy shall be a commercial-grade one million dollar property liability policy with four million dollar excess liability coverage, and shall be primary as to all additional insureds.

**13. UTILITIES AND SERVICES.** Lessor shall pay directly for all utilities and services supplied to the Premises including Wi-Fi, with the exception of individual Unit electric and cable TV. Lessee will reimburse Lessor for master water and gas charges and Lessor shall make available all documentation of such charges to Lessee for reconciliation and adjustment(s) on an annual basis. After receiving the results of a reconciliation and adjustment(s), Lessee may dispute the results within thirty (30) days by providing written notice to the Lessor of Lessee's intent to exercise its audit rights.

**14. GROUNDS MAINTENANCE** Lessor shall be responsible for the care and maintenance of the grounds including landscaping and refuse removal. Lessor shall arrange for regular maintenance thereof so as to keep and maintain the Premises in neat, clean and good condition.

**15. REPAIR AND MAINTENANCE.** Lessor shall pay all expenses, costs, and amounts of every kind or nature that Lessor incurs because of or in connection with the ownership, operation, management, maintenance, or repair of the Premises, and shall perform repairs necessary to maintain and keep the Premises and all components of it in good working order, suitable for residential use, including, without limitation, all electrical, mechanical, plumbing, fire/life safety, and other building systems of the Premises. Lessee, at Lessee's expense, shall immediately repair all damage to the Premises caused by Lessee or by Lessee's agents, employees, invitees or customers or damage that, due to the anticipated short term rentals, exceeds the wear and tear attributable to normal single-tenant residential apartment use. If a maintenance issue for which Lessor is responsible arises, Lessee shall contact the Lessor promptly and the Lessor shall promptly provide such maintenance. In the event an urgent (or potentially urgent) maintenance issue arises, Lessee may carry out such maintenance, using Lessor's preferred contractor or employee, if any, and deduct all reasonably incurred expenses from the next rent payment coming due, provided that (a.) The repairs were necessary, (b.) Lessor failed to act within a reasonable time after being notified and (c.) the price paid was reasonable.

**16. LESSOR ENTRY.** Lessor may enter the Premises to perform or facilitate preventative maintenance, repairs, alterations, additions or capital improvements to the Premises. Except in emergencies, Lessor shall provide Lessee with reasonable prior notice of entry and shall use reasonable efforts to minimize any interference with use of the Premises.

**17. SIGNAGE.** Lessee may install, at Lessee's expense, signage on the Premises. The size, design and manner of installation of all signs by Lessee shall be subject to the prior written approval of Lessor. Any permitted signs shall be maintained in compliance with applicable



3

governmental rules and regulations governing such signs. Lessee shall be responsible to Lessor for any damage caused by the installation, use or maintenance of said signs.

**18. HAZARDOUS MATERIALS**.   Lessee shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

**19. ANIMALS.**   No Pets are allowed on the Premises.

**20. NOTICE.**   Any notice required or permitted under this Lease or under state law shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

> If to Lessor to:
> **635 N. Scott St., LLC**
> **147 Carondelet Street, Suite 1137**
> **New Orleans, La 70130**
>
> If to Lessee To:
> **Sonder USA, Inc.**
> **5600 Jefferson Highway, Suite 278**
> **Elmwood, LA 70112**

**21. EXCLUSIVE RIGHT(s).**   Lessor grants Lessee the exclusive right(s) of the Permitted Use(s) of the above stated Premises, subject to the terms and conditions of this Lease. The provisions of this Section shall (unless extended in writing by the Parties) automatically terminate as of the expiration of this Lease.

**22. GOVERNING LAW AND JURISDICTION.**   The parties to this Lease understand and agree that the provisions of this lease, between them, has the effect of law, but in reference to matters for which this lease does not provide, this Lease shall be governed by and construed in accordance with the Ordinances of the City of New Orleans, the laws of the State of Louisiana and the federal laws of the United States; and irrevocably submit to the exclusive jurisdiction of the courts of competent jurisdiction in the State of Louisiana with respect to all matters relating to this agreement.

**23. CASUALTY AND FORCE MAJEURE.**   If any of the Premises is destroyed or materially damaged by fire or other unforeseen event (Force Majeure) not due to any fault or neglect of Lessee, and thus becomes wholly unfit for occupancy, then Lessee shall be entitled to an abatement of rent for the entire period during which the Premises is unfit for occupancy. Lessee may thereupon also choose to terminate this lease as of the date of the casualty.

**24. WARRANTY.**   Lessor warrants that the Premises are in good condition, unless

4

otherwise noted. Lessee acknowledges that he has been provided the opportunity to inspect the Premises and accepts it in its current condition and agrees to keep it in same condition during the term of this lease at his expense and return it to Lessor in the same or better condition at termination of this lease, normal decay, wear and tear excepted.

**25. MODIFICATION.**   The parties hereby agree that this document contains the entire agreement between the parties and this Lease shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

**26. SURRENDER AND HOLD OVER.**   On the expiration date, Lessee shall surrender to Lessor the Premises and all alterations in a first class and clean condition, less any normal wear and tear, free of trash and debris. If Lessee with Lessor's consent, remains in possession of the Premises after the Expiration Date, such possession by Lessee  shall be deemed to be a month-to-month tenancy terminable on 30-days' written notice given at any time by Lessor or Lessee. All provisions of this Lease except for those pertaining to Term shall apply to any such tenancy.

**27. ADDITIONAL PROVISIONS; DISCLOSURES.**   This Agreement is submitted with Lessor's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards dated dated___9/25/2017___attached hereto and forming part of this lease.

**28. PARKING LOT**.   Lessee shall have full use and access to all parking lot(s) and/or facilities on the Premises. Lessor is responsible for all maintenance and repairs of the parking lot(s).

    **IN WITNESS WHEREOF**, Lessor and Lessee have each executed this Lease Agreement as of the date first above written:

**Lessor(s):**

By: _Joshua Bruno_____
      3F331841805B427...

Name: **635 N Scott St., LLC**
Date: ___9/25/2017___

**Lessee:**

By: _Arthur Chang_____
      1FC4910EA7C6424...

Name: **Sonder, USA, Inc.**
Date: ___9/25/2017___

5

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

## LEASE AGREEMENT

**THIS LEASE AGREEMENT** (hereinafter referred to as the "Lease") is made and entered into as of ___9/25/2017___,(the "Effective Date"), by and between, **635 N Scott St., LLC ("Lessor")**, a Louisiana limited liability company and **Sonder USA, Inc. ("Lessee")**, a Delaware Corporation.

## W I T N E S S E T H :

**WHEREAS**, Lessor is the fee owner of certain real property, situated in Orleans Parish, Louisiana, such real property having a municipal street address of **635 N. Scott Street, New Orleans, La 70119**.

**WHEREAS**, Lessor agrees to lease to Lessee the Residential Unit located at **635 N. Scott Street, New Orleans, La 70119** (hereinafter referred to as the ("Premises").

**NOW, THEREFORE,** for and in consideration of the covenants and obligations contained herein, the parties hereto hereby agree as follows:

1. **PREMISES DEFINED.** The provisions of this agreement pertain exclusively to a total of one (1) residential apartment unit, **Unit 9** (hereinafter referred to as "Unit").

2. **TERM.** Five (5) years commencing on **November 1, 2017** ("Commencement Date") and ending at 11:59 PM on **October 31, 2022**.

3. **RENT.** The monthly rent shall be **One Thousand  Five Hundred Dollars ($1,500)** for the initial lease year. All such payments shall be payable in advance on or before the first (1st) day of each month to Lessor via ACH wire transfer and without demand.

4. **RENT ABATEMENT.** Lessee shall be provided **three (3) months** of rent abatement upon occurrence of the Commencement Date.

5. **RENT INCREASE.** Beginning on the second anniversary of the rental commencement date, and each anniversary thereafter, the annual rent shall escalate by a maximum of two percent (2%).

6. **RENEWAL.** Lessee shall be provided a single five (5) year renewal option, per the terms and conditions of the last year of the initial lease term.

7. **LATE CHARGE.** In the event that any payment is not made within five (5) calendar days of when due, Lessee shall pay to Lessor a "late fee" in the amount of 10% of amount owed. Delinquent amounts shall bear interest from the date due until paid at the lesser of (i) 12% per

annum or (ii) the maximum rate allowed by Louisiana Law. Lessor's acceptance of these fees shall not constitute a waiver or relinquishment of any of the other rights or remedies of Lessor.

**8.  ACCESS.**   Lessee may alter, re-key, and install electronic keyless door locks at the Premises.  Lessee will provide Lessor with keys or codes capable of unlocking all such re-keyed new locks. All door locks and keys shall be returned upon vacating the Premises.

**9.  PERMITTED USE.**   Lessee intends to operate its business as "Short Term Rentals" as defined and permitted under the New Orleans Comprehensive Zoning Ordinance. Lessor agrees that Lessee's obligations to perform under this Lease are contingent upon Lessee's ability to remain compliant with all statutes, codes, ordinances, orders, rules and regulations ("Laws") of any municipal or governmental entity whether in effect now or later, including the New Orleans Comprehensive Zoning Ordinance, authorizing or permitting Lessee's use of the Premises.

**10. ASSIGNMENT AND SUBLETTING.**   Lessor acknowledges and agrees that Lessee's operations entail renting and then subletting Lessor's units for periods ranging from less than 30 days to 12 months. As such, Lessee may enter into various sublease agreements of any duration concerning the units, without having to give Lessor notice of its intention to sublease and without having to obtain Lessor's consent to sublease the units, and Lessor hereby agrees to such subleases.

**11. TAXES.**   Lessor shall pay (a.) all real property taxes and assessments on the Premises; (b.) all personal property taxes for property that is owned by Lessor and used in connection with the operation, maintenance and repair of the Premises; and c.) all costs and fees incurred in connection with seeking reductions in any tax liabilities described in (a.) and (b.), including, without limitation, any costs incurred by Lessor for compliance, review and appeal of tax liabilities. Lessee shall pay all business taxes, licenses, and fees levied or imposed by any governmental authority upon the Premises and/or business operations and activities of Lessee at the Premises, including without limitation, taxes and fees related to the operation of Short Term Rentals under the New Orleans Comprehensive Zoning Ordinance, any hotel/motel taxes, and the fees for occupational licenses and occupancy permits assessed by the City of New Orleans.

**12. INSURANCE.**   Lessor shall maintain Commercial General Liability insurance against claims for personal injury, death or property damage arising from or relating to the Premises, and property insurance insuring the Premises against loss, damage or rental interruption as Lessor reasonably may require, for the full replacement cost of the Premises (including all construction and improvements thereon), without limitation, replacement cost endorsement, agreed value endorsement, and vandalism and malicious mischief endorsements; flood, wind, and fire insurance; and umbrella excess liability insurance in such amounts as Lessor reasonably may require. Lessor shall further ensure that Lessee is added as an additional insured on the Lessor insurance policy or policies by endorsement, which endorsement shall remain in effect for the entire term of the Lease.
Lessee shall maintain a policy of Commercial General Liability (bodily injury and Property damage) insurance, insuring against liability arising on the Premises and out of the ownership, use, occupancy or maintenance of the Premises, or the business



conducted on the Premises, including liability arising from the negligence or other fault of all insureds, including Lessee and Lessee's guests, and additional insured parties (the "Liability Policy"). Lessor shall be an additional insured under the Liability Policy. The Liability Policy shall be a commercial-grade one million dollar property liability policy with four million dollar excess liability coverage, and shall be primary as to all additional insureds.

**13. UTILITIES AND SERVICES.**   Lessor shall pay directly for all utilities and services supplied to the Premises including Wi-Fi, with the exception of individual Unit electric and cable TV. Lessee will reimburse Lessor for master water and gas charges and Lessor shall make available all documentation of such charges to Lessee for reconciliation and adjustment(s) on an annual basis. After receiving the results of a reconciliation and adjustment(s), Lessee may dispute the results within thirty (30) days by providing written notice to the Lessor of Lessee's intent to exercise its audit rights.

**14. GROUNDS MAINTENANCE**   Lessor shall be responsible for the care and maintenance of the grounds including landscaping and refuse removal. Lessor shall arrange for regular maintenance thereof so as to keep and maintain the Premises in neat, clean and good condition.

**15. REPAIR AND MAINTENANCE.**   Lessor shall pay all expenses, costs, and amounts of every kind or nature that Lessor incurs because of or in connection with the ownership, operation, management, maintenance, or repair of the Premises, and shall perform repairs necessary to maintain and keep the Premises and all components of it in good working order, suitable for residential use, including, without limitation, all electrical, mechanical, plumbing, fire/life safety, and other building systems of the Premises.  Lessee, at Lessee's expense, shall immediately repair all damage to the Premises caused by Lessee or by Lessee's agents, employees, invitees or customers or damage that, due to the anticipated short term rentals, exceeds the wear and tear attributable to normal single-tenant residential apartment use. If a maintenance issue for which Lessor is responsible arises, Lessee shall contact the Lessor promptly and the Lessor shall promptly provide such maintenance. In the event an urgent (or potentially urgent) maintenance issue arises, Lessee may carry out such maintenance, using Lessor's preferred contractor or employee, if any, and deduct all reasonably incurred expenses from the next rent payment coming due, provided that (a.) The repairs were necessary, (b.) Lessor failed to act within a reasonable time after being notified and (c.) the price paid was reasonable.

**16. LESSOR ENTRY.**   Lessor may enter the Premises to perform or facilitate preventative maintenance, repairs, alterations, additions or capital improvements to the Premises. Except in emergencies, Lessor shall provide Lessee with reasonable prior notice of entry and shall use reasonable efforts to minimize any interference with use of the Premises.

**17. SIGNAGE.**   Lessee may install, at Lessee's expense, signage on the Premises.  The size, design and manner of installation of all signs by Lessee shall be subject to the prior written approval of Lessor. Any permitted signs shall be maintained in compliance with applicable



3

governmental rules and regulations governing such signs. Lessee shall be responsible to Lessor for any damage caused by the installation, use or maintenance of said signs.

**18. HAZARDOUS MATERIALS**.   Lessee shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

**19. ANIMALS.**   No Pets are allowed on the Premises.

**20. NOTICE.**   Any notice required or permitted under this Lease or under state law shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

> If to Lessor to:
> **635 N. Scott St., LLC**
> **147 Carondelet Street, Suite 1137**
> **New Orleans, La 70130**
>
> If to Lessee To:
> **Sonder USA, Inc.**
> **5600 Jefferson Highway, Suite 278**
> **Elmwood, LA 70112**

**21. EXCLUSIVE RIGHT(s).**   Lessor grants Lessee the exclusive right(s) of the Permitted Use(s) of the above stated Premises, subject to the terms and conditions of this Lease. The provisions of this Section shall (unless extended in writing by the Parties) automatically terminate as of the expiration of this Lease.

**22. GOVERNING LAW AND JURISDICTION.**   The parties to this Lease understand and agree that the provisions of this lease, between them, has the effect of law, but in reference to matters for which this lease does not provide, this Lease shall be governed by and construed in accordance with the Ordinances of the City of New Orleans, the laws of the State of Louisiana and the federal laws of the United States; and irrevocably submit to the exclusive jurisdiction of the courts of competent jurisdiction in the State of Louisiana with respect to all matters relating to this agreement.

**23. CASUALTY AND FORCE MAJEURE.**   If any of the Premises is destroyed or materially damaged by fire or other unforeseen event (Force Majeure) not due to any fault or neglect of Lessee, and thus becomes wholly unfit for occupancy, then Lessee shall be entitled to an abatement of rent for the entire period during which the Premises is unfit for occupancy. Lessee may thereupon also choose to terminate this lease as of the date of the casualty.

**24. WARRANTY.**   Lessor warrants that the Premises are in good condition, unless

4

otherwise noted. Lessee acknowledges that he has been provided the opportunity to inspect the Premises and accepts it in its current condition and agrees to keep it in same condition during the term of this lease at his expense and return it to Lessor in the same or better condition at termination of this lease, normal decay, wear and tear excepted.

**25. MODIFICATION.**   The parties hereby agree that this document contains the entire agreement between the parties and this Lease shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

**26. SURRENDER AND HOLD OVER.**   On the expiration date, Lessee shall surrender to Lessor the Premises and all alterations in a first class and clean condition, less any normal wear and tear, free of trash and debris. If Lessee with Lessor's consent, remains in possession of the Premises after the Expiration Date, such possession by Lessee  shall be deemed to be a month-to-month tenancy terminable on 30-days' written notice given at any time by Lessor or Lessee. All provisions of this Lease except for those pertaining to Term shall apply to any such tenancy.

**27. ADDITIONAL PROVISIONS; DISCLOSURES.**   This Agreement is submitted with Lessor's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards dated dated 9/25/2017 attached hereto and forming part of this lease.

**28. PARKING LOT**.   Lessee shall have full use and access to all parking lot(s) and/or facilities on the Premises. Lessor is responsible for all maintenance and repairs of the parking lot(s).

   **IN WITNESS WHEREOF**, Lessor and Lessee have each executed this Lease Agreement as of the date first above written:

**Lessor(s):**

By: _Joshua Bruno_
  3F331841805B427...

Name: **635 N Scott St., LLC**
Date: 9/25/2017

**Lessee:**

By: _Arthur Chang_
  1FC4910EA7C6424...

Name: **Sonder, USA, Inc.**
Date: 9/25/2017

5

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

## LEASE AGREEMENT

      **THIS LEASE AGREEMENT** (hereinafter referred to as the "Lease") is made and entered into as of _____9/25/2017_____,(the "Effective Date"), by and between, **635 N Scott St., LLC ("Lessor")**, a Louisiana limited liability company and **Sonder USA, Inc. ("Lessee")**, a Delaware Corporation.

## W I T N E S S E T H :

      **WHEREAS**, Lessor is the fee owner of certain real property, situated in Orleans Parish, Louisiana, such real property having a municipal street address of **635 N. Scott Street, New Orleans, La 70119**.

      **WHEREAS**, Lessor agrees to lease to Lessee the Residential Unit located at **635 N. Scott Street, New Orleans, La 70119** (hereinafter referred to as the ("Premises").

      **NOW, THEREFORE,** for and in consideration of the covenants and obligations contained herein, the parties hereto hereby agree as follows:

    **1.**  **PREMISES DEFINED.**  The provisions of this agreement pertain exclusively to a total of one (1) residential apartment unit, **Unit 10** (hereinafter referred to as  "Unit").

    **2.**  **TERM.**  Five (5) years commencing on **November 1, 2017** ("Commencement Date") and ending at 11:59 PM on **October 31, 2022**.

    **3.**  **RENT.**  The monthly rent shall be **One Thousand  Five Hundred Dollars ($1,500)** for the initial lease year. All such payments shall be payable in advance on or before the first (1st) day of each month to Lessor via ACH wire transfer and without demand.

    **4.**  **RENT ABATEMENT.**  Lessee shall be provided **three (3) months** of rent abatement upon occurrence of the Commencement Date.

    **5.**  **RENT INCREASE.**  Beginning on the second anniversary of the rental commencement date, and each anniversary thereafter, the annual rent shall escalate by a maximum of two percent (2%).

    **6.**  **RENEWAL.**  Lessee shall be provided a single five (5) year renewal option, per the terms and conditions of the last year of the initial lease term.

    **7.**  **LATE CHARGE.**  In the event that any payment is not made within five (5) calendar days of when due, Lessee shall pay to Lessor a "late fee" in the amount of 10% of amount owed. Delinquent amounts shall bear interest from the date due until paid at the lesser of (i) 12% per

annum or (ii) the maximum rate allowed by Louisiana Law. Lessor's acceptance of these fees shall not constitute a waiver or relinquishment of any of the other rights or remedies of Lessor.

**8.  ACCESS.**   Lessee may alter, re-key, and install electronic keyless door locks at the Premises.  Lessee will provide Lessor with keys or codes capable of unlocking all such re-keyed new locks. All door locks and keys shall be returned upon vacating the Premises.

**9.  PERMITTED USE.**   Lessee intends to operate its business as "Short Term Rentals" as defined and permitted under the New Orleans Comprehensive Zoning Ordinance. Lessor agrees that Lessee's obligations to perform under this Lease are contingent upon Lessee's ability to remain compliant with all statutes, codes, ordinances, orders, rules and regulations ("Laws") of any municipal or governmental entity whether in effect now or later, including the New Orleans Comprehensive Zoning Ordinance, authorizing or permitting Lessee's use of the Premises.

**10. ASSIGNMENT AND SUBLETTING.**   Lessor acknowledges and agrees that Lessee's operations entail renting and then subletting Lessor's units for periods ranging from less than 30 days to 12 months. As such, Lessee may enter into various sublease agreements of any duration concerning the units, without having to give Lessor notice of its intention to sublease and without having to obtain Lessor's consent to sublease the units, and Lessor hereby agrees to such subleases.

**11. TAXES.**   Lessor shall pay (a.) all real property taxes and assessments on the Premises; (b.) all personal property taxes for property that is owned by Lessor and used in connection with the operation, maintenance and repair of the Premises; and c.) all costs and fees incurred in connection with seeking reductions in any tax liabilities described in (a.) and (b.), including, without limitation, any costs incurred by Lessor for compliance, review and appeal of tax liabilities. Lessee shall pay all business taxes, licenses, and fees levied or imposed by any governmental authority upon the Premises and/or business operations and activities of Lessee at the Premises, including without limitation, taxes and fees related to the operation of Short Term Rentals under the New Orleans Comprehensive Zoning Ordinance, any hotel/motel taxes, and the fees for occupational licenses and occupancy permits assessed by the City of New Orleans.

**12.  INSURANCE.**   Lessor shall maintain Commercial General Liability insurance against claims for personal injury, death or property damage arising from or relating to the Premises, and property insurance insuring the Premises against loss, damage or rental interruption as Lessor reasonably may require, for the full replacement cost of the Premises (including all construction and improvements thereon), without limitation, replacement cost endorsement, agreed value endorsement, and vandalism and malicious mischief endorsements; flood, wind, and fire insurance; and umbrella excess liability insurance in such amounts as Lessor reasonably may require. Lessor shall further ensure that Lessee is added as an additional insured on the Lessor insurance policy or policies by endorsement, which endorsement shall remain in effect for the entire term of the Lease.
Lessee shall maintain a policy of Commercial General Liability (bodily injury and Property damage) insurance, insuring against liability arising on the Premises and out of the ownership, use, occupancy or maintenance of the Premises, or the business



2

conducted on the Premises, including liability arising from the negligence or other fault of all insureds, including Lessee and Lessee's guests, and additional insured parties (the "Liability Policy"). Lessor shall be an additional insured under the Liability Policy. The Liability Policy shall be a commercial-grade one million dollar property liability policy with four million dollar excess liability coverage, and shall be primary as to all additional insureds.

**13. UTILITIES AND SERVICES.**   Lessor shall pay directly for all utilities and services supplied to the Premises including Wi-Fi, with the exception of individual Unit electric and cable TV. Lessee will reimburse Lessor for master water and gas charges and Lessor shall make available all documentation of such charges to Lessee for reconciliation and adjustment(s) on an annual basis. After receiving the results of a reconciliation and adjustment(s), Lessee may dispute the results within thirty (30) days by providing written notice to the Lessor of Lessee's intent to exercise its audit rights.

**14. GROUNDS MAINTENANCE**   Lessor shall be responsible for the care and maintenance of the grounds including landscaping and refuse removal. Lessor shall arrange for regular maintenance thereof so as to keep and maintain the Premises in neat, clean and good condition.

**15. REPAIR AND MAINTENANCE.**   Lessor shall pay all expenses, costs, and amounts of every kind or nature that Lessor incurs because of or in connection with the ownership, operation, management, maintenance, or repair of the Premises, and shall perform repairs necessary to maintain and keep the Premises and all components of it in good working order, suitable for residential use, including, without limitation, all electrical, mechanical, plumbing, fire/life safety, and other building systems of the Premises.  Lessee, at Lessee's expense, shall immediately repair all damage to the Premises caused by Lessee or by Lessee's agents, employees, invitees or customers or damage that, due to the anticipated short term rentals, exceeds the wear and tear attributable to normal single-tenant residential apartment use. If a maintenance issue for which Lessor is responsible arises, Lessee shall contact the Lessor promptly and the Lessor shall promptly provide such maintenance. In the event an urgent (or potentially urgent) maintenance issue arises, Lessee may carry out such maintenance, using Lessor's preferred contractor or employee, if any, and deduct all reasonably incurred expenses from the next rent payment coming due, provided that (a.) The repairs were necessary, (b.) Lessor failed to act within a reasonable time after being notified and (c.) the price paid was reasonable.

**16. LESSOR ENTRY.**   Lessor may enter the Premises to perform or facilitate preventative maintenance, repairs, alterations, additions or capital improvements to the Premises. Except in emergencies, Lessor shall provide Lessee with reasonable prior notice of entry and shall use reasonable efforts to minimize any interference with use of the Premises.

**17. SIGNAGE.**   Lessee may install, at Lessee's expense, signage on the Premises.  The size, design and manner of installation of all signs by Lessee shall be subject to the prior written approval of Lessor. Any permitted signs shall be maintained in compliance with applicable



3

governmental rules and regulations governing such signs. Lessee shall be responsible to Lessor for any damage caused by the installation, use or maintenance of said signs.

**18. HAZARDOUS MATERIALS**.   Lessee shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

**19. ANIMALS.**   No Pets are allowed on the Premises.

**20. NOTICE.**   Any notice required or permitted under this Lease or under state law shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

> If to Lessor to:
> **635 N. Scott St., LLC**
> **147 Carondelet Street, Suite 1137**
> **New Orleans, La 70130**
>
> If to Lessee To:
> **Sonder USA, Inc.**
> **5600 Jefferson Highway, Suite 278**
> **Elmwood, LA 70112**

**21. EXCLUSIVE RIGHT(s).**   Lessor grants Lessee the exclusive right(s) of the Permitted Use(s) of the above stated Premises, subject to the terms and conditions of this Lease. The provisions of this Section shall (unless extended in writing by the Parties) automatically terminate as of the expiration of this Lease.

**22. GOVERNING LAW AND JURISDICTION.**   The parties to this Lease understand and agree that the provisions of this lease, between them, has the effect of law, but in reference to matters for which this lease does not provide, this Lease shall be governed by and construed in accordance with the Ordinances of the City of New Orleans, the laws of the State of Louisiana and the federal laws of the United States; and irrevocably submit to the exclusive jurisdiction of the courts of competent jurisdiction in the State of Louisiana with respect to all matters relating to this agreement.

**23. CASUALTY AND FORCE MAJEURE.**   If any of the Premises is destroyed or materially damaged by fire or other unforeseen event (Force Majeure) not due to any fault or neglect of Lessee, and thus becomes wholly unfit for occupancy, then Lessee shall be entitled to an abatement of rent for the entire period during which the Premises is unfit for occupancy. Lessee may thereupon also choose to terminate this lease as of the date of the casualty.

**24. WARRANTY.**   Lessor warrants that the Premises are in good condition, unless



4

otherwise noted. Lessee acknowledges that he has been provided the opportunity to inspect the Premises and accepts it in its current condition and agrees to keep it in same condition during the term of this lease at his expense and return it to Lessor in the same or better condition at termination of this lease, normal decay, wear and tear excepted.

**25. MODIFICATION.**   The parties hereby agree that this document contains the entire agreement between the parties and this Lease shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

**26. SURRENDER AND HOLD OVER.**   On the expiration date, Lessee shall surrender to Lessor the Premises and all alterations in a first class and clean condition, less any normal wear and tear, free of trash and debris. If Lessee with Lessor's consent, remains in possession of the Premises after the Expiration Date, such possession by Lessee  shall be deemed to be a month-to-month tenancy terminable on 30-days' written notice given at any time by Lessor or Lessee. All provisions of this Lease except for those pertaining to Term shall apply to any such tenancy.

**27. ADDITIONAL PROVISIONS; DISCLOSURES.**   This Agreement is submitted with Lessor's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards dated dated 9/25/2017 attached hereto and forming part of this lease.

**28. PARKING LOT**.   Lessee shall have full use and access to all parking lot(s) and/or facilities on the Premises. Lessor is responsible for all maintenance and repairs of the parking lot(s).

**IN WITNESS WHEREOF**, Lessor and Lessee have each executed this Lease Agreement as of the date first above written:

**Lessor(s):**

By: _____

Name: **635 N Scott St., LLC**

Date: 9/25/2017 _____

**Lessee:**

By: _____

Name: **Sonder, USA, Inc.**

Date: 9/25/2017 _____

5

DocuSign Envelope ID: 913712C1-DF68-4030-AC8B-9DEF43A4E234

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

## LEASE AGREEMENT

**THIS LEASE AGREEMENT** (hereinafter referred to as the "Lease") is made and entered into as of _9/23/2017_ ,(the "Effective Date"), by and between, **635 N Scott St., LLC ("Lessor")**, a Louisiana limited liability company and **Sonder USA, Inc. ("Lessee")**, a Delaware Corporation.

## W I T N E S S E T H :

**WHEREAS**, Lessor is the fee owner of certain real property, situated in Orleans Parish, Louisiana, such real property having a municipal street address of **635 N. Scott Street, New Orleans, La 70119**.

**WHEREAS**, Lessor agrees to lease to Lessee the Residential Unit located at **635 N. Scott Street, New Orleans, La 70119** (hereinafter referred to as the ("Premises").

**NOW, THEREFORE,** for and in consideration of the covenants and obligations contained herein, the parties hereto hereby agree as follows:

1.  **PREMISES DEFINED.**   The provisions of this agreement pertain exclusively to a total of one (1) residential apartment unit, **Unit 11** (hereinafter referred to as  "Unit").

2.  **TERM.**   Five (5) years commencing on **June 1, 2018** ("Commencement Date") and ending at 11:59 PM on **May 31, 2023**.

3.  **RENT.**   The monthly rent shall be **One Thousand  Five Hundred Dollars ($1,500)** for the initial lease year. All such payments shall be payable in advance on or before the first (1st) day of each month to Lessor via ACH wire transfer and without demand.

4.  **RENT ABATEMENT.**   Lessee shall be provided **three (3) months** of rent abatement upon occurrence of the Commencement Date.

5.  **RENT INCREASE.**   Beginning on the second anniversary of the rental commencement date, and each anniversary thereafter, the annual rent shall escalate by a maximum of two percent (2%).

6.  **RENEWAL.**   Lessee shall be provided a single five (5) year renewal option, per the terms and conditions of the last year of the initial lease term.

7.  **LATE CHARGE.**   In the event that any payment is not made within five (5) calendar days of when due, Lessee shall pay to Lessor a "late fee" in the amount of 10% of amount owed. Delinquent amounts shall bear interest from the date due until paid at the lesser of (i) 12% per

annum or (ii) the maximum rate allowed by Louisiana Law. Lessor's acceptance of these fees shall not constitute a waiver or relinquishment of any of the other rights or remedies of Lessor.

**8.  ACCESS.**   Lessee may alter, re-key, and install electronic keyless door locks at the Premises.  Lessee will provide Lessor with keys or codes capable of unlocking all such re-keyed new locks. All door locks and keys shall be returned upon vacating the Premises.

**9.  PERMITTED USE.**   Lessee intends to operate its business as "Short Term Rentals" as defined and permitted under the New Orleans Comprehensive Zoning Ordinance. Lessor agrees that Lessee's obligations to perform under this Lease are contingent upon Lessee's ability to remain compliant with all statutes, codes, ordinances, orders, rules and regulations ("Laws") of any municipal or governmental entity whether in effect now or later, including the New Orleans Comprehensive Zoning Ordinance, authorizing or permitting Lessee's use of the Premises.

**10. ASSIGNMENT AND SUBLETTING.**   Lessor acknowledges and agrees that Lessee's operations entail renting and then subletting Lessor's units for periods ranging from less than 30 days to 12 months. As such, Lessee may enter into various sublease agreements of any duration concerning the units, without having to give Lessor notice of its intention to sublease and without having to obtain Lessor's consent to sublease the units, and Lessor hereby agrees to such subleases.

**11. TAXES.**   Lessor shall pay (a.) all real property taxes and assessments on the Premises; (b.) all personal property taxes for property that is owned by Lessor and used in connection with the operation, maintenance and repair of the Premises; and c.) all costs and fees incurred in connection with seeking reductions in any tax liabilities described in (a.) and (b.), including, without limitation, any costs incurred by Lessor for compliance, review and appeal of tax liabilities. Lessee shall pay all business taxes, licenses, and fees levied or imposed by any governmental authority upon the Premises and/or business operations and activities of Lessee at the Premises, including without limitation, taxes and fees related to the operation of Short Term Rentals under the New Orleans Comprehensive Zoning Ordinance, any hotel/motel taxes, and the fees for occupational licenses and occupancy permits assessed by the City of New Orleans.

**12.  INSURANCE.**   Lessor shall maintain Commercial General Liability insurance against claims for personal injury, death or property damage arising from or relating to the Premises, and property insurance insuring the Premises against loss, damage or rental interruption as Lessor reasonably may require, for the full replacement cost of the Premises (including all construction and improvements thereon), without limitation, replacement cost endorsement, agreed value endorsement, and vandalism and malicious mischief endorsements; flood, wind, and fire insurance; and umbrella excess liability insurance in such amounts as Lessor reasonably may require. Lessor shall further ensure that Lessee is added as an additional insured on the Lessor insurance policy or policies by endorsement, which endorsement shall remain in effect for the entire term of the Lease.
Lessee shall maintain a policy of Commercial General Liability (bodily injury and Property damage) insurance, insuring against liability arising on the Premises and out of the ownership, use, occupancy or maintenance of the Premises, or the business

2

conducted on the Premises, including liability arising from the negligence or other fault of all insureds, including Lessee and Lessee's guests, and additional insured parties (the "Liability Policy"). Lessor shall be an additional insured under the Liability Policy. The Liability Policy shall be a commercial-grade one million dollar property liability policy with four million dollar excess liability coverage, and shall be primary as to all additional insureds.

**13. UTILITIES AND SERVICES.**   Lessor shall pay directly for all utilities and services supplied to the Premises including Wi-Fi, with the exception of individual Unit electric and cable TV. Lessee will reimburse Lessor for master water and gas charges and Lessor shall make available all documentation of such charges to Lessee for reconciliation and adjustment(s) on an annual basis. After receiving the results of a reconciliation and adjustment(s), Lessee may dispute the results within thirty (30) days by providing written notice to the Lessor of Lessee's intent to exercise its audit rights.

**14. GROUNDS MAINTENANCE**   Lessor shall be responsible for the care and maintenance of the grounds including landscaping and refuse removal. Lessor shall arrange for regular maintenance thereof so as to keep and maintain the Premises in neat, clean and good condition.

**15. REPAIR AND MAINTENANCE.**   Lessor shall pay all expenses, costs, and amounts of every kind or nature that Lessor incurs because of or in connection with the ownership, operation, management, maintenance, or repair of the Premises, and shall perform repairs necessary to maintain and keep the Premises and all components of it in good working order, suitable for residential use, including, without limitation, all electrical, mechanical, plumbing, fire/life safety, and other building systems of the Premises.  Lessee, at Lessee's expense, shall immediately repair all damage to the Premises caused by Lessee or by Lessee's agents, employees, invitees or customers or damage that, due to the anticipated short term rentals, exceeds the wear and tear attributable to normal single-tenant residential apartment use. If a maintenance issue for which Lessor is responsible arises, Lessee shall contact the Lessor promptly and the Lessor shall promptly provide such maintenance. In the event an urgent (or potentially urgent) maintenance issue arises, Lessee may carry out such maintenance, using Lessor's preferred contractor or employee, if any, and deduct all reasonably incurred expenses from the next rent payment coming due, provided that (a.) The repairs were necessary, (b.) Lessor failed to act within a reasonable time after being notified and (c.) the price paid was reasonable.

**16. LESSOR ENTRY.**   Lessor may enter the Premises to perform or facilitate preventative maintenance, repairs, alterations, additions or capital improvements to the Premises. Except in emergencies, Lessor shall provide Lessee with reasonable prior notice of entry and shall use reasonable efforts to minimize any interference with use of the Premises.

**17. SIGNAGE.**   Lessee may install, at Lessee's expense, signage on the Premises.  The size, design and manner of installation of all signs by Lessee shall be subject to the prior written approval of Lessor. Any permitted signs shall be maintained in compliance with applicable

3



governmental rules and regulations governing such signs. Lessee shall be responsible to Lessor for any damage caused by the installation, use or maintenance of said signs.

**18. HAZARDOUS MATERIALS**.   Lessee shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

**19. ANIMALS.**   No Pets are allowed on the Premises.

**20. NOTICE.**   Any notice required or permitted under this Lease or under state law shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

>If to Lessor to:
>**635 N. Scott St., LLC**
>**147 Carondelet Street, Suite 1137**
>**New Orleans, La 70130**
>
>If to Lessee To:
>**Sonder USA, Inc.**
>**5600 Jefferson Highway, Suite 278**
>**Elmwood, LA 70112**

**21. EXCLUSIVE RIGHT(s).**   Lessor grants Lessee the exclusive right(s) of the Permitted Use(s) of the above stated Premises, subject to the terms and conditions of this Lease. The provisions of this Section shall (unless extended in writing by the Parties) automatically terminate as of the expiration of this Lease.

**22. GOVERNING LAW AND JURISDICTION.**   The parties to this Lease understand and agree that the provisions of this lease, between them, has the effect of law, but in reference to matters for which this lease does not provide, this Lease shall be governed by and construed in accordance with the Ordinances of the City of New Orleans, the laws of the State of Louisiana and the federal laws of the United States; and irrevocably submit to the exclusive jurisdiction of the courts of competent jurisdiction in the State of Louisiana with respect to all matters relating to this agreement.

**23. CASUALTY AND FORCE MAJEURE.**   If any of the Premises is destroyed or materially damaged by fire or other unforeseen event (Force Majeure) not due to any fault or neglect of Lessee, and thus becomes wholly unfit for occupancy, then Lessee shall be entitled to an abatement of rent for the entire period during which the Premises is unfit for occupancy. Lessee may thereupon also choose to terminate this lease as of the date of the casualty.

**24. WARRANTY.**   Lessor warrants that the Premises are in good condition, unless



4

otherwise noted. Lessee acknowledges that he has been provided the opportunity to inspect the Premises and accepts it in its current condition and agrees to keep it in same condition during the term of this lease at his expense and return it to Lessor in the same or better condition at termination of this lease, normal decay, wear and tear excepted.

**25. MODIFICATION.**   The parties hereby agree that this document contains the entire agreement between the parties and this Lease shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

**26. SURRENDER AND HOLD OVER.**   On the expiration date, Lessee shall surrender to Lessor the Premises and all alterations in a first class and clean condition, less any normal wear and tear, free of trash and debris. If Lessee with Lessor's consent, remains in possession of the Premises after the Expiration Date, such possession by Lessee  shall be deemed to be a month-to-month tenancy terminable on 30-days' written notice given at any time by Lessor or Lessee. All provisions of this Lease except for those pertaining to Term shall apply to any such tenancy.

**27. ADDITIONAL PROVISIONS; DISCLOSURES.**   This Agreement is submitted with Lessor's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards dated dated 9/25/2017 attached hereto and forming part of this lease.

**28. PARKING LOT**.   Lessee shall have full use and access to all parking lot(s) and/or facilities on the Premises. Lessor is responsible for all maintenance and repairs of the parking lot(s).

          **IN WITNESS WHEREOF**, Lessor and Lessee have each executed this Lease Agreement as of the date first above written:

                                        **Lessor(s):**

                                        By: _Joshua Bruno_____
                                        3F331841805B427...
                                        Name: **635 N Scott St., LLC**
                                        Date: _9/25/2017_____

                                        **Lessee:**
                                        By: _aC_____
                                        Name: **Sonder, USA, Inc.**
                                        Date: _9/25/2017_____

5

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

## LEASE AGREEMENT

      **THIS LEASE AGREEMENT** (hereinafter referred to as the "Lease") is made and entered into as of ____9/25/2017____,(the "Effective Date"), by and between, **635 N Scott St., LLC ("Lessor")**, a Louisiana limited liability company and **Sonder USA, Inc. ("Lessee")**, a Delaware Corporation.

## W I T N E S S E T H :

      **WHEREAS**, Lessor is the fee owner of certain real property, situated in Orleans Parish, Louisiana, such real property having a municipal street address of **635 N. Scott Street, New Orleans, La 70119**.

      **WHEREAS**, Lessor agrees to lease to Lessee the Residential Unit located at **635 N. Scott Street, New Orleans, La 70119** (hereinafter referred to as the ("Premises").

      **NOW, THEREFORE,** for and in consideration of the covenants and obligations contained herein, the parties hereto hereby agree as follows:

    **1.  PREMISES DEFINED.**   The provisions of this agreement pertain exclusively to a total of one (1) residential apartment unit, **Unit 12** (hereinafter referred to as  "Unit").

    **2.  TERM.**   Five (5) years commencing on **November 1, 2017** ("Commencement Date") and ending at 11:59 PM on **October 31, 2022.**

    **3.  RENT.**   The monthly rent shall be **One Thousand  Five Hundred Dollars ($1,500)** for the initial lease year. All such payments shall be payable in advance on or before the first (1st) day of each month to Lessor via ACH wire transfer and without demand.

    **4.  RENT ABATEMENT.**   Lessee shall be provided **three (3) months** of rent abatement upon occurrence of the Commencement Date.

    **5.  RENT INCREASE.**   Beginning on the second anniversary of the rental commencement date, and each anniversary thereafter, the annual rent shall escalate by a maximum of two percent (2%).

    **6.  RENEWAL.**   Lessee shall be provided a single five (5) year renewal option, per the terms and conditions of the last year of the initial lease term.

    **7.  LATE CHARGE.**   In the event that any payment is not made within five (5) calendar days of when due, Lessee shall pay to Lessor a "late fee" in the amount of 10% of amount owed. Delinquent amounts shall bear interest from the date due until paid at the lesser of (i) 12% per

annum or (ii) the maximum rate allowed by Louisiana Law. Lessor's acceptance of these fees shall not constitute a waiver or relinquishment of any of the other rights or remedies of Lessor.

**8. ACCESS.**   Lessee may alter, re-key, and install electronic keyless door locks at the Premises.  Lessee will provide Lessor with keys or codes capable of unlocking all such re-keyed new locks. All door locks and keys shall be returned upon vacating the Premises.

**9. PERMITTED USE.**   Lessee intends to operate its business as "Short Term Rentals" as defined and permitted under the New Orleans Comprehensive Zoning Ordinance. Lessor agrees that Lessee's obligations to perform under this Lease are contingent upon Lessee's ability to remain compliant with all statutes, codes, ordinances, orders, rules and regulations ("Laws") of any municipal or governmental entity whether in effect now or later, including the New Orleans Comprehensive Zoning Ordinance, authorizing or permitting Lessee's use of the Premises.

**10. ASSIGNMENT AND SUBLETTING.**   Lessor acknowledges and agrees that Lessee's operations entail renting and then subletting Lessor's units for periods ranging from less than 30 days to 12 months. As such, Lessee may enter into various sublease agreements of any duration concerning the units, without having to give Lessor notice of its intention to sublease and without having to obtain Lessor's consent to sublease the units, and Lessor hereby agrees to such subleases.

**11. TAXES.**   Lessor shall pay (a.) all real property taxes and assessments on the Premises; (b.) all personal property taxes for property that is owned by Lessor and used in connection with the operation, maintenance and repair of the Premises; and c.) all costs and fees incurred in connection with seeking reductions in any tax liabilities described in (a.) and (b.), including, without limitation, any costs incurred by Lessor for compliance, review and appeal of tax liabilities. Lessee shall pay all business taxes, licenses, and fees levied or imposed by any governmental authority upon the Premises and/or business operations and activities of Lessee at the Premises, including without limitation, taxes and fees related to the operation of Short Term Rentals under the New Orleans Comprehensive Zoning Ordinance, any hotel/motel taxes, and the fees for occupational licenses and occupancy permits assessed by the City of New Orleans.

**12. INSURANCE.**   Lessor shall maintain Commercial General Liability insurance against claims for personal injury, death or property damage arising from or relating to the Premises, and property insurance insuring the Premises against loss, damage or rental interruption as Lessor reasonably may require, for the full replacement cost of the Premises (including all construction and improvements thereon), without limitation, replacement cost endorsement, agreed value endorsement, and vandalism and malicious mischief endorsements; flood, wind, and fire insurance; and umbrella excess liability insurance in such amounts as Lessor reasonably may require. Lessor shall further ensure that Lessee is added as an additional insured on the Lessor insurance policy or policies by endorsement, which endorsement shall remain in effect for the entire term of the Lease.
Lessee shall maintain a policy of Commercial General Liability (bodily injury and Property damage) insurance, insuring against liability arising on the Premises and out of the ownership, use, occupancy or maintenance of the Premises, or the business



2



conducted on the Premises, including liability arising from the negligence or other fault of all insureds, including Lessee and Lessee's guests, and additional insured parties (the "Liability Policy"). Lessor shall be an additional insured under the Liability Policy. The Liability Policy shall be a commercial-grade one million dollar property liability policy with four million dollar excess liability coverage, and shall be primary as to all additional insureds.

**13. UTILITIES AND SERVICES.**   Lessor shall pay directly for all utilities and services supplied to the Premises including Wi-Fi, with the exception of individual Unit electric and cable TV. Lessee will reimburse Lessor for master water and gas charges and Lessor shall make available all documentation of such charges to Lessee for reconciliation and adjustment(s) on an annual basis. After receiving the results of a reconciliation and adjustment(s), Lessee may dispute the results within thirty (30) days by providing written notice to the Lessor of Lessee's intent to exercise its audit rights.

**14. GROUNDS MAINTENANCE**  Lessor shall be responsible for the care and maintenance of the grounds including landscaping and refuse removal. Lessor shall arrange for regular maintenance thereof so as to keep and maintain the Premises in neat, clean and good condition.

**15. REPAIR AND MAINTENANCE.**   Lessor shall pay all expenses, costs, and amounts of every kind or nature that Lessor incurs because of or in connection with the ownership, operation, management, maintenance, or repair of the Premises, and shall perform repairs necessary to maintain and keep the Premises and all components of it in good working order, suitable for residential use, including, without limitation, all electrical, mechanical, plumbing, fire/life safety, and other building systems of the Premises.  Lessee, at Lessee's expense, shall immediately repair all damage to the Premises caused by Lessee or by Lessee's agents, employees, invitees or customers or damage that, due to the anticipated short term rentals, exceeds the wear and tear attributable to normal single-tenant residential apartment use. If a maintenance issue for which Lessor is responsible arises, Lessee shall contact the Lessor promptly and the Lessor shall promptly provide such maintenance. In the event an urgent (or potentially urgent) maintenance issue arises, Lessee may carry out such maintenance, using Lessor's preferred contractor or employee, if any, and deduct all reasonably incurred expenses from the next rent payment coming due, provided that (a.) The repairs were necessary, (b.) Lessor failed to act within a reasonable time after being notified and (c.) the price paid was reasonable.

**16. LESSOR ENTRY.**   Lessor may enter the Premises to perform or facilitate preventative maintenance, repairs, alterations, additions or capital improvements to the Premises. Except in emergencies, Lessor shall provide Lessee with reasonable prior notice of entry and shall use reasonable efforts to minimize any interference with use of the Premises.

**17. SIGNAGE.**   Lessee may install, at Lessee's expense, signage on the Premises.  The size, design and manner of installation of all signs by Lessee shall be subject to the prior written approval of Lessor. Any permitted signs shall be maintained in compliance with applicable

3



governmental rules and regulations governing such signs. Lessee shall be responsible to Lessor for any damage caused by the installation, use or maintenance of said signs.

**18. HAZARDOUS MATERIALS**.   Lessee shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

**19. ANIMALS.**   No Pets are allowed on the Premises.

**20. NOTICE.**   Any notice required or permitted under this Lease or under state law shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

> If to Lessor to:
> **635 N. Scott St., LLC**
> **147 Carondelet Street, Suite 1137**
> **New Orleans, La 70130**
>
> If to Lessee To:
> **Sonder USA, Inc.**
> **5600 Jefferson Highway, Suite 278**
> **Elmwood, LA 70112**

**21. EXCLUSIVE RIGHT(s).**   Lessor grants Lessee the exclusive right(s) of the Permitted Use(s) of the above stated Premises, subject to the terms and conditions of this Lease. The provisions of this Section shall (unless extended in writing by the Parties) automatically terminate as of the expiration of this Lease.

**22. GOVERNING LAW AND JURISDICTION.**   The parties to this Lease understand and agree that the provisions of this lease, between them, has the effect of law, but in reference to matters for which this lease does not provide, this Lease shall be governed by and construed in accordance with the Ordinances of the City of New Orleans, the laws of the State of Louisiana and the federal laws of the United States; and irrevocably submit to the exclusive jurisdiction of the courts of competent jurisdiction in the State of Louisiana with respect to all matters relating to this agreement.

**23. CASUALTY AND FORCE MAJEURE.**   If any of the Premises is destroyed or materially damaged by fire or other unforeseen event (Force Majeure) not due to any fault or neglect of Lessee, and thus becomes wholly unfit for occupancy, then Lessee shall be entitled to an abatement of rent for the entire period during which the Premises is unfit for occupancy. Lessee may thereupon also choose to terminate this lease as of the date of the casualty.

**24. WARRANTY.**   Lessor warrants that the Premises are in good condition, unless



4

otherwise noted. Lessee acknowledges that he has been provided the opportunity to inspect the Premises and accepts it in its current condition and agrees to keep it in same condition during the term of this lease at his expense and return it to Lessor in the same or better condition at termination of this lease, normal decay, wear and tear excepted.

**25. MODIFICATION.**   The parties hereby agree that this document contains the entire agreement between the parties and this Lease shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

**26. SURRENDER AND HOLD OVER.**   On the expiration date, Lessee shall surrender to Lessor the Premises and all alterations in a first class and clean condition, less any normal wear and tear, free of trash and debris. If Lessee with Lessor's consent, remains in possession of the Premises after the Expiration Date, such possession by Lessee  shall be deemed to be a month-to-month tenancy terminable on 30-days' written notice given at any time by Lessor or Lessee. All provisions of this Lease except for those pertaining to Term shall apply to any such tenancy.

**27. ADDITIONAL PROVISIONS; DISCLOSURES.**   This Agreement is submitted with Lessor's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards dated dated_____attached hereto and forming part of this lease.

**28. PARKING LOT**.   Lessee shall have full use and access to all parking lot(s) and/or facilities on the Premises. Lessor is responsible for all maintenance and repairs of the parking lot(s).

        **IN WITNESS WHEREOF**, Lessor and Lessee have each executed this Lease Agreement as of the date first above written:

**Lessor(s):**

By: _Joshua Bruno_____
       3F331841805B427...

Name: **635 N Scott St., LLC**
Date: 9/25/2017_____

**Lessee:**

By: _Arthur Chang_____
       1FC4910EA7C6424...

Name: **Sonder, USA, Inc.**
Date: 9/25/2017_____

5

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

## LEASE AGREEMENT

 **THIS LEASE AGREEMENT** (hereinafter referred to as the "Lease") is made and entered into as of _9/25/2017_,(the "Effective Date"), by and between, **635 N Scott St., LLC ("Lessor")**, a Louisiana limited liability company and **Sonder USA, Inc. ("Lessee")**, a Delaware Corporation.

## W I T N E S S E T H :

 **WHEREAS**, Lessor is the fee owner of certain real property, situated in Orleans Parish, Louisiana, such real property having a municipal street address of **635 N. Scott Street, New Orleans, La 70119**.

 **WHEREAS**, Lessor agrees to lease to Lessee the Residential Unit located at **635 N. Scott Street, New Orleans, La 70119** (hereinafter referred to as the ("Premises").

 **NOW, THEREFORE,** for and in consideration of the covenants and obligations contained herein, the parties hereto hereby agree as follows:

 1. **PREMISES DEFINED.** The provisions of this agreement pertain exclusively to a total of one (1) residential apartment unit, **Unit 13** (hereinafter referred to as "Unit").

 2. **TERM.** Five (5) years commencing on **January 1, 2018** ("Commencement Date") and ending at 11:59 PM on **December 31, 2022.**

 3. **RENT.** The monthly rent shall be **One Thousand Five Hundred Dollars ($1,500)** for the initial lease year. All such payments shall be payable in advance on or before the first (1st) day of each month to Lessor via ACH wire transfer and without demand.

 4. **RENT ABATEMENT.** Lessee shall be provided **three (3) months** of rent abatement upon occurrence of the Commencement Date.

 5. **RENT INCREASE.** Beginning on the second anniversary of the rental commencement date, and each anniversary thereafter, the annual rent shall escalate by a maximum of two percent (2%).

 6. **RENEWAL.** Lessee shall be provided a single five (5) year renewal option, per the terms and conditions of the last year of the initial lease term.

 7. **LATE CHARGE.** In the event that any payment is not made within five (5) calendar days of when due, Lessee shall pay to Lessor a "late fee" in the amount of 10% of amount owed. Delinquent amounts shall bear interest from the date due until paid at the lesser of (i) 12% per

annum or (ii) the maximum rate allowed by Louisiana Law. Lessor's acceptance of these fees shall not constitute a waiver or relinquishment of any of the other rights or remedies of Lessor.

**8.   ACCESS.**   Lessee may alter, re-key, and install electronic keyless door locks at the Premises.  Lessee will provide Lessor with keys or codes capable of unlocking all such re-keyed new locks. All door locks and keys shall be returned upon vacating the Premises.

**9.   PERMITTED USE.**   Lessee intends to operate its business as "Short Term Rentals" as defined and permitted under the New Orleans Comprehensive Zoning Ordinance. Lessor agrees that Lessee's obligations to perform under this Lease are contingent upon Lessee's ability to remain compliant with all statutes, codes, ordinances, orders, rules and regulations ("Laws") of any municipal or governmental entity whether in effect now or later, including the New Orleans Comprehensive Zoning Ordinance, authorizing or permitting Lessee's use of the Premises.

**10. ASSIGNMENT AND SUBLETTING.**   Lessor acknowledges and agrees that Lessee's operations entail renting and then subletting Lessor's units for periods ranging from less than 30 days to 12 months. As such, Lessee may enter into various sublease agreements of any duration concerning the units, without having to give Lessor notice of its intention to sublease and without having to obtain Lessor's consent to sublease the units, and Lessor hereby agrees to such subleases.

**11. TAXES.**   Lessor shall pay (a.) all real property taxes and assessments on the Premises; (b.) all personal property taxes for property that is owned by Lessor and used in connection with the operation, maintenance and repair of the Premises; and c.) all costs and fees incurred in connection with seeking reductions in any tax liabilities described in (a.) and (b.), including, without limitation, any costs incurred by Lessor for compliance, review and appeal of tax liabilities. Lessee shall pay all business taxes, licenses, and fees levied or imposed by any governmental authority upon the Premises and/or business operations and activities of Lessee at the Premises, including without limitation, taxes and fees related to the operation of Short Term Rentals under the New Orleans Comprehensive Zoning Ordinance, any hotel/motel taxes, and the fees for occupational licenses and occupancy permits assessed by the City of New Orleans.

**12.  INSURANCE.**   Lessor shall maintain Commercial General Liability insurance against claims for personal injury, death or property damage arising from or relating to the Premises, and property insurance insuring the Premises against loss, damage or rental interruption as Lessor reasonably may require, for the full replacement cost of the Premises (including all construction and improvements thereon), without limitation, replacement cost endorsement, agreed value endorsement, and vandalism and malicious mischief endorsements; flood, wind, and fire insurance; and umbrella excess liability insurance in such amounts as Lessor reasonably may require. Lessor shall further ensure that Lessee is added as an additional insured on the Lessor insurance policy or policies by endorsement, which endorsement shall remain in effect for the entire term of the Lease.
Lessee shall maintain a policy of Commercial General Liability (bodily injury and Property damage) insurance, insuring against liability arising on the Premises and out of the ownership, use, occupancy or maintenance of the Premises, or the business



2

conducted on the Premises, including liability arising from the negligence or other fault of all insureds, including Lessee and Lessee's guests, and additional insured parties (the "Liability Policy"). Lessor shall be an additional insured under the Liability Policy. The Liability Policy shall be a commercial-grade one million dollar property liability policy with four million dollar excess liability coverage, and shall be primary as to all additional insureds.

**13. UTILITIES AND SERVICES.**   Lessor shall pay directly for all utilities and services supplied to the Premises including Wi-Fi, with the exception of individual Unit electric and cable TV. Lessee will reimburse Lessor for master water and gas charges and Lessor shall make available all documentation of such charges to Lessee for reconciliation and adjustment(s) on an annual basis. After receiving the results of a reconciliation and adjustment(s), Lessee may dispute the results within thirty (30) days by providing written notice to the Lessor of Lessee's intent to exercise its audit rights.

**14. GROUNDS MAINTENANCE**  Lessor shall be responsible for the care and maintenance of the grounds including landscaping and refuse removal. Lessor shall arrange for regular maintenance thereof so as to keep and maintain the Premises in neat, clean and good condition.

**15. REPAIR AND MAINTENANCE.**   Lessor shall pay all expenses, costs, and amounts of every kind or nature that Lessor incurs because of or in connection with the ownership, operation, management, maintenance, or repair of the Premises, and shall perform repairs necessary to maintain and keep the Premises and all components of it in good working order, suitable for residential use, including, without limitation, all electrical, mechanical, plumbing, fire/life safety, and other building systems of the Premises.  Lessee, at Lessee's expense, shall immediately repair all damage to the Premises caused by Lessee or by Lessee's agents, employees, invitees or customers or damage that, due to the anticipated short term rentals, exceeds the wear and tear attributable to normal single-tenant residential apartment use. If a maintenance issue for which Lessor is responsible arises, Lessee shall contact the Lessor promptly and the Lessor shall promptly provide such maintenance. In the event an urgent (or potentially urgent) maintenance issue arises, Lessee may carry out such maintenance, using Lessor's preferred contractor or employee, if any, and deduct all reasonably incurred expenses from the next rent payment coming due, provided that (a.) The repairs were necessary, (b.) Lessor failed to act within a reasonable time after being notified and (c.) the price paid was reasonable.

**16. LESSOR ENTRY.**   Lessor may enter the Premises to perform or facilitate preventative maintenance, repairs, alterations, additions or capital improvements to the Premises. Except in emergencies, Lessor shall provide Lessee with reasonable prior notice of entry and shall use reasonable efforts to minimize any interference with use of the Premises.

**17. SIGNAGE.**   Lessee may install, at Lessee's expense, signage on the Premises.  The size, design and manner of installation of all signs by Lessee shall be subject to the prior written approval of Lessor. Any permitted signs shall be maintained in compliance with applicable

3




governmental rules and regulations governing such signs. Lessee shall be responsible to Lessor for any damage caused by the installation, use or maintenance of said signs.

**18. HAZARDOUS MATERIALS**.   Lessee shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

**19. ANIMALS.**   No Pets are allowed on the Premises.

**20. NOTICE.**   Any notice required or permitted under this Lease or under state law shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

> If to Lessor to:
> **635 N. Scott St., LLC**
> **147 Carondelet Street, Suite 1137**
> **New Orleans, La 70130**
>
> If to Lessee To:
> **Sonder USA, Inc.**
> **5600 Jefferson Highway, Suite 278**
> **Elmwood, LA 70112**

**21. EXCLUSIVE RIGHT(s).**   Lessor grants Lessee the exclusive right(s) of the Permitted Use(s) of the above stated Premises, subject to the terms and conditions of this Lease. The provisions of this Section shall (unless extended in writing by the Parties) automatically terminate as of the expiration of this Lease.

**22. GOVERNING LAW AND JURISDICTION.**   The parties to this Lease understand and agree that the provisions of this lease, between them, has the effect of law, but in reference to matters for which this lease does not provide, this Lease shall be governed by and construed in accordance with the Ordinances of the City of New Orleans, the laws of the State of Louisiana and the federal laws of the United States; and irrevocably submit to the exclusive jurisdiction of the courts of competent jurisdiction in the State of Louisiana with respect to all matters relating to this agreement.

**23. CASUALTY AND FORCE MAJEURE.**   If any of the Premises is destroyed or materially damaged by fire or other unforeseen event (Force Majeure) not due to any fault or neglect of Lessee, and thus becomes wholly unfit for occupancy, then Lessee shall be entitled to an abatement of rent for the entire period during which the Premises is unfit for occupancy. Lessee may thereupon also choose to terminate this lease as of the date of the casualty.

**24. WARRANTY.**   Lessor warrants that the Premises are in good condition, unless

4



otherwise noted. Lessee acknowledges that he has been provided the opportunity to inspect the Premises and accepts it in its current condition and agrees to keep it in same condition during the term of this lease at his expense and return it to Lessor in the same or better condition at termination of this lease, normal decay, wear and tear excepted.

**25. MODIFICATION.**   The parties hereby agree that this document contains the entire agreement between the parties and this Lease shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

**26. SURRENDER AND HOLD OVER.**   On the expiration date, Lessee shall surrender to Lessor the Premises and all alterations in a first class and clean condition, less any normal wear and tear, free of trash and debris. If Lessee with Lessor's consent, remains in possession of the Premises after the Expiration Date, such possession by Lessee  shall be deemed to be a month-to-month tenancy terminable on 30-days' written notice given at any time by Lessor or Lessee. All provisions of this Lease except for those pertaining to Term shall apply to any such tenancy.

**27. ADDITIONAL PROVISIONS; DISCLOSURES.**   This Agreement is submitted with Lessor's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards dated dated 9/25/2017 attached hereto and forming part of this lease.

**28. PARKING LOT**.   Lessee shall have full use and access to all parking lot(s) and/or facilities on the Premises. Lessor is responsible for all maintenance and repairs of the parking lot(s).

        **IN WITNESS WHEREOF**, Lessor and Lessee have each executed this Lease Agreement as of the date first above written:

                    **Lessor(s):**

                    By: _Joshua Bruno_
                         3F331841805B427...

                    Name: **635 N Scott St., LLC**
                    Date: 9/25/2017


                    **Lessee:**

                    By: _Arthur Chang_
                         1FC4910EA7C6424...

                    Name: **Sonder, USA, Inc.**
                    Date: 9/25/2017

                    5

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

## LEASE AGREEMENT

      **THIS LEASE AGREEMENT** (hereinafter referred to as the "Lease") is made and entered into as of ___9/25/2017___,(the "Effective Date"), by and between, **635 N Scott St., LLC ("Lessor")**, a Louisiana limited liability company and **Sonder USA, Inc. ("Lessee")**, a Delaware Corporation.

## W I T N E S S E T H :

      **WHEREAS**, Lessor is the fee owner of certain real property, situated in Orleans Parish, Louisiana, such real property having a municipal street address of **635 N. Scott Street, New Orleans, La 70119**.

      **WHEREAS**, Lessor agrees to lease to Lessee the Residential Unit located at **635 N. Scott Street, New Orleans, La 70119** (hereinafter referred to as the ("Premises").

      **NOW, THEREFORE,** for and in consideration of the covenants and obligations contained herein, the parties hereto hereby agree as follows:

    **1.  PREMISES DEFINED.**   The provisions of this agreement pertain exclusively to a total of one (1) residential apartment unit, **Unit 14** (hereinafter referred to as  "Unit").

    **2.  TERM.**   Five (5) years commencing on **November 1, 2017** ("Commencement Date") and ending at 11:59 PM on **October 31, 2022.**

    **3.  RENT.**   The monthly rent shall be **One Thousand  Five Hundred Dollars ($1,500)** for the initial lease year. All such payments shall be payable in advance on or before the first (1st) day of each month to Lessor via ACH wire transfer and without demand.

    **4.  RENT ABATEMENT.**   Lessee shall be provided **three (3) months** of rent abatement upon occurrence of the Commencement Date.

    **5.  RENT INCREASE.**   Beginning on the second anniversary of the rental commencement date, and each anniversary thereafter, the annual rent shall escalate by a maximum of two percent (2%).

    **6.  RENEWAL.**   Lessee shall be provided a single five (5) year renewal option, per the terms and conditions of the last year of the initial lease term.

    **7.  LATE CHARGE.**   In the event that any payment is not made within five (5) calendar days of when due, Lessee shall pay to Lessor a "late fee" in the amount of 10% of amount owed. Delinquent amounts shall bear interest from the date due until paid at the lesser of (i) 12% per

annum or (ii) the maximum rate allowed by Louisiana Law. Lessor's acceptance of these fees shall not constitute a waiver or relinquishment of any of the other rights or remedies of Lessor.

**8.   ACCESS.**   Lessee may alter, re-key, and install electronic keyless door locks at the Premises.  Lessee will provide Lessor with keys or codes capable of unlocking all such re-keyed new locks. All door locks and keys shall be returned upon vacating the Premises.

**9.   PERMITTED USE.**   Lessee intends to operate its business as "Short Term Rentals" as defined and permitted under the New Orleans Comprehensive Zoning Ordinance. Lessor agrees that Lessee's obligations to perform under this Lease are contingent upon Lessee's ability to remain compliant with all statutes, codes, ordinances, orders, rules and regulations ("Laws") of any municipal or governmental entity whether in effect now or later, including the New Orleans Comprehensive Zoning Ordinance, authorizing or permitting Lessee's use of the Premises.

**10. ASSIGNMENT AND SUBLETTING.**   Lessor acknowledges and agrees that Lessee's operations entail renting and then subletting Lessor's units for periods ranging from less than 30 days to 12 months. As such, Lessee may enter into various sublease agreements of any duration concerning the units, without having to give Lessor notice of its intention to sublease and without having to obtain Lessor's consent to sublease the units, and Lessor hereby agrees to such subleases.

**11. TAXES.**   Lessor shall pay (a.) all real property taxes and assessments on the Premises; (b.) all personal property taxes for property that is owned by Lessor and used in connection with the operation, maintenance and repair of the Premises; and c.) all costs and fees incurred in connection with seeking reductions in any tax liabilities described in (a.) and (b.), including, without limitation, any costs incurred by Lessor for compliance, review and appeal of tax liabilities. Lessee shall pay all business taxes, licenses, and fees levied or imposed by any governmental authority upon the Premises and/or business operations and activities of Lessee at the Premises, including without limitation, taxes and fees related to the operation of Short Term Rentals under the New Orleans Comprehensive Zoning Ordinance, any hotel/motel taxes, and the fees for occupational licenses and occupancy permits assessed by the City of New Orleans.

**12. INSURANCE.**   Lessor shall maintain Commercial General Liability insurance against claims for personal injury, death or property damage arising from or relating to the Premises, and property insurance insuring the Premises against loss, damage or rental interruption as Lessor reasonably may require, for the full replacement cost of the Premises (including all construction and improvements thereon), without limitation, replacement cost endorsement, agreed value endorsement, and vandalism and malicious mischief endorsements; flood, wind, and fire insurance; and umbrella excess liability insurance in such amounts as Lessor reasonably may require. Lessor shall further ensure that Lessee is added as an additional insured on the Lessor insurance policy or policies by endorsement, which endorsement shall remain in effect for the entire term of the Lease.
Lessee shall maintain a policy of Commercial General Liability (bodily injury and Property damage) insurance, insuring against liability arising on the Premises and out of the ownership, use, occupancy or maintenance of the Premises, or the business

2



conducted on the Premises, including liability arising from the negligence or other fault of all insureds, including Lessee and Lessee's guests, and additional insured parties (the "Liability Policy"). Lessor shall be an additional insured under the Liability Policy. The Liability Policy shall be a commercial-grade one million dollar property liability policy with four million dollar excess liability coverage, and shall be primary as to all additional insureds.

**13. UTILITIES AND SERVICES.**   Lessor shall pay directly for all utilities and services supplied to the Premises including Wi-Fi, with the exception of individual Unit electric and cable TV. Lessee will reimburse Lessor for master water and gas charges and Lessor shall make available all documentation of such charges to Lessee for reconciliation and adjustment(s) on an annual basis. After receiving the results of a reconciliation and adjustment(s), Lessee may dispute the results within thirty (30) days by providing written notice to the Lessor of Lessee's intent to exercise its audit rights.

**14. GROUNDS MAINTENANCE**   Lessor shall be responsible for the care and maintenance of the grounds including landscaping and refuse removal. Lessor shall arrange for regular maintenance thereof so as to keep and maintain the Premises in neat, clean and good condition.

**15. REPAIR AND MAINTENANCE.**   Lessor shall pay all expenses, costs, and amounts of every kind or nature that Lessor incurs because of or in connection with the ownership, operation, management, maintenance, or repair of the Premises, and shall perform repairs necessary to maintain and keep the Premises and all components of it in good working order, suitable for residential use, including, without limitation, all electrical, mechanical, plumbing, fire/life safety, and other building systems of the Premises.  Lessee, at Lessee's expense, shall immediately repair all damage to the Premises caused by Lessee or by Lessee's agents, employees, invitees or customers or damage that, due to the anticipated short term rentals, exceeds the wear and tear attributable to normal single-tenant residential apartment use. If a maintenance issue for which Lessor is responsible arises, Lessee shall contact the Lessor promptly and the Lessor shall promptly provide such maintenance. In the event an urgent (or potentially urgent) maintenance issue arises, Lessee may carry out such maintenance, using Lessor's preferred contractor or employee, if any, and deduct all reasonably incurred expenses from the next rent payment coming due, provided that (a.) The repairs were necessary, (b.) Lessor failed to act within a reasonable time after being notified and (c.) the price paid was reasonable.

**16. LESSOR ENTRY.**   Lessor may enter the Premises to perform or facilitate preventative maintenance, repairs, alterations, additions or capital improvements to the Premises. Except in emergencies, Lessor shall provide Lessee with reasonable prior notice of entry and shall use reasonable efforts to minimize any interference with use of the Premises.

**17. SIGNAGE.**   Lessee may install, at Lessee's expense, signage on the Premises.  The size, design and manner of installation of all signs by Lessee shall be subject to the prior written approval of Lessor. Any permitted signs shall be maintained in compliance with applicable



3

DocuSign Envelope ID: 913712C1-DF68-4030-AC8B-9DEF43A4E234

governmental rules and regulations governing such signs. Lessee shall be responsible to Lessor for any damage caused by the installation, use or maintenance of said signs.

**18. HAZARDOUS MATERIALS**.   Lessee shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

**19. ANIMALS.**   No Pets are allowed on the Premises.

**20. NOTICE.**   Any notice required or permitted under this Lease or under state law shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

> If to Lessor to:
> **635 N. Scott St., LLC**
> **147 Carondelet Street, Suite 1137**
> **New Orleans, La 70130**
>
> If to Lessee To:
> **Sonder USA, Inc.**
> **5600 Jefferson Highway, Suite 278**
> **Elmwood, LA 70112**

**21. EXCLUSIVE RIGHT(s).**   Lessor grants Lessee the exclusive right(s) of the Permitted Use(s) of the above stated Premises, subject to the terms and conditions of this Lease. The provisions of this Section shall (unless extended in writing by the Parties) automatically terminate as of the expiration of this Lease.

**22. GOVERNING LAW AND JURISDICTION.**   The parties to this Lease understand and agree that the provisions of this lease, between them, has the effect of law, but in reference to matters for which this lease does not provide, this Lease shall be governed by and construed in accordance with the Ordinances of the City of New Orleans, the laws of the State of Louisiana and the federal laws of the United States; and irrevocably submit to the exclusive jurisdiction of the courts of competent jurisdiction in the State of Louisiana with respect to all matters relating to this agreement.

**23. CASUALTY AND FORCE MAJEURE.**   If any of the Premises is destroyed or materially damaged by fire or other unforeseen event (Force Majeure) not due to any fault or neglect of Lessee, and thus becomes wholly unfit for occupancy, then Lessee shall be entitled to an abatement of rent for the entire period during which the Premises is unfit for occupancy. Lessee may thereupon also choose to terminate this lease as of the date of the casualty.

**24. WARRANTY.**   Lessor warrants that the Premises are in good condition, unless



otherwise noted. Lessee acknowledges that he has been provided the opportunity to inspect the Premises and accepts it in its current condition and agrees to keep it in same condition during the term of this lease at his expense and return it to Lessor in the same or better condition at termination of this lease, normal decay, wear and tear excepted.

**25. MODIFICATION.**   The parties hereby agree that this document contains the entire agreement between the parties and this Lease shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

**26. SURRENDER AND HOLD OVER.**   On the expiration date, Lessee shall surrender to Lessor the Premises and all alterations in a first class and clean condition, less any normal wear and tear, free of trash and debris. If Lessee with Lessor's consent, remains in possession of the Premises after the Expiration Date, such possession by Lessee  shall be deemed to be a month-to-month tenancy terminable on 30-days' written notice given at any time by Lessor or Lessee. All provisions of this Lease except for those pertaining to Term shall apply to any such tenancy.

**27. ADDITIONAL PROVISIONS; DISCLOSURES.**   This Agreement is submitted with Lessor's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards dated dated 9/25/2017 attached hereto and forming part of this lease.

**28. PARKING LOT**.   Lessee shall have full use and access to all parking lot(s) and/or facilities on the Premises. Lessor is responsible for all maintenance and repairs of the parking lot(s).

    **IN WITNESS WHEREOF**, Lessor and Lessee have each executed this Lease Agreement as of the date first above written:

**Lessor(s):**

By: _Joshua Bruno_____
    3F331841805B427...

Name: **635 N Scott St., LLC**
Date: 9/25/2017_____

**Lessee:**

By: _Arthur Chang_____
    1FC4910EA7C6424...

Name: **Sonder, USA, Inc.**
Date: 9/25/2017_____

5

STATE OF LOUISIANA

PARISH OF ORLEANS

## LEASE AGREEMENT

**THIS LEASE AGREEMENT** (hereinafter referred to as the "Lease") is made and entered into as of ___9/25/2017___,(the "Effective Date"), by and between, **635 N Scott St., LLC ("Lessor")**, a Louisiana limited liability company and **Sonder USA, Inc. ("Lessee")**, a Delaware Corporation.

## W I T N E S S E T H :

**WHEREAS**, Lessor is the fee owner of certain real property, situated in Orleans Parish, Louisiana, such real property having a municipal street address of **635 N. Scott Street, New Orleans, La 70119**.

**WHEREAS**, Lessor agrees to lease to Lessee the Residential Unit located at **635 N. Scott Street, New Orleans, La 70119** (hereinafter referred to as the ("Premises").

**NOW, THEREFORE,** for and in consideration of the covenants and obligations contained herein, the parties hereto hereby agree as follows:

**1. PREMISES DEFINED.** The provisions of this agreement pertain exclusively to a total of one (1) residential apartment unit, **Unit 15** (hereinafter referred to as "Unit").

**2. TERM.** Five (5) years commencing on **November 1, 2017** ("Commencement Date") and ending at 11:59 PM on **October 31, 2022.**

**3. RENT.** The monthly rent shall be **One Thousand Five Hundred Dollars ($1,500)** for the initial lease year. All such payments shall be payable in advance on or before the first (1st) day of each month to Lessor via ACH wire transfer and without demand.

**4. RENT ABATEMENT.** Lessee shall be provided **three (3) months** of rent abatement upon occurrence of the Commencement Date.

**5. RENT INCREASE.** Beginning on the second anniversary of the rental commencement date, and each anniversary thereafter, the annual rent shall escalate by a maximum of two percent (2%).

**6. RENEWAL.** Lessee shall be provided a single five (5) year renewal option, per the terms and conditions of the last year of the initial lease term.

**7. LATE CHARGE.** In the event that any payment is not made within five (5) calendar days of when due, Lessee shall pay to Lessor a "late fee" in the amount of 10% of amount owed. Delinquent amounts shall bear interest from the date due until paid at the lesser of (i) 12% per

DocuSign Envelope ID: 913712C1-DF68-4030-AC8B-9DEF43A4E234

annum or (ii) the maximum rate allowed by Louisiana Law. Lessor's acceptance of these fees shall not constitute a waiver or relinquishment of any of the other rights or remedies of Lessor.

**8. ACCESS.** Lessee may alter, re-key, and install electronic keyless door locks at the Premises. Lessee will provide Lessor with keys or codes capable of unlocking all such re-keyed new locks. All door locks and keys shall be returned upon vacating the Premises.

**9. PERMITTED USE.** Lessee intends to operate its business as "Short Term Rentals" as defined and permitted under the New Orleans Comprehensive Zoning Ordinance. Lessor agrees that Lessee's obligations to perform under this Lease are contingent upon Lessee's ability to remain compliant with all statutes, codes, ordinances, orders, rules and regulations ("Laws") of any municipal or governmental entity whether in effect now or later, including the New Orleans Comprehensive Zoning Ordinance, authorizing or permitting Lessee's use of the Premises.

**10. ASSIGNMENT AND SUBLETTING.** Lessor acknowledges and agrees that Lessee's operations entail renting and then subletting Lessor's units for periods ranging from less than 30 days to 12 months. As such, Lessee may enter into various sublease agreements of any duration concerning the units, without having to give Lessor notice of its intention to sublease and without having to obtain Lessor's consent to sublease the units, and Lessor hereby agrees to such subleases.

**11. TAXES.** Lessor shall pay (a.) all real property taxes and assessments on the Premises; (b.) all personal property taxes for property that is owned by Lessor and used in connection with the operation, maintenance and repair of the Premises; and c.) all costs and fees incurred in connection with seeking reductions in any tax liabilities described in (a.) and (b.), including, without limitation, any costs incurred by Lessor for compliance, review and appeal of tax liabilities. Lessee shall pay all business taxes, licenses, and fees levied or imposed by any governmental authority upon the Premises and/or business operations and activities of Lessee at the Premises, including without limitation, taxes and fees related to the operation of Short Term Rentals under the New Orleans Comprehensive Zoning Ordinance, any hotel/motel taxes, and the fees for occupational licenses and occupancy permits assessed by the City of New Orleans.

**12. INSURANCE.** Lessor shall maintain Commercial General Liability insurance against claims for personal injury, death or property damage arising from or relating to the Premises, and property insurance insuring the Premises against loss, damage or rental interruption as Lessor reasonably may require, for the full replacement cost of the Premises (including all construction and improvements thereon), without limitation, replacement cost endorsement, agreed value endorsement, and vandalism and malicious mischief endorsements; flood, wind, and fire insurance; and umbrella excess liability insurance in such amounts as Lessor reasonably may require. Lessor shall further ensure that Lessee is added as an additional insured on the Lessor insurance policy or policies by endorsement, which endorsement shall remain in effect for the entire term of the Lease.
Lessee shall maintain a policy of Commercial General Liability (bodily injury and Property damage) insurance, insuring against liability arising on the Premises and out of the ownership, use, occupancy or maintenance of the Premises, or the business



2

conducted on the Premises, including liability arising from the negligence or other fault of all insureds, including Lessee and Lessee's guests, and additional insured parties (the "Liability Policy"). Lessor shall be an additional insured under the Liability Policy. The Liability Policy shall be a commercial-grade one million dollar property liability policy with four million dollar excess liability coverage, and shall be primary as to all additional insureds.

**13. UTILITIES AND SERVICES.**   Lessor shall pay directly for all utilities and services supplied to the Premises including Wi-Fi, with the exception of individual Unit electric and cable TV. Lessee will reimburse Lessor for master water and gas charges and Lessor shall make available all documentation of such charges to Lessee for reconciliation and adjustment(s) on an annual basis. After receiving the results of a reconciliation and adjustment(s), Lessee may dispute the results within thirty (30) days by providing written notice to the Lessor of Lessee's intent to exercise its audit rights.

**14. GROUNDS MAINTENANCE**  Lessor shall be responsible for the care and maintenance of the grounds including landscaping and refuse removal. Lessor shall arrange for regular maintenance thereof so as to keep and maintain the Premises in neat, clean and good condition.

**15. REPAIR AND MAINTENANCE.**   Lessor shall pay all expenses, costs, and amounts of every kind or nature that Lessor incurs because of or in connection with the ownership, operation, management, maintenance, or repair of the Premises, and shall perform repairs necessary to maintain and keep the Premises and all components of it in good working order, suitable for residential use, including, without limitation, all electrical, mechanical, plumbing, fire/life safety, and other building systems of the Premises.  Lessee, at Lessee's expense, shall immediately repair all damage to the Premises caused by Lessee or by Lessee's agents, employees, invitees or customers or damage that, due to the anticipated short term rentals, exceeds the wear and tear attributable to normal single-tenant residential apartment use. If a maintenance issue for which Lessor is responsible arises, Lessee shall contact the Lessor promptly and the Lessor shall promptly provide such maintenance. In the event an urgent (or potentially urgent) maintenance issue arises, Lessee may carry out such maintenance, using Lessor's preferred contractor or employee, if any, and deduct all reasonably incurred expenses from the next rent payment coming due, provided that (a.) The repairs were necessary, (b.) Lessor failed to act within a reasonable time after being notified and (c.) the price paid was reasonable.

**16. LESSOR ENTRY.**   Lessor may enter the Premises to perform or facilitate preventative maintenance, repairs, alterations, additions or capital improvements to the Premises. Except in emergencies, Lessor shall provide Lessee with reasonable prior notice of entry and shall use reasonable efforts to minimize any interference with use of the Premises.

**17. SIGNAGE.**   Lessee may install, at Lessee's expense, signage on the Premises.  The size, design and manner of installation of all signs by Lessee shall be subject to the prior written approval of Lessor. Any permitted signs shall be maintained in compliance with applicable



3

governmental rules and regulations governing such signs. Lessee shall be responsible to Lessor for any damage caused by the installation, use or maintenance of said signs.

**18. HAZARDOUS MATERIALS**.   Lessee shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

**19. ANIMALS.**   No Pets are allowed on the Premises.

**20. NOTICE.**   Any notice required or permitted under this Lease or under state law shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

> If to Lessor to:
> **635 N. Scott St., LLC**
> **147 Carondelet Street, Suite 1137**
> **New Orleans, La 70130**
>
> If to Lessee To:
> **Sonder USA, Inc.**
> **5600 Jefferson Highway, Suite 278**
> **Elmwood, LA 70112**

**21. EXCLUSIVE RIGHT(s).**   Lessor grants Lessee the exclusive right(s) of the Permitted Use(s) of the above stated Premises, subject to the terms and conditions of this Lease. The provisions of this Section shall (unless extended in writing by the Parties) automatically terminate as of the expiration of this Lease.

**22. GOVERNING LAW AND JURISDICTION.**   The parties to this Lease understand and agree that the provisions of this lease, between them, has the effect of law, but in reference to matters for which this lease does not provide, this Lease shall be governed by and construed in accordance with the Ordinances of the City of New Orleans, the laws of the State of Louisiana and the federal laws of the United States; and irrevocably submit to the exclusive jurisdiction of the courts of competent jurisdiction in the State of Louisiana with respect to all matters relating to this agreement.

**23. CASUALTY AND FORCE MAJEURE.**   If any of the Premises is destroyed or materially damaged by fire or other unforeseen event (Force Majeure) not due to any fault or neglect of Lessee, and thus becomes wholly unfit for occupancy, then Lessee shall be entitled to an abatement of rent for the entire period during which the Premises is unfit for occupancy. Lessee may thereupon also choose to terminate this lease as of the date of the casualty.

**24. WARRANTY.**   Lessor warrants that the Premises are in good condition, unless



otherwise noted. Lessee acknowledges that he has been provided the opportunity to inspect the Premises and accepts it in its current condition and agrees to keep it in same condition during the term of this lease at his expense and return it to Lessor in the same or better condition at termination of this lease, normal decay, wear and tear excepted.

**25. MODIFICATION.**   The parties hereby agree that this document contains the entire agreement between the parties and this Lease shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

**26. SURRENDER AND HOLD OVER.**   On the expiration date, Lessee shall surrender to Lessor the Premises and all alterations in a first class and clean condition, less any normal wear and tear, free of trash and debris. If Lessee with Lessor's consent, remains in possession of the Premises after the Expiration Date, such possession by Lessee  shall be deemed to be a month-to-month tenancy terminable on 30-days' written notice given at any time by Lessor or Lessee. All provisions of this Lease except for those pertaining to Term shall apply to any such tenancy.

**27. ADDITIONAL PROVISIONS; DISCLOSURES.**   This Agreement is submitted with Lessor's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards dated dated 9/25/2017 attached hereto and forming part of this lease.

**28. PARKING LOT**.   Lessee shall have full use and access to all parking lot(s) and/or facilities on the Premises. Lessor is responsible for all maintenance and repairs of the parking lot(s).

**IN WITNESS WHEREOF**, Lessor and Lessee have each executed this Lease Agreement as of the date first above written:

**Lessor(s):**

By: _____

Joshua Bruno

3F331841805B427...

Name: **635 N Scott St., LLC**
Date: _____ 9/25/2017

**Lessee:**

By: _____

Arthur Chang

1FC4910EA7C6424...

Name: **Sonder, USA, Inc.**
Date: _____ 9/25/2017

5

STATE OF LOUISIANA
PARISH OF ORLEANS

## LEASE AGREEMENT

**THIS LEASE AGREEMENT** (hereinafter referred to as the "Lease") is made and entered into as of ___9/25/2017___,(the "Effective Date"), by and between, **635 N Scott St., LLC ("Lessor")**, a Louisiana limited liability company and **Sonder USA, Inc. ("Lessee")**, a Delaware Corporation.

## W I T N E S S E T H :

**WHEREAS**, Lessor is the fee owner of certain real property, situated in Orleans Parish, Louisiana, such real property having a municipal street address of **635 N. Scott Street, New Orleans, La 70119**.

**WHEREAS**, Lessor agrees to lease to Lessee the Residential Unit located at **635 N. Scott Street, New Orleans, La 70119** (hereinafter referred to as the ("Premises").

**NOW, THEREFORE,** for and in consideration of the covenants and obligations contained herein, the parties hereto hereby agree as follows:

1. **PREMISES DEFINED.**   The provisions of this agreement pertain exclusively to a total of one (1) residential apartment unit, **Unit 16** (hereinafter referred to as  "Unit").

2. **TERM.**   Five (5) years commencing on **February 1, 2018** ("Commencement Date") and ending at 11:59 PM on **January 31, 2023.**

3. **RENT.**   The monthly rent shall be **One Thousand  Five Hundred Dollars ($1,500)** for the initial lease year. All such payments shall be payable in advance on or before the first (1st) day of each month to Lessor via ACH wire transfer and without demand.

4. **RENT ABATEMENT.**   Lessee shall be provided **three (3) months** of rent abatement upon occurrence of the Commencement Date.

5. **RENT INCREASE.**   Beginning on the second anniversary of the rental commencement date, and each anniversary thereafter, the annual rent shall escalate by a maximum of two percent (2%).

6. **RENEWAL.**   Lessee shall be provided a single five (5) year renewal option, per the terms and conditions of the last year of the initial lease term.

7. **LATE CHARGE.**   In the event that any payment is not made within five (5) calendar days of when due, Lessee shall pay to Lessor a "late fee" in the amount of 10% of amount owed. Delinquent amounts shall bear interest from the date due until paid at the lesser of (i) 12% per

annum or (ii) the maximum rate allowed by Louisiana Law. Lessor's acceptance of these fees shall not constitute a waiver or relinquishment of any of the other rights or remedies of Lessor.

**8.  ACCESS.**   Lessee may alter, re-key, and install electronic keyless door locks at the Premises.  Lessee will provide Lessor with keys or codes capable of unlocking all such re-keyed new locks. All door locks and keys shall be returned upon vacating the Premises.

**9.  PERMITTED USE.**   Lessee intends to operate its business as "Short Term Rentals" as defined and permitted under the New Orleans Comprehensive Zoning Ordinance. Lessor agrees that Lessee's obligations to perform under this Lease are contingent upon Lessee's ability to remain compliant with all statutes, codes, ordinances, orders, rules and regulations ("Laws") of any municipal or governmental entity whether in effect now or later, including the New Orleans Comprehensive Zoning Ordinance, authorizing or permitting Lessee's use of the Premises.

**10. ASSIGNMENT AND SUBLETTING.**   Lessor acknowledges and agrees that Lessee's operations entail renting and then subletting Lessor's units for periods ranging from less than 30 days to 12 months. As such, Lessee may enter into various sublease agreements of any duration concerning the units, without having to give Lessor notice of its intention to sublease and without having to obtain Lessor's consent to sublease the units, and Lessor hereby agrees to such subleases.

**11. TAXES.**   Lessor shall pay (a.) all real property taxes and assessments on the Premises; (b.) all personal property taxes for property that is owned by Lessor and used in connection with the operation, maintenance and repair of the Premises; and c.) all costs and fees incurred in connection with seeking reductions in any tax liabilities described in (a.) and (b.), including, without limitation, any costs incurred by Lessor for compliance, review and appeal of tax liabilities. Lessee shall pay all business taxes, licenses, and fees levied or imposed by any governmental authority upon the Premises and/or business operations and activities of Lessee at the Premises, including without limitation, taxes and fees related to the operation of Short Term Rentals under the New Orleans Comprehensive Zoning Ordinance, any hotel/motel taxes, and the fees for occupational licenses and occupancy permits assessed by the City of New Orleans.

**12.  INSURANCE.**   Lessor shall maintain Commercial General Liability insurance against claims for personal injury, death or property damage arising from or relating to the Premises, and property insurance insuring the Premises against loss, damage or rental interruption as Lessor reasonably may require, for the full replacement cost of the Premises (including all construction and improvements thereon), without limitation, replacement cost endorsement, agreed value endorsement, and vandalism and malicious mischief endorsements; flood, wind, and fire insurance; and umbrella excess liability insurance in such amounts as Lessor reasonably may require. Lessor shall further ensure that Lessee is added as an additional insured on the Lessor insurance policy or policies by endorsement, which endorsement shall remain in effect for the entire term of the Lease.
Lessee shall maintain a policy of Commercial General Liability (bodily injury and Property damage) insurance, insuring against liability arising on the Premises and out of the ownership, use, occupancy or maintenance of the Premises, or the business

conducted on the Premises, including liability arising from the negligence or other fault of all insureds, including Lessee and Lessee's guests, and additional insured parties (the "Liability Policy"). Lessor shall be an additional insured under the Liability Policy. The Liability Policy shall be a commercial-grade one million dollar property liability policy with four million dollar excess liability coverage, and shall be primary as to all additional insureds.

**13. UTILITIES AND SERVICES.**   Lessor shall pay directly for all utilities and services supplied to the Premises including Wi-Fi, with the exception of individual Unit electric and cable TV. Lessee will reimburse Lessor for master water and gas charges and Lessor shall make available all documentation of such charges to Lessee for reconciliation and adjustment(s) on an annual basis. After receiving the results of a reconciliation and adjustment(s), Lessee may dispute the results within thirty (30) days by providing written notice to the Lessor of Lessee's intent to exercise its audit rights.

**14. GROUNDS MAINTENANCE**   Lessor shall be responsible for the care and maintenance of the grounds including landscaping and refuse removal. Lessor shall arrange for regular maintenance thereof so as to keep and maintain the Premises in neat, clean and good condition.

**15. REPAIR AND MAINTENANCE.**   Lessor shall pay all expenses, costs, and amounts of every kind or nature that Lessor incurs because of or in connection with the ownership, operation, management, maintenance, or repair of the Premises, and shall perform repairs necessary to maintain and keep the Premises and all components of it in good working order, suitable for residential use, including, without limitation, all electrical, mechanical, plumbing, fire/life safety, and other building systems of the Premises.  Lessee, at Lessee's expense, shall immediately repair all damage to the Premises caused by Lessee or by Lessee's agents, employees, invitees or customers or damage that, due to the anticipated short term rentals, exceeds the wear and tear attributable to normal single-tenant residential apartment use. If a maintenance issue for which Lessor is responsible arises, Lessee shall contact the Lessor promptly and the Lessor shall promptly provide such maintenance. In the event an urgent (or potentially urgent) maintenance issue arises, Lessee may carry out such maintenance, using Lessor's preferred contractor or employee, if any, and deduct all reasonably incurred expenses from the next rent payment coming due, provided that (a.) The repairs were necessary, (b.) Lessor failed to act within a reasonable time after being notified and (c.) the price paid was reasonable.

**16. LESSOR ENTRY.**   Lessor may enter the Premises to perform or facilitate preventative maintenance, repairs, alterations, additions or capital improvements to the Premises. Except in emergencies, Lessor shall provide Lessee with reasonable prior notice of entry and shall use reasonable efforts to minimize any interference with use of the Premises.

**17. SIGNAGE.**   Lessee may install, at Lessee's expense, signage on the Premises.  The size, design and manner of installation of all signs by Lessee shall be subject to the prior written approval of Lessor. Any permitted signs shall be maintained in compliance with applicable

3



governmental rules and regulations governing such signs. Lessee shall be responsible to Lessor for any damage caused by the installation, use or maintenance of said signs.

**18. HAZARDOUS MATERIALS**.   Lessee shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

**19. ANIMALS.**   No Pets are allowed on the Premises.

**20. NOTICE.**   Any notice required or permitted under this Lease or under state law shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

> If to Lessor to:
> **635 N. Scott St., LLC**
> **147 Carondelet Street, Suite 1137**
> **New Orleans, La 70130**
>
> If to Lessee To:
> **Sonder USA, Inc.**
> **5600 Jefferson Highway, Suite 278**
> **Elmwood, LA 70112**

**21. EXCLUSIVE RIGHT(s).**   Lessor grants Lessee the exclusive right(s) of the Permitted Use(s) of the above stated Premises, subject to the terms and conditions of this Lease. The provisions of this Section shall (unless extended in writing by the Parties) automatically terminate as of the expiration of this Lease.

**22. GOVERNING LAW AND JURISDICTION.**   The parties to this Lease understand and agree that the provisions of this lease, between them, has the effect of law, but in reference to matters for which this lease does not provide, this Lease shall be governed by and construed in accordance with the Ordinances of the City of New Orleans, the laws of the State of Louisiana and the federal laws of the United States; and irrevocably submit to the exclusive jurisdiction of the courts of competent jurisdiction in the State of Louisiana with respect to all matters relating to this agreement.

**23. CASUALTY AND FORCE MAJEURE.**   If any of the Premises is destroyed or materially damaged by fire or other unforeseen event (Force Majeure) not due to any fault or neglect of Lessee, and thus becomes wholly unfit for occupancy, then Lessee shall be entitled to an abatement of rent for the entire period during which the Premises is unfit for occupancy. Lessee may thereupon also choose to terminate this lease as of the date of the casualty.

**24. WARRANTY.**   Lessor warrants that the Premises are in good condition, unless



4

otherwise noted. Lessee acknowledges that he has been provided the opportunity to inspect the Premises and accepts it in its current condition and agrees to keep it in same condition during the term of this lease at his expense and return it to Lessor in the same or better condition at termination of this lease, normal decay, wear and tear excepted.

**25. MODIFICATION.**   The parties hereby agree that this document contains the entire agreement between the parties and this Lease shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

**26. SURRENDER AND HOLD OVER.**   On the expiration date, Lessee shall surrender to Lessor the Premises and all alterations in a first class and clean condition, less any normal wear and tear, free of trash and debris. If Lessee with Lessor's consent, remains in possession of the Premises after the Expiration Date, such possession by Lessee  shall be deemed to be a month-to-month tenancy terminable on 30-days' written notice given at any time by Lessor or Lessee. All provisions of this Lease except for those pertaining to Term shall apply to any such tenancy.

**27. ADDITIONAL PROVISIONS; DISCLOSURES.**   This Agreement is submitted with Lessor's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards dated dated <u>9/25/2017</u> attached hereto and forming part of this lease.

**28. PARKING LOT**.   Lessee shall have full use and access to all parking lot(s) and/or facilities on the Premises. Lessor is responsible for all maintenance and repairs of the parking lot(s).

   **IN WITNESS WHEREOF**, Lessor and Lessee have each executed this Lease Agreement as of the date first above written:

**Lessor(s):**

By: _____ *Joshua Bruno* _____
DocuSigned by:
3F331841805B427...

Name: **635 N Scott St., LLC**
Date: _____9/25/2017_____

**Lessee:**

By: _____ *Arthur Chang* _____
DocuSigned by:
1FC4910EA7C6424...

Name: **Sonder, USA, Inc.**
Date: _____9/25/2017_____

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

# LEASE AGREEMENT

      **THIS LEASE AGREEMENT** (hereinafter referred to as the "Lease") is made and entered into as of _____9/25/2017_____,(the "Effective Date"), by and between, **635 N Scott St., LLC ("Lessor")**, a Louisiana limited liability company and **Sonder USA, Inc. ("Lessee")**, a Delaware Corporation.

# W I T N E S S E T H :

      **WHEREAS**, Lessor is the fee owner of certain real property, situated in Orleans Parish, Louisiana, such real property having a municipal street address of **635 N. Scott Street, New Orleans, La 70119**.

      **WHEREAS**, Lessor agrees to lease to Lessee the Residential Unit located at **635 N. Scott Street, New Orleans, La 70119** (hereinafter referred to as the ("Premises").

      **NOW, THEREFORE,** for and in consideration of the covenants and obligations contained herein, the parties hereto hereby agree as follows:

  **1.  PREMISES DEFINED.**   The provisions of this agreement pertain exclusively to a total of one (1) residential apartment unit, **Unit 17** (hereinafter referred to as  "Unit").

  **2.  TERM.**   Five (5) years commencing on **November 1, 2017** ("Commencement Date") and ending at 11:59 PM on **October 31, 2022.**

  **3.  RENT.**   The monthly rent shall be **One Thousand  Five Hundred Dollars ($1,500)** for the initial lease year. All such payments shall be payable in advance on or before the first (1st) day of each month to Lessor via ACH wire transfer and without demand.

  **4.  RENT ABATEMENT.**   Lessee shall be provided **three (3) months** of rent abatement upon occurrence of the Commencement Date.

  **5.  RENT INCREASE.**   Beginning on the second anniversary of the rental commencement date, and each anniversary thereafter, the annual rent shall escalate by a maximum of two percent (2%).

  **6.  RENEWAL.**   Lessee shall be provided a single five (5) year renewal option, per the terms and conditions of the last year of the initial lease term.

  **7.  LATE CHARGE.**   In the event that any payment is not made within five (5) calendar days of when due, Lessee shall pay to Lessor a "late fee" in the amount of 10% of amount owed. Delinquent amounts shall bear interest from the date due until paid at the lesser of (i) 12% per

annum or (ii) the maximum rate allowed by Louisiana Law. Lessor's acceptance of these fees shall not constitute a waiver or relinquishment of any of the other rights or remedies of Lessor.

**8.   ACCESS.**   Lessee may alter, re-key, and install electronic keyless door locks at the Premises.  Lessee will provide Lessor with keys or codes capable of unlocking all such re-keyed new locks. All door locks and keys shall be returned upon vacating the Premises.

**9.   PERMITTED USE.**   Lessee intends to operate its business as "Short Term Rentals" as defined and permitted under the New Orleans Comprehensive Zoning Ordinance. Lessor agrees that Lessee's obligations to perform under this Lease are contingent upon Lessee's ability to remain compliant with all statutes, codes, ordinances, orders, rules and regulations ("Laws") of any municipal or governmental entity whether in effect now or later, including the New Orleans Comprehensive Zoning Ordinance, authorizing or permitting Lessee's use of the Premises.

**10. ASSIGNMENT AND SUBLETTING.**   Lessor acknowledges and agrees that Lessee's operations entail renting and then subletting Lessor's units for periods ranging from less than 30 days to 12 months. As such, Lessee may enter into various sublease agreements of any duration concerning the units, without having to give Lessor notice of its intention to sublease and without having to obtain Lessor's consent to sublease the units, and Lessor hereby agrees to such subleases.

**11. TAXES.**   Lessor shall pay (a.) all real property taxes and assessments on the Premises; (b.) all personal property taxes for property that is owned by Lessor and used in connection with the operation, maintenance and repair of the Premises; and c.) all costs and fees incurred in connection with seeking reductions in any tax liabilities described in (a.) and (b.), including, without limitation, any costs incurred by Lessor for compliance, review and appeal of tax liabilities. Lessee shall pay all business taxes, licenses, and fees levied or imposed by any governmental authority upon the Premises and/or business operations and activities of Lessee at the Premises, including without limitation, taxes and fees related to the operation of Short Term Rentals under the New Orleans Comprehensive Zoning Ordinance, any hotel/motel taxes, and the fees for occupational licenses and occupancy permits assessed by the City of New Orleans.

**12.  INSURANCE.**   Lessor shall maintain Commercial General Liability insurance against claims for personal injury, death or property damage arising from or relating to the Premises, and property insurance insuring the Premises against loss, damage or rental interruption as Lessor reasonably may require, for the full replacement cost of the Premises (including all construction and improvements thereon), without limitation, replacement cost endorsement, agreed value endorsement, and vandalism and malicious mischief endorsements; flood, wind, and fire insurance; and umbrella excess liability insurance in such amounts as Lessor reasonably may require. Lessor shall further ensure that Lessee is added as an additional insured on the Lessor insurance policy or policies by endorsement, which endorsement shall remain in effect for the entire term of the Lease.

Lessee shall maintain a policy of Commercial General Liability (bodily injury and Property damage) insurance, insuring against liability arising on the Premises and out of the ownership, use, occupancy or maintenance of the Premises, or the business

conducted on the Premises, including liability arising from the negligence or other fault of all insureds, including Lessee and Lessee's guests, and additional insured parties (the "Liability Policy"). Lessor shall be an additional insured under the Liability Policy. The Liability Policy shall be a commercial-grade one million dollar property liability policy with four million dollar excess liability coverage, and shall be primary as to all additional insureds.

**13. UTILITIES AND SERVICES.** Lessor shall pay directly for all utilities and services supplied to the Premises including Wi-Fi, with the exception of individual Unit electric and cable TV. Lessee will reimburse Lessor for master water and gas charges and Lessor shall make available all documentation of such charges to Lessee for reconciliation and adjustment(s) on an annual basis. After receiving the results of a reconciliation and adjustment(s), Lessee may dispute the results within thirty (30) days by providing written notice to the Lessor of Lessee's intent to exercise its audit rights.

**14. GROUNDS MAINTENANCE** Lessor shall be responsible for the care and maintenance of the grounds including landscaping and refuse removal. Lessor shall arrange for regular maintenance thereof so as to keep and maintain the Premises in neat, clean and good condition.

**15. REPAIR AND MAINTENANCE.** Lessor shall pay all expenses, costs, and amounts of every kind or nature that Lessor incurs because of or in connection with the ownership, operation, management, maintenance, or repair of the Premises, and shall perform repairs necessary to maintain and keep the Premises and all components of it in good working order, suitable for residential use, including, without limitation, all electrical, mechanical, plumbing, fire/life safety, and other building systems of the Premises. Lessee, at Lessee's expense, shall immediately repair all damage to the Premises caused by Lessee or by Lessee's agents, employees, invitees or customers or damage that, due to the anticipated short term rentals, exceeds the wear and tear attributable to normal single-tenant residential apartment use. If a maintenance issue for which Lessor is responsible arises, Lessee shall contact the Lessor promptly and the Lessor shall promptly provide such maintenance. In the event an urgent (or potentially urgent) maintenance issue arises, Lessee may carry out such maintenance, using Lessor's preferred contractor or employee, if any, and deduct all reasonably incurred expenses from the next rent payment coming due, provided that (a.) The repairs were necessary, (b.) Lessor failed to act within a reasonable time after being notified and (c.) the price paid was reasonable.

**16. LESSOR ENTRY.** Lessor may enter the Premises to perform or facilitate preventative maintenance, repairs, alterations, additions or capital improvements to the Premises. Except in emergencies, Lessor shall provide Lessee with reasonable prior notice of entry and shall use reasonable efforts to minimize any interference with use of the Premises.

**17. SIGNAGE.** Lessee may install, at Lessee's expense, signage on the Premises. The size, design and manner of installation of all signs by Lessee shall be subject to the prior written approval of Lessor. Any permitted signs shall be maintained in compliance with applicable

3

governmental rules and regulations governing such signs. Lessee shall be responsible to Lessor for any damage caused by the installation, use or maintenance of said signs.

**18. HAZARDOUS MATERIALS**.  Lessee shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

**19. ANIMALS.**  No Pets are allowed on the Premises.

**20. NOTICE.**  Any notice required or permitted under this Lease or under state law shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

> If to Lessor to:
> **635 N. Scott St., LLC**
> **147 Carondelet Street, Suite 1137**
> **New Orleans, La 70130**
>
> If to Lessee To:
> **Sonder USA, Inc.**
> **5600 Jefferson Highway, Suite 278**
> **Elmwood, LA 70112**

**21. EXCLUSIVE RIGHT(s).**  Lessor grants Lessee the exclusive right(s) of the Permitted Use(s) of the above stated Premises, subject to the terms and conditions of this Lease. The provisions of this Section shall (unless extended in writing by the Parties) automatically terminate as of the expiration of this Lease.

**22. GOVERNING LAW AND JURISDICTION.**  The parties to this Lease understand and agree that the provisions of this lease, between them, has the effect of law, but in reference to matters for which this lease does not provide, this Lease shall be governed by and construed in accordance with the Ordinances of the City of New Orleans, the laws of the State of Louisiana and the federal laws of the United States; and irrevocably submit to the exclusive jurisdiction of the courts of competent jurisdiction in the State of Louisiana with respect to all matters relating to this agreement.

**23. CASUALTY AND FORCE MAJEURE.**  If any of the Premises is destroyed or materially damaged by fire or other unforeseen event (Force Majeure) not due to any fault or neglect of Lessee, and thus becomes wholly unfit for occupancy, then Lessee shall be entitled to an abatement of rent for the entire period during which the Premises is unfit for occupancy. Lessee may thereupon also choose to terminate this lease as of the date of the casualty.

**24. WARRANTY.**  Lessor warrants that the Premises are in good condition, unless



4

otherwise noted. Lessee acknowledges that he has been provided the opportunity to inspect the Premises and accepts it in its current condition and agrees to keep it in same condition during the term of this lease at his expense and return it to Lessor in the same or better condition at termination of this lease, normal decay, wear and tear excepted.

**25. MODIFICATION.**   The parties hereby agree that this document contains the entire agreement between the parties and this Lease shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

**26. SURRENDER AND HOLD OVER.**   On the expiration date, Lessee shall surrender to Lessor the Premises and all alterations in a first class and clean condition, less any normal wear and tear, free of trash and debris. If Lessee with Lessor's consent, remains in possession of the Premises after the Expiration Date, such possession by Lessee  shall be deemed to be a month-to-month tenancy terminable on 30-days' written notice given at any time by Lessor or Lessee. All provisions of this Lease except for those pertaining to Term shall apply to any such tenancy.

**27. ADDITIONAL PROVISIONS; DISCLOSURES.**   This Agreement is submitted with Lessor's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards dated dated 9/25/2017 attached hereto and forming part of this lease.

**28. PARKING LOT**.   Lessee shall have full use and access to all parking lot(s) and/or facilities on the Premises. Lessor is responsible for all maintenance and repairs of the parking lot(s).

   **IN WITNESS WHEREOF**, Lessor and Lessee have each executed this Lease Agreement as of the date first above written:

**Lessor(s):**

By: _____ *Joshua Bruno* _____
                3F331841805B427...

Name: **635 N Scott St., LLC**
Date: _____ 9/25/2017 _____

**Lessee:**

By: _____ *Arthur Chang* _____
                1FC4910EA7C6424...

Name: **Sonder, USA, Inc.**
Date: _____ 9/25/2017 _____

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

## LEASE AGREEMENT

**THIS LEASE AGREEMENT** (hereinafter referred to as the "Lease") is made and entered into as of _____9/25/2017_____,(the "Effective Date"), by and between, **635 N Scott St., LLC ("Lessor")**, a Louisiana limited liability company and **Sonder USA, Inc. ("Lessee")**, a Delaware Corporation.

## W I T N E S S E T H :

**WHEREAS**, Lessor is the fee owner of certain real property, situated in Orleans Parish, Louisiana, such real property having a municipal street address of **635 N. Scott Street, New Orleans, La 70119**.

**WHEREAS**, Lessor agrees to lease to Lessee the Residential Unit located at **635 N. Scott Street, New Orleans, La 70119** (hereinafter referred to as the ("Premises").

**NOW, THEREFORE,** for and in consideration of the covenants and obligations contained herein, the parties hereto hereby agree as follows:

1.  **PREMISES DEFINED.**   The provisions of this agreement pertain exclusively to a total of one (1) residential apartment unit, **Unit 18** (hereinafter referred to as  "Unit").

2.  **TERM.**   Five (5) years commencing on **July 1, 2019** ("Commencement Date") and ending at 11:59 PM on **June 30, 2024.**

3.  **RENT.**   The monthly rent shall be **One Thousand  Five Hundred Dollars ($1,500)** for the initial lease year. All such payments shall be payable in advance on or before the first (1st) day of each month to Lessor via ACH wire transfer and without demand.

4.  **RENT ABATEMENT.**   Lessee shall be provided **three (3) months** of rent abatement upon occurrence of the Commencement Date.

5.  **RENT INCREASE.**   Beginning on the second anniversary of the rental commencement date, and each anniversary thereafter, the annual rent shall escalate by a maximum of two percent (2%).

6.  **RENEWAL.**   Lessee shall be provided a single five (5) year renewal option, per the terms and conditions of the last year of the initial lease term.

7.  **LATE CHARGE.**   In the event that any payment is not made within five (5) calendar days of when due, Lessee shall pay to Lessor a "late fee" in the amount of 10% of amount owed. Delinquent amounts shall bear interest from the date due until paid at the lesser of (i) 12% per

annum or (ii) the maximum rate allowed by Louisiana Law. Lessor's acceptance of these fees shall not constitute a waiver or relinquishment of any of the other rights or remedies of Lessor.

**8. ACCESS.**  Lessee may alter, re-key, and install electronic keyless door locks at the Premises.  Lessee will provide Lessor with keys or codes capable of unlocking all such re-keyed new locks. All door locks and keys shall be returned upon vacating the Premises.

**9. PERMITTED USE.**  Lessee intends to operate its business as "Short Term Rentals" as defined and permitted under the New Orleans Comprehensive Zoning Ordinance. Lessor agrees that Lessee's obligations to perform under this Lease are contingent upon Lessee's ability to remain compliant with all statutes, codes, ordinances, orders, rules and regulations ("Laws") of any municipal or governmental entity whether in effect now or later, including the New Orleans Comprehensive Zoning Ordinance, authorizing or permitting Lessee's use of the Premises.

**10. ASSIGNMENT AND SUBLETTING.**  Lessor acknowledges and agrees that Lessee's operations entail renting and then subletting Lessor's units for periods ranging from less than 30 days to 12 months. As such, Lessee may enter into various sublease agreements of any duration concerning the units, without having to give Lessor notice of its intention to sublease and without having to obtain Lessor's consent to sublease the units, and Lessor hereby agrees to such subleases.

**11. TAXES.**  Lessor shall pay (a.) all real property taxes and assessments on the Premises; (b.) all personal property taxes for property that is owned by Lessor and used in connection with the operation, maintenance and repair of the Premises; and c.) all costs and fees incurred in connection with seeking reductions in any tax liabilities described in (a.) and (b.), including, without limitation, any costs incurred by Lessor for compliance, review and appeal of tax liabilities. Lessee shall pay all business taxes, licenses, and fees levied or imposed by any governmental authority upon the Premises and/or business operations and activities of Lessee at the Premises, including without limitation, taxes and fees related to the operation of Short Term Rentals under the New Orleans Comprehensive Zoning Ordinance, any hotel/motel taxes, and the fees for occupational licenses and occupancy permits assessed by the City of New Orleans.

**12. INSURANCE.**  Lessor shall maintain Commercial General Liability insurance against claims for personal injury, death or property damage arising from or relating to the Premises, and property insurance insuring the Premises against loss, damage or rental interruption as Lessor reasonably may require, for the full replacement cost of the Premises (including all construction and improvements thereon), without limitation, replacement cost endorsement, agreed value endorsement, and vandalism and malicious mischief endorsements; flood, wind, and fire insurance; and umbrella excess liability insurance in such amounts as Lessor reasonably may require. Lessor shall further ensure that Lessee is added as an additional insured on the Lessor insurance policy or policies by endorsement, which endorsement shall remain in effect for the entire term of the Lease.
Lessee shall maintain a policy of Commercial General Liability (bodily injury and Property damage) insurance, insuring against liability arising on the Premises and out of the ownership, use, occupancy or maintenance of the Premises, or the business

2

DocuSign Envelope ID: 913712C1-DF68-4030-AC8B-9DEF43A4E234

conducted on the Premises, including liability arising from the negligence or other fault of all insureds, including Lessee and Lessee's guests, and additional insured parties (the "Liability Policy"). Lessor shall be an additional insured under the Liability Policy. The Liability Policy shall be a commercial-grade one million dollar property liability policy with four million dollar excess liability coverage, and shall be primary as to all additional insureds.

**13. UTILITIES AND SERVICES.**   Lessor shall pay directly for all utilities and services supplied to the Premises including Wi-Fi, with the exception of individual Unit electric and cable TV. Lessee will reimburse Lessor for master water and gas charges and Lessor shall make available all documentation of such charges to Lessee for reconciliation and adjustment(s) on an annual basis. After receiving the results of a reconciliation and adjustment(s), Lessee may dispute the results within thirty (30) days by providing written notice to the Lessor of Lessee's intent to exercise its audit rights.

**14. GROUNDS MAINTENANCE**   Lessor shall be responsible for the care and maintenance of the grounds including landscaping and refuse removal. Lessor shall arrange for regular maintenance thereof so as to keep and maintain the Premises in neat, clean and good condition.

**15. REPAIR AND MAINTENANCE.**   Lessor shall pay all expenses, costs, and amounts of every kind or nature that Lessor incurs because of or in connection with the ownership, operation, management, maintenance, or repair of the Premises, and shall perform repairs necessary to maintain and keep the Premises and all components of it in good working order, suitable for residential use, including, without limitation, all electrical, mechanical, plumbing, fire/life safety, and other building systems of the Premises.  Lessee, at Lessee's expense, shall immediately repair all damage to the Premises caused by Lessee or by Lessee's agents, employees, invitees or customers or damage that, due to the anticipated short term rentals, exceeds the wear and tear attributable to normal single-tenant residential apartment use. If a maintenance issue for which Lessor is responsible arises, Lessee shall contact the Lessor promptly and the Lessor shall promptly provide such maintenance. In the event an urgent (or potentially urgent) maintenance issue arises, Lessee may carry out such maintenance, using Lessor's preferred contractor or employee, if any, and deduct all reasonably incurred expenses from the next rent payment coming due, provided that (a.) The repairs were necessary, (b.) Lessor failed to act within a reasonable time after being notified and (c.) the price paid was reasonable.

**16. LESSOR ENTRY.**   Lessor may enter the Premises to perform or facilitate preventative maintenance, repairs, alterations, additions or capital improvements to the Premises. Except in emergencies, Lessor shall provide Lessee with reasonable prior notice of entry and shall use reasonable efforts to minimize any interference with use of the Premises.

**17. SIGNAGE.**   Lessee may install, at Lessee's expense, signage on the Premises.  The size, design and manner of installation of all signs by Lessee shall be subject to the prior written approval of Lessor. Any permitted signs shall be maintained in compliance with applicable

3



governmental rules and regulations governing such signs. Lessee shall be responsible to Lessor for any damage caused by the installation, use or maintenance of said signs.

**18. HAZARDOUS MATERIALS**.   Lessee shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

**19. ANIMALS.**   No Pets are allowed on the Premises.

**20. NOTICE.**   Any notice required or permitted under this Lease or under state law shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

> If to Lessor to:
> **635 N. Scott St., LLC**
> **147 Carondelet Street, Suite 1137**
> **New Orleans, La 70130**
>
> If to Lessee To:
> **Sonder USA, Inc.**
> **5600 Jefferson Highway, Suite 278**
> **Elmwood, LA 70112**

**21. EXCLUSIVE RIGHT(s).**   Lessor grants Lessee the exclusive right(s) of the Permitted Use(s) of the above stated Premises, subject to the terms and conditions of this Lease. The provisions of this Section shall (unless extended in writing by the Parties) automatically terminate as of the expiration of this Lease.

**22. GOVERNING LAW AND JURISDICTION.**   The parties to this Lease understand and agree that the provisions of this lease, between them, has the effect of law, but in reference to matters for which this lease does not provide, this Lease shall be governed by and construed in accordance with the Ordinances of the City of New Orleans, the laws of the State of Louisiana and the federal laws of the United States; and irrevocably submit to the exclusive jurisdiction of the courts of competent jurisdiction in the State of Louisiana with respect to all matters relating to this agreement.

**23. CASUALTY AND FORCE MAJEURE.**   If any of the Premises is destroyed or materially damaged by fire or other unforeseen event (Force Majeure) not due to any fault or neglect of Lessee, and thus becomes wholly unfit for occupancy, then Lessee shall be entitled to an abatement of rent for the entire period during which the Premises is unfit for occupancy. Lessee may thereupon also choose to terminate this lease as of the date of the casualty.

**24. WARRANTY.**   Lessor warrants that the Premises are in good condition, unless



otherwise noted. Lessee acknowledges that he has been provided the opportunity to inspect the Premises and accepts it in its current condition and agrees to keep it in same condition during the term of this lease at his expense and return it to Lessor in the same or better condition at termination of this lease, normal decay, wear and tear excepted.

**25. MODIFICATION.**   The parties hereby agree that this document contains the entire agreement between the parties and this Lease shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

**26. SURRENDER AND HOLD OVER.**   On the expiration date, Lessee shall surrender to Lessor the Premises and all alterations in a first class and clean condition, less any normal wear and tear, free of trash and debris. If Lessee with Lessor's consent, remains in possession of the Premises after the Expiration Date, such possession by Lessee  shall be deemed to be a month-to-month tenancy terminable on 30-days' written notice given at any time by Lessor or Lessee. All provisions of this Lease except for those pertaining to Term shall apply to any such tenancy.

**27. ADDITIONAL PROVISIONS; DISCLOSURES.**   This Agreement is submitted with Lessor's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards dated dated____9/25/2017____attached hereto and forming part of this lease.

**28. PARKING LOT**.   Lessee shall have full use and access to all parking lot(s) and/or facilities on the Premises. Lessor is responsible for all maintenance and repairs of the parking lot(s).

　　　　**IN WITNESS WHEREOF**, Lessor and Lessee have each executed this Lease Agreement as of the date first above written:

**Lessor(s):**

By: _____*Joshua Bruno*_____
　　　　　　　　3F331841805B427...

Name: **635 N Scott St., LLC**
Date: ____9/25/2017____

**Lessee:**

By: _____*Arthur Chang*_____
　　　　　　　　1FC4910EA7C6424...

Name: **Sonder, USA, Inc.**
Date: ____9/25/2017____

STATE OF LOUISIANA

PARISH OF ORLEANS

## LEASE AGREEMENT

     **THIS LEASE AGREEMENT** (hereinafter referred to as the "Lease") is made and entered into as of _____9/25/2017_____,(the "Effective Date"), by and between, **635 N Scott St., LLC ("Lessor")**, a Louisiana limited liability company and **Sonder USA, Inc. ("Lessee")**, a Delaware Corporation.

## W I T N E S S E T H :

     **WHEREAS**, Lessor is the fee owner of certain real property, situated in Orleans Parish, Louisiana, such real property having a municipal street address of **635 N. Scott Street, New Orleans, La 70119**.

     **WHEREAS**, Lessor agrees to lease to Lessee the Residential Unit located at **635 N. Scott Street, New Orleans, La 70119** (hereinafter referred to as the ("Premises").

     **NOW, THEREFORE,** for and in consideration of the covenants and obligations contained herein, the parties hereto hereby agree as follows:

    **1.**   **PREMISES DEFINED.**   The provisions of this agreement pertain exclusively to a total of one (1) residential apartment unit, **Unit 19** (hereinafter referred to as "Unit").

    **2.**   **TERM.**   Five (5) years commencing on **August 1, 2018** ("Commencement Date") and ending at 11:59 PM on **July 31, 2023.**

    **3.**   **RENT.**   The monthly rent shall be **One Thousand  Five Hundred Dollars ($1,500)** for the initial lease year. All such payments shall be payable in advance on or before the first (1st) day of each month to Lessor via ACH wire transfer and without demand.

    **4.**   **RENT ABATEMENT.**   Lessee shall be provided **three (3) months** of rent abatement upon occurrence of the Commencement Date.

    **5.**   **RENT INCREASE.**   Beginning on the second anniversary of the rental commencement date, and each anniversary thereafter, the annual rent shall escalate by a maximum of two percent (2%).

    **6.**   **RENEWAL.**   Lessee shall be provided a single five (5) year renewal option, per the terms and conditions of the last year of the initial lease term.

    **7.**   **LATE CHARGE.**   In the event that any payment is not made within five (5) calendar days of when due, Lessee shall pay to Lessor a "late fee" in the amount of 10% of amount owed. Delinquent amounts shall bear interest from the date due until paid at the lesser of (i) 12% per

DocuSign Envelope ID: 913712C1-DF68-4030-AC8B-9DEF43A4E234

annum or (ii) the maximum rate allowed by Louisiana Law. Lessor's acceptance of these fees shall not constitute a waiver or relinquishment of any of the other rights or remedies of Lessor.

**8.  ACCESS.**   Lessee may alter, re-key, and install electronic keyless door locks at the Premises.  Lessee will provide Lessor with keys or codes capable of unlocking all such re-keyed new locks. All door locks and keys shall be returned upon vacating the Premises.

**9.  PERMITTED USE.**   Lessee intends to operate its business as "Short Term Rentals" as defined and permitted under the New Orleans Comprehensive Zoning Ordinance. Lessor agrees that Lessee's obligations to perform under this Lease are contingent upon Lessee's ability to remain compliant with all statutes, codes, ordinances, orders, rules and regulations ("Laws") of any municipal or governmental entity whether in effect now or later, including the New Orleans Comprehensive Zoning Ordinance, authorizing or permitting Lessee's use of the Premises.

**10. ASSIGNMENT AND SUBLETTING.**   Lessor acknowledges and agrees that Lessee's operations entail renting and then subletting Lessor's units for periods ranging from less than 30 days to 12 months. As such, Lessee may enter into various sublease agreements of any duration concerning the units, without having to give Lessor notice of its intention to sublease and without having to obtain Lessor's consent to sublease the units, and Lessor hereby agrees to such subleases.

**11. TAXES.**   Lessor shall pay (a.) all real property taxes and assessments on the Premises; (b.) all personal property taxes for property that is owned by Lessor and used in connection with the operation, maintenance and repair of the Premises; and c.) all costs and fees incurred in connection with seeking reductions in any tax liabilities described in (a.) and (b.), including, without limitation, any costs incurred by Lessor for compliance, review and appeal of tax liabilities. Lessee shall pay all business taxes, licenses, and fees levied or imposed by any governmental authority upon the Premises and/or business operations and activities of Lessee at the Premises, including without limitation, taxes and fees related to the operation of Short Term Rentals under the New Orleans Comprehensive Zoning Ordinance, any hotel/motel taxes, and the fees for occupational licenses and occupancy permits assessed by the City of New Orleans.

**12.  INSURANCE.**   Lessor shall maintain Commercial General Liability insurance against claims for personal injury, death or property damage arising from or relating to the Premises, and property insurance insuring the Premises against loss, damage or rental interruption as Lessor reasonably may require, for the full replacement cost of the Premises (including all construction and improvements thereon), without limitation, replacement cost endorsement, agreed value endorsement, and vandalism and malicious mischief endorsements; flood, wind, and fire insurance; and umbrella excess liability insurance in such amounts as Lessor reasonably may require. Lessor shall further ensure that Lessee is added as an additional insured on the Lessor insurance policy or policies by endorsement, which endorsement shall remain in effect for the entire term of the Lease.
Lessee shall maintain a policy of Commercial General Liability (bodily injury and Property damage) insurance, insuring against liability arising on the Premises and out of the ownership, use, occupancy or maintenance of the Premises, or the business



2

conducted on the Premises, including liability arising from the negligence or other fault of all insureds, including Lessee and Lessee's guests, and additional insured parties (the "Liability Policy"). Lessor shall be an additional insured under the Liability Policy. The Liability Policy shall be a commercial-grade one million dollar property liability policy with four million dollar excess liability coverage, and shall be primary as to all additional insureds.

**13. UTILITIES AND SERVICES.**   Lessor shall pay directly for all utilities and services supplied to the Premises including Wi-Fi, with the exception of individual Unit electric and cable TV. Lessee will reimburse Lessor for master water and gas charges and Lessor shall make available all documentation of such charges to Lessee for reconciliation and adjustment(s) on an annual basis. After receiving the results of a reconciliation and adjustment(s), Lessee may dispute the results within thirty (30) days by providing written notice to the Lessor of Lessee's intent to exercise its audit rights.

**14. GROUNDS MAINTENANCE**   Lessor shall be responsible for the care and maintenance of the grounds including landscaping and refuse removal. Lessor shall arrange for regular maintenance thereof so as to keep and maintain the Premises in neat, clean and good condition.

**15. REPAIR AND MAINTENANCE.**   Lessor shall pay all expenses, costs, and amounts of every kind or nature that Lessor incurs because of or in connection with the ownership, operation, management, maintenance, or repair of the Premises, and shall perform repairs necessary to maintain and keep the Premises and all components of it in good working order, suitable for residential use, including, without limitation, all electrical, mechanical, plumbing, fire/life safety, and other building systems of the Premises.  Lessee, at Lessee's expense, shall immediately repair all damage to the Premises caused by Lessee or by Lessee's agents, employees, invitees or customers or damage that, due to the anticipated short term rentals, exceeds the wear and tear attributable to normal single-tenant residential apartment use. If a maintenance issue for which Lessor is responsible arises, Lessee shall contact the Lessor promptly and the Lessor shall promptly provide such maintenance. In the event an urgent (or potentially urgent) maintenance issue arises, Lessee may carry out such maintenance, using Lessor's preferred contractor or employee, if any, and deduct all reasonably incurred expenses from the next rent payment coming due, provided that (a.) The repairs were necessary, (b.) Lessor failed to act within a reasonable time after being notified and (c.) the price paid was reasonable.

**16. LESSOR ENTRY.**   Lessor may enter the Premises to perform or facilitate preventative maintenance, repairs, alterations, additions or capital improvements to the Premises. Except in emergencies, Lessor shall provide Lessee with reasonable prior notice of entry and shall use reasonable efforts to minimize any interference with use of the Premises.

**17. SIGNAGE.**   Lessee may install, at Lessee's expense, signage on the Premises.  The size, design and manner of installation of all signs by Lessee shall be subject to the prior written approval of Lessor. Any permitted signs shall be maintained in compliance with applicable



governmental rules and regulations governing such signs. Lessee shall be responsible to Lessor for any damage caused by the installation, use or maintenance of said signs.

**18. HAZARDOUS MATERIALS**.   Lessee shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

**19. ANIMALS.**   No Pets are allowed on the Premises.

**20. NOTICE.**   Any notice required or permitted under this Lease or under state law shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

> If to Lessor to:
> **635 N. Scott St., LLC**
> **147 Carondelet Street, Suite 1137**
> **New Orleans, La 70130**
>
> If to Lessee To:
> **Sonder USA, Inc.**
> **5600 Jefferson Highway, Suite 278**
> **Elmwood, LA 70112**

**21. EXCLUSIVE RIGHT(s).**   Lessor grants Lessee the exclusive right(s) of the Permitted Use(s) of the above stated Premises, subject to the terms and conditions of this Lease. The provisions of this Section shall (unless extended in writing by the Parties) automatically terminate as of the expiration of this Lease.

**22. GOVERNING LAW AND JURISDICTION.**   The parties to this Lease understand and agree that the provisions of this lease, between them, has the effect of law, but in reference to matters for which this lease does not provide, this Lease shall be governed by and construed in accordance with the Ordinances of the City of New Orleans, the laws of the State of Louisiana and the federal laws of the United States; and irrevocably submit to the exclusive jurisdiction of the courts of competent jurisdiction in the State of Louisiana with respect to all matters relating to this agreement.

**23. CASUALTY AND FORCE MAJEURE.**   If any of the Premises is destroyed or materially damaged by fire or other unforeseen event (Force Majeure) not due to any fault or neglect of Lessee, and thus becomes wholly unfit for occupancy, then Lessee shall be entitled to an abatement of rent for the entire period during which the Premises is unfit for occupancy. Lessee may thereupon also choose to terminate this lease as of the date of the casualty.

**24. WARRANTY.**   Lessor warrants that the Premises are in good condition, unless



4

DocuSign Envelope ID: 913712C1-DF68-4030-AC8B-9DEF43A4E234

otherwise noted. Lessee acknowledges that he has been provided the opportunity to inspect the Premises and accepts it in its current condition and agrees to keep it in same condition during the term of this lease at his expense and return it to Lessor in the same or better condition at termination of this lease, normal decay, wear and tear excepted.

**25. MODIFICATION.**   The parties hereby agree that this document contains the entire agreement between the parties and this Lease shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

**26. SURRENDER AND HOLD OVER.**   On the expiration date, Lessee shall surrender to Lessor the Premises and all alterations in a first class and clean condition, less any normal wear and tear, free of trash and debris. If Lessee with Lessor's consent, remains in possession of the Premises after the Expiration Date, such possession by Lessee  shall be deemed to be a month-to-month tenancy terminable on 30-days' written notice given at any time by Lessor or Lessee. All provisions of this Lease except for those pertaining to Term shall apply to any such tenancy.

**27. ADDITIONAL PROVISIONS; DISCLOSURES.**   This Agreement is submitted with Lessor's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards dated dated 9/25/2017 attached hereto and forming part of this lease.

**28. PARKING LOT**.   Lessee shall have full use and access to all parking lot(s) and/or facilities on the Premises. Lessor is responsible for all maintenance and repairs of the parking lot(s).

        **IN WITNESS WHEREOF**, Lessor and Lessee have each executed this Lease Agreement as of the date first above written:

**Lessor(s):**

By: _____ *Joshua Bruno* _____
                3F331841805B427...

Name: **635 N Scott St., LLC**
Date: _____ 9/25/2017 _____

**Lessee:**

By: _____ *Arthur Chang* _____
                1FC4910EA7C6424...

Name: **Sonder, USA, Inc.**
Date: _____ 9/25/2017 _____

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

## LEASE AGREEMENT

       **THIS LEASE AGREEMENT** (hereinafter referred to as the "Lease") is made and entered into as of ____9/25/2017____,(the "Effective Date"), by and between, **635 N Scott St., LLC ("Lessor")**, a Louisiana limited liability company and **Sonder USA, Inc. ("Lessee")**, a Delaware Corporation.

## W I T N E S S E T H :

       **WHEREAS**, Lessor is the fee owner of certain real property, situated in Orleans Parish, Louisiana, such real property having a municipal street address of **635 N. Scott Street, New Orleans, La 70119**.

       **WHEREAS**, Lessor agrees to lease to Lessee the Residential Unit located at **635 N. Scott Street, New Orleans, La 70119** (hereinafter referred to as the ("Premises").

       **NOW, THEREFORE,** for and in consideration of the covenants and obligations contained herein, the parties hereto hereby agree as follows:

    **1.**  **PREMISES DEFINED.**  The provisions of this agreement pertain exclusively to a total of one (1) residential apartment unit, **Unit 20** (hereinafter referred to as  "Unit").

    **2.**  **TERM.**  Five (5) years commencing on **January 1, 2018** ("Commencement Date") and ending at 11:59 PM on **December 31, 2022.**

    **3.**  **RENT.**  The monthly rent shall be **One Thousand  Five Hundred Dollars ($1,500)** for the initial lease year. All such payments shall be payable in advance on or before the first (1st) day of each month to Lessor via ACH wire transfer and without demand.

    **4.**  **RENT ABATEMENT.**  Lessee shall be provided **three (3) months** of rent abatement upon occurrence of the Commencement Date.

    **5.**  **RENT INCREASE.**  Beginning on the second anniversary of the rental commencement date, and each anniversary thereafter, the annual rent shall escalate by a maximum of two percent (2%).

    **6.**  **RENEWAL.**  Lessee shall be provided a single five (5) year renewal option, per the terms and conditions of the last year of the initial lease term.

    **7.**  **LATE CHARGE.**  In the event that any payment is not made within five (5) calendar days of when due, Lessee shall pay to Lessor a "late fee" in the amount of 10% of amount owed. Delinquent amounts shall bear interest from the date due until paid at the lesser of (i) 12% per

DocuSign Envelope ID: 913712C1-DF68-4030-AC8B-9DEF43A4E234

annum or (ii) the maximum rate allowed by Louisiana Law. Lessor's acceptance of these fees shall not constitute a waiver or relinquishment of any of the other rights or remedies of Lessor.

**8. ACCESS.**   Lessee may alter, re-key, and install electronic keyless door locks at the Premises.  Lessee will provide Lessor with keys or codes capable of unlocking all such re-keyed new locks. All door locks and keys shall be returned upon vacating the Premises.

**9. PERMITTED USE.**   Lessee intends to operate its business as "Short Term Rentals" as defined and permitted under the New Orleans Comprehensive Zoning Ordinance. Lessor agrees that Lessee's obligations to perform under this Lease are contingent upon Lessee's ability to remain compliant with all statutes, codes, ordinances, orders, rules and regulations ("Laws") of any municipal or governmental entity whether in effect now or later, including the New Orleans Comprehensive Zoning Ordinance, authorizing or permitting Lessee's use of the Premises.

**10. ASSIGNMENT AND SUBLETTING.**   Lessor acknowledges and agrees that Lessee's operations entail renting and then subletting Lessor's units for periods ranging from less than 30 days to 12 months. As such, Lessee may enter into various sublease agreements of any duration concerning the units, without having to give Lessor notice of its intention to sublease and without having to obtain Lessor's consent to sublease the units, and Lessor hereby agrees to such subleases.

**11. TAXES.**   Lessor shall pay (a.) all real property taxes and assessments on the Premises; (b.) all personal property taxes for property that is owned by Lessor and used in connection with the operation, maintenance and repair of the Premises; and c.) all costs and fees incurred in connection with seeking reductions in any tax liabilities described in (a.) and (b.), including, without limitation, any costs incurred by Lessor for compliance, review and appeal of tax liabilities. Lessee shall pay all business taxes, licenses, and fees levied or imposed by any governmental authority upon the Premises and/or business operations and activities of Lessee at the Premises, including without limitation, taxes and fees related to the operation of Short Term Rentals under the New Orleans Comprehensive Zoning Ordinance, any hotel/motel taxes, and the fees for occupational licenses and occupancy permits assessed by the City of New Orleans.

**12. INSURANCE.**   Lessor shall maintain Commercial General Liability insurance against claims for personal injury, death or property damage arising from or relating to the Premises, and property insurance insuring the Premises against loss, damage or rental interruption as Lessor reasonably may require, for the full replacement cost of the Premises (including all construction and improvements thereon), without limitation, replacement cost endorsement, agreed value endorsement, and vandalism and malicious mischief endorsements; flood, wind, and fire insurance; and umbrella excess liability insurance in such amounts as Lessor reasonably may require. Lessor shall further ensure that Lessee is added as an additional insured on the Lessor insurance policy or policies by endorsement, which endorsement shall remain in effect for the entire term of the Lease.
Lessee shall maintain a policy of Commercial General Liability (bodily injury and Property damage) insurance, insuring against liability arising on the Premises and out of the ownership, use, occupancy or maintenance of the Premises, or the business

2

conducted on the Premises, including liability arising from the negligence or other fault of all insureds, including Lessee and Lessee's guests, and additional insured parties (the "Liability Policy"). Lessor shall be an additional insured under the Liability Policy. The Liability Policy shall be a commercial-grade one million dollar property liability policy with four million dollar excess liability coverage, and shall be primary as to all additional insureds.

**13. UTILITIES AND SERVICES.**  Lessor shall pay directly for all utilities and services supplied to the Premises including Wi-Fi, with the exception of individual Unit electric and cable TV. Lessee will reimburse Lessor for master water and gas charges and Lessor shall make available all documentation of such charges to Lessee for reconciliation and adjustment(s) on an annual basis. After receiving the results of a reconciliation and adjustment(s), Lessee may dispute the results within thirty (30) days by providing written notice to the Lessor of Lessee's intent to exercise its audit rights.

**14. GROUNDS MAINTENANCE**  Lessor shall be responsible for the care and maintenance of the grounds including landscaping and refuse removal. Lessor shall arrange for regular maintenance thereof so as to keep and maintain the Premises in neat, clean and good condition.

**15. REPAIR AND MAINTENANCE.**  Lessor shall pay all expenses, costs, and amounts of every kind or nature that Lessor incurs because of or in connection with the ownership, operation, management, maintenance, or repair of the Premises, and shall perform repairs necessary to maintain and keep the Premises and all components of it in good working order, suitable for residential use, including, without limitation, all electrical, mechanical, plumbing, fire/life safety, and other building systems of the Premises.  Lessee, at Lessee's expense, shall immediately repair all damage to the Premises caused by Lessee or by Lessee's agents, employees, invitees or customers or damage that, due to the anticipated short term rentals, exceeds the wear and tear attributable to normal single-tenant residential apartment use. If a maintenance issue for which Lessor is responsible arises, Lessee shall contact the Lessor promptly and the Lessor shall promptly provide such maintenance. In the event an urgent (or potentially urgent) maintenance issue arises, Lessee may carry out such maintenance, using Lessor's preferred contractor or employee, if any, and deduct all reasonably incurred expenses from the next rent payment coming due, provided that (a.) The repairs were necessary, (b.) Lessor failed to act within a reasonable time after being notified and (c.) the price paid was reasonable.

**16. LESSOR ENTRY.**  Lessor may enter the Premises to perform or facilitate preventative maintenance, repairs, alterations, additions or capital improvements to the Premises. Except in emergencies, Lessor shall provide Lessee with reasonable prior notice of entry and shall use reasonable efforts to minimize any interference with use of the Premises.

**17. SIGNAGE.**  Lessee may install, at Lessee's expense, signage on the Premises.  The size, design and manner of installation of all signs by Lessee shall be subject to the prior written approval of Lessor. Any permitted signs shall be maintained in compliance with applicable

3

governmental rules and regulations governing such signs. Lessee shall be responsible to Lessor for any damage caused by the installation, use or maintenance of said signs.

**18. HAZARDOUS MATERIALS**.   Lessee shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

**19. ANIMALS.**   No Pets are allowed on the Premises.

**20. NOTICE.**   Any notice required or permitted under this Lease or under state law shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

> If to Lessor to:
> **635 N. Scott St., LLC**
> **147 Carondelet Street, Suite 1137**
> **New Orleans, La 70130**
>
> If to Lessee To:
> **Sonder USA, Inc.**
> **5600 Jefferson Highway, Suite 278**
> **Elmwood, LA 70112**

**21. EXCLUSIVE RIGHT(s).**   Lessor grants Lessee the exclusive right(s) of the Permitted Use(s) of the above stated Premises, subject to the terms and conditions of this Lease. The provisions of this Section shall (unless extended in writing by the Parties) automatically terminate as of the expiration of this Lease.

**22. GOVERNING LAW AND JURISDICTION.**   The parties to this Lease understand and agree that the provisions of this lease, between them, has the effect of law, but in reference to matters for which this lease does not provide, this Lease shall be governed by and construed in accordance with the Ordinances of the City of New Orleans, the laws of the State of Louisiana and the federal laws of the United States; and irrevocably submit to the exclusive jurisdiction of the courts of competent jurisdiction in the State of Louisiana with respect to all matters relating to this agreement.

**23. CASUALTY AND FORCE MAJEURE.**   If any of the Premises is destroyed or materially damaged by fire or other unforeseen event (Force Majeure) not due to any fault or neglect of Lessee, and thus becomes wholly unfit for occupancy, then Lessee shall be entitled to an abatement of rent for the entire period during which the Premises is unfit for occupancy. Lessee may thereupon also choose to terminate this lease as of the date of the casualty.

**24. WARRANTY.**   Lessor warrants that the Premises are in good condition, unless



4

otherwise noted. Lessee acknowledges that he has been provided the opportunity to inspect the Premises and accepts it in its current condition and agrees to keep it in same condition during the term of this lease at his expense and return it to Lessor in the same or better condition at termination of this lease, normal decay, wear and tear excepted.

**25. MODIFICATION.**   The parties hereby agree that this document contains the entire agreement between the parties and this Lease shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

**26. SURRENDER AND HOLD OVER.**   On the expiration date, Lessee shall surrender to Lessor the Premises and all alterations in a first class and clean condition, less any normal wear and tear, free of trash and debris. If Lessee with Lessor's consent, remains in possession of the Premises after the Expiration Date, such possession by Lessee  shall be deemed to be a month-to-month tenancy terminable on 30-days' written notice given at any time by Lessor or Lessee. All provisions of this Lease except for those pertaining to Term shall apply to any such tenancy.

**27. ADDITIONAL PROVISIONS; DISCLOSURES.**   This Agreement is submitted with Lessor's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards dated dated 9/25/2017 attached hereto and forming part of this lease.

**28. PARKING LOT**.   Lessee shall have full use and access to all parking lot(s) and/or facilities on the Premises. Lessor is responsible for all maintenance and repairs of the parking lot(s).

**IN WITNESS WHEREOF**, Lessor and Lessee have each executed this Lease Agreement as of the date first above written:

**Lessor(s):**

By: _____
Joshua Bruno
3F331841805B427...

Name: **635 N Scott St., LLC**
Date: _____
9/25/2017

**Lessee:**

By: _____
Arthur Chang
1FC4910EA7C6424...

Name: **Sonder, USA, Inc.**
Date: _____
9/25/2017

5

DocuSign Envelope ID: 913712C1-DF68-4030-AC8B-9DEF43A4E234

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

## LEASE AGREEMENT

      **THIS LEASE AGREEMENT** (hereinafter referred to as the "Lease") is made and entered into as of _9/25/2017_ ,(the "Effective Date"), by and between, **635 N Scott St., LLC ("Lessor")**, a Louisiana limited liability company and **Sonder USA, Inc. ("Lessee")**, a Delaware Corporation.

## W I T N E S S E T H :

      **WHEREAS**, Lessor is the fee owner of certain real property, situated in Orleans Parish, Louisiana, such real property having a municipal street address of **635 N. Scott Street, New Orleans, La 70119**.

      **WHEREAS**, Lessor agrees to lease to Lessee the Residential Unit located at **635 N. Scott Street, New Orleans, La 70119** (hereinafter referred to as the ("Premises").

      **NOW, THEREFORE,** for and in consideration of the covenants and obligations contained herein, the parties hereto hereby agree as follows:

    **1.   PREMISES DEFINED.**   The provisions of this agreement pertain exclusively to a total of one (1) residential apartment unit, **Unit 21** (hereinafter referred to as  "Unit").

    **2.   TERM.**   Five (5) years commencing on **November 1, 2017** ("Commencement Date") and ending at 11:59 PM on **October 31, 2022.**

    **3.   RENT.**   The monthly rent shall be **One Thousand  Five Hundred Dollars ($1,500)** for the initial lease year. All such payments shall be payable in advance on or before the first (1st) day of each month to Lessor via ACH wire transfer and without demand.

    **4.   RENT ABATEMENT.**   Lessee shall be provided **three (3) months** of rent abatement upon occurrence of the Commencement Date.

    **5.   RENT INCREASE.**   Beginning on the second anniversary of the rental commencement date, and each anniversary thereafter, the annual rent shall escalate by a maximum of two percent (2%).

    **6.   RENEWAL.**   Lessee shall be provided a single five (5) year renewal option, per the terms and conditions of the last year of the initial lease term.

    **7.   LATE CHARGE.**   In the event that any payment is not made within five (5) calendar days of when due, Lessee shall pay to Lessor a "late fee" in the amount of 10% of amount owed. Delinquent amounts shall bear interest from the date due until paid at the lesser of (i) 12% per

annum or (ii) the maximum rate allowed by Louisiana Law. Lessor's acceptance of these fees shall not constitute a waiver or relinquishment of any of the other rights or remedies of Lessor.

**8.  ACCESS.**   Lessee may alter, re-key, and install electronic keyless door locks at the Premises.  Lessee will provide Lessor with keys or codes capable of unlocking all such re-keyed new locks. All door locks and keys shall be returned upon vacating the Premises.

**9.  PERMITTED USE.**   Lessee intends to operate its business as "Short Term Rentals" as defined and permitted under the New Orleans Comprehensive Zoning Ordinance. Lessor agrees that Lessee's obligations to perform under this Lease are contingent upon Lessee's ability to remain compliant with all statutes, codes, ordinances, orders, rules and regulations ("Laws") of any municipal or governmental entity whether in effect now or later, including the New Orleans Comprehensive Zoning Ordinance, authorizing or permitting Lessee's use of the Premises.

**10. ASSIGNMENT AND SUBLETTING.**   Lessor acknowledges and agrees that Lessee's operations entail renting and then subletting Lessor's units for periods ranging from less than 30 days to 12 months. As such, Lessee may enter into various sublease agreements of any duration concerning the units, without having to give Lessor notice of its intention to sublease and without having to obtain Lessor's consent to sublease the units, and Lessor hereby agrees to such subleases.

**11. TAXES.**   Lessor shall pay (a.) all real property taxes and assessments on the Premises; (b.) all personal property taxes for property that is owned by Lessor and used in connection with the operation, maintenance and repair of the Premises; and c.) all costs and fees incurred in connection with seeking reductions in any tax liabilities described in (a.) and (b.), including, without limitation, any costs incurred by Lessor for compliance, review and appeal of tax liabilities. Lessee shall pay all business taxes, licenses, and fees levied or imposed by any governmental authority upon the Premises and/or business operations and activities of Lessee at the Premises, including without limitation, taxes and fees related to the operation of Short Term Rentals under the New Orleans Comprehensive Zoning Ordinance, any hotel/motel taxes, and the fees for occupational licenses and occupancy permits assessed by the City of New Orleans.

**12.  INSURANCE.**   Lessor shall maintain Commercial General Liability insurance against claims for personal injury, death or property damage arising from or relating to the Premises, and property insurance insuring the Premises against loss, damage or rental interruption as Lessor reasonably may require, for the full replacement cost of the Premises (including all construction and improvements thereon), without limitation, replacement cost endorsement, agreed value endorsement, and vandalism and malicious mischief endorsements; flood, wind, and fire insurance; and umbrella excess liability insurance in such amounts as Lessor reasonably may require. Lessor shall further ensure that Lessee is added as an additional insured on the Lessor insurance policy or policies by endorsement, which endorsement shall remain in effect for the entire term of the Lease.
Lessee shall maintain a policy of Commercial General Liability (bodily injury and Property damage) insurance, insuring against liability arising on the Premises and out of the ownership, use, occupancy or maintenance of the Premises, or the business

2

conducted on the Premises, including liability arising from the negligence or other fault of all insureds, including Lessee and Lessee's guests, and additional insured parties (the "Liability Policy"). Lessor shall be an additional insured under the Liability Policy. The Liability Policy shall be a commercial-grade one million dollar property liability policy with four million dollar excess liability coverage, and shall be primary as to all additional insureds.

**13. UTILITIES AND SERVICES.**   Lessor shall pay directly for all utilities and services supplied to the Premises including Wi-Fi, with the exception of individual Unit electric and cable TV. Lessee will reimburse Lessor for master water and gas charges and Lessor shall make available all documentation of such charges to Lessee for reconciliation and adjustment(s) on an annual basis. After receiving the results of a reconciliation and adjustment(s), Lessee may dispute the results within thirty (30) days by providing written notice to the Lessor of Lessee's intent to exercise its audit rights.

**14. GROUNDS MAINTENANCE**   Lessor shall be responsible for the care and maintenance of the grounds including landscaping and refuse removal. Lessor shall arrange for regular maintenance thereof so as to keep and maintain the Premises in neat, clean and good condition.

**15. REPAIR AND MAINTENANCE.**   Lessor shall pay all expenses, costs, and amounts of every kind or nature that Lessor incurs because of or in connection with the ownership, operation, management, maintenance, or repair of the Premises, and shall perform repairs necessary to maintain and keep the Premises and all components of it in good working order, suitable for residential use, including, without limitation, all electrical, mechanical, plumbing, fire/life safety, and other building systems of the Premises.  Lessee, at Lessee's expense, shall immediately repair all damage to the Premises caused by Lessee or by Lessee's agents, employees, invitees or customers or damage that, due to the anticipated short term rentals, exceeds the wear and tear attributable to normal single-tenant residential apartment use. If a maintenance issue for which Lessor is responsible arises, Lessee shall contact the Lessor promptly and the Lessor shall promptly provide such maintenance. In the event an urgent (or potentially urgent) maintenance issue arises, Lessee may carry out such maintenance, using Lessor's preferred contractor or employee, if any, and deduct all reasonably incurred expenses from the next rent payment coming due, provided that (a.) The repairs were necessary, (b.) Lessor failed to act within a reasonable time after being notified and (c.) the price paid was reasonable.

**16. LESSOR ENTRY.**   Lessor may enter the Premises to perform or facilitate preventative maintenance, repairs, alterations, additions or capital improvements to the Premises. Except in emergencies, Lessor shall provide Lessee with reasonable prior notice of entry and shall use reasonable efforts to minimize any interference with use of the Premises.

**17. SIGNAGE.**   Lessee may install, at Lessee's expense, signage on the Premises.  The size, design and manner of installation of all signs by Lessee shall be subject to the prior written approval of Lessor. Any permitted signs shall be maintained in compliance with applicable

governmental rules and regulations governing such signs. Lessee shall be responsible to Lessor for any damage caused by the installation, use or maintenance of said signs.

**18. HAZARDOUS MATERIALS**.   Lessee shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

**19. ANIMALS.**   No Pets are allowed on the Premises.

**20. NOTICE.**   Any notice required or permitted under this Lease or under state law shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

> If to Lessor to:
> **635 N. Scott St., LLC**
> **147 Carondelet Street, Suite 1137**
> **New Orleans, La 70130**
>
> If to Lessee To:
> **Sonder USA, Inc.**
> **5600 Jefferson Highway, Suite 278**
> **Elmwood, LA 70112**

**21. EXCLUSIVE RIGHT(s).**   Lessor grants Lessee the exclusive right(s) of the Permitted Use(s) of the above stated Premises, subject to the terms and conditions of this Lease. The provisions of this Section shall (unless extended in writing by the Parties) automatically terminate as of the expiration of this Lease.

**22. GOVERNING LAW AND JURISDICTION.**   The parties to this Lease understand and agree that the provisions of this lease, between them, has the effect of law, but in reference to matters for which this lease does not provide, this Lease shall be governed by and construed in accordance with the Ordinances of the City of New Orleans, the laws of the State of Louisiana and the federal laws of the United States; and irrevocably submit to the exclusive jurisdiction of the courts of competent jurisdiction in the State of Louisiana with respect to all matters relating to this agreement.

**23. CASUALTY AND FORCE MAJEURE.**   If any of the Premises is destroyed or materially damaged by fire or other unforeseen event (Force Majeure) not due to any fault or neglect of Lessee, and thus becomes wholly unfit for occupancy, then Lessee shall be entitled to an abatement of rent for the entire period during which the Premises is unfit for occupancy. Lessee may thereupon also choose to terminate this lease as of the date of the casualty.

**24. WARRANTY.**   Lessor warrants that the Premises are in good condition, unless



otherwise noted. Lessee acknowledges that he has been provided the opportunity to inspect the Premises and accepts it in its current condition and agrees to keep it in same condition during the term of this lease at his expense and return it to Lessor in the same or better condition at termination of this lease, normal decay, wear and tear excepted.

**25. MODIFICATION.**   The parties hereby agree that this document contains the entire agreement between the parties and this Lease shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

**26. SURRENDER AND HOLD OVER.**   On the expiration date, Lessee shall surrender to Lessor the Premises and all alterations in a first class and clean condition, less any normal wear and tear, free of trash and debris. If Lessee with Lessor's consent, remains in possession of the Premises after the Expiration Date, such possession by Lessee  shall be deemed to be a month-to-month tenancy terminable on 30-days' written notice given at any time by Lessor or Lessee. All provisions of this Lease except for those pertaining to Term shall apply to any such tenancy.

**27. ADDITIONAL PROVISIONS; DISCLOSURES.**   This Agreement is submitted with Lessor's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards dated dated____9/25/2017____attached hereto and forming part of this lease.

**28. PARKING LOT**.   Lessee shall have full use and access to all parking lot(s) and/or facilities on the Premises. Lessor is responsible for all maintenance and repairs of the parking lot(s).

        **IN WITNESS WHEREOF**, Lessor and Lessee have each executed this Lease Agreement as of the date first above written:

                    **Lessor(s):**

                    By: _____*Joshua Bruno*_____
                         3F331841805B427...
                    Name: **635 N Scott St., LLC**
                    Date: ___9/25/2017___


                    **Lessee:**

                    By: _____*Arthur Chang*_____
                         1FC4910EA7C6424...
                    Name: **Sonder, USA, Inc.**
                    Date: ___9/25/2017___

5

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

## LEASE AGREEMENT

**THIS LEASE AGREEMENT** (hereinafter referred to as the "Lease") is made and entered into as of _____9/25/2017_____,(the "Effective Date"), by and between, **635 N Scott St., LLC ("Lessor")**, a Louisiana limited liability company and **Sonder USA, Inc. ("Lessee")**, a Delaware Corporation.

## W I T N E S S E T H :

**WHEREAS**, Lessor is the fee owner of certain real property, situated in Orleans Parish, Louisiana, such real property having a municipal street address of **635 N. Scott Street, New Orleans, La 70119**.

**WHEREAS**, Lessor agrees to lease to Lessee the Residential Unit located at **635 N. Scott Street, New Orleans, La 70119** (hereinafter referred to as the ("Premises").

**NOW, THEREFORE,** for and in consideration of the covenants and obligations contained herein, the parties hereto hereby agree as follows:

**1.  PREMISES DEFINED.**   The provisions of this agreement pertain exclusively to a total of one (1) residential apartment unit, **Unit 22** (hereinafter referred to as  "Unit").

**2.  TERM.**   Five (5) years commencing on **July 1, 2018** ("Commencement Date") and ending at 11:59 PM on **June 30, 2023.**

**3.  RENT.**   The monthly rent shall be **One Thousand  Five Hundred Dollars ($1,500)** for the initial lease year. All such payments shall be payable in advance on or before the first (1st) day of each month to Lessor via ACH wire transfer and without demand.

**4.  RENT ABATEMENT.**   Lessee shall be provided **three (3) months** of rent abatement upon occurrence of the Commencement Date.

**5.  RENT INCREASE.**   Beginning on the second anniversary of the rental commencement date, and each anniversary thereafter, the annual rent shall escalate by a maximum of two percent (2%).

**6.  RENEWAL.**   Lessee shall be provided a single five (5) year renewal option, per the terms and conditions of the last year of the initial lease term.

**7.  LATE CHARGE.**   In the event that any payment is not made within five (5) calendar days of when due, Lessee shall pay to Lessor a "late fee" in the amount of 10% of amount owed. Delinquent amounts shall bear interest from the date due until paid at the lesser of (i) 12% per

annum or (ii) the maximum rate allowed by Louisiana Law. Lessor's acceptance of these fees shall not constitute a waiver or relinquishment of any of the other rights or remedies of Lessor.

**8.   ACCESS.**   Lessee may alter, re-key, and install electronic keyless door locks at the Premises.  Lessee will provide Lessor with keys or codes capable of unlocking all such re-keyed new locks. All door locks and keys shall be returned upon vacating the Premises.

**9.   PERMITTED USE.**   Lessee intends to operate its business as "Short Term Rentals" as defined and permitted under the New Orleans Comprehensive Zoning Ordinance. Lessor agrees that Lessee's obligations to perform under this Lease are contingent upon Lessee's ability to remain compliant with all statutes, codes, ordinances, orders, rules and regulations ("Laws") of any municipal or governmental entity whether in effect now or later, including the New Orleans Comprehensive Zoning Ordinance, authorizing or permitting Lessee's use of the Premises.

**10. ASSIGNMENT AND SUBLETTING.**   Lessor acknowledges and agrees that Lessee's operations entail renting and then subletting Lessor's units for periods ranging from less than 30 days to 12 months. As such, Lessee may enter into various sublease agreements of any duration concerning the units, without having to give Lessor notice of its intention to sublease and without having to obtain Lessor's consent to sublease the units, and Lessor hereby agrees to such subleases.

**11. TAXES.**   Lessor shall pay (a.) all real property taxes and assessments on the Premises; (b.) all personal property taxes for property that is owned by Lessor and used in connection with the operation, maintenance and repair of the Premises; and c.) all costs and fees incurred in connection with seeking reductions in any tax liabilities described in (a.) and (b.), including, without limitation, any costs incurred by Lessor for compliance, review and appeal of tax liabilities. Lessee shall pay all business taxes, licenses, and fees levied or imposed by any governmental authority upon the Premises and/or business operations and activities of Lessee at the Premises, including without limitation, taxes and fees related to the operation of Short Term Rentals under the New Orleans Comprehensive Zoning Ordinance, any hotel/motel taxes, and the fees for occupational licenses and occupancy permits assessed by the City of New Orleans.

**12.  INSURANCE.**   Lessor shall maintain Commercial General Liability insurance against claims for personal injury, death or property damage arising from or relating to the Premises, and property insurance insuring the Premises against loss, damage or rental interruption as Lessor reasonably may require, for the full replacement cost of the Premises (including all construction and improvements thereon), without limitation, replacement cost endorsement, agreed value endorsement, and vandalism and malicious mischief endorsements; flood, wind, and fire insurance; and umbrella excess liability insurance in such amounts as Lessor reasonably may require. Lessor shall further ensure that Lessee is added as an additional insured on the Lessor insurance policy or policies by endorsement, which endorsement shall remain in effect for the entire term of the Lease.
Lessee shall maintain a policy of Commercial General Liability (bodily injury and Property damage) insurance, insuring against liability arising on the Premises and out of the ownership, use, occupancy or maintenance of the Premises, or the business

2



conducted on the Premises, including liability arising from the negligence or other fault of all insureds, including Lessee and Lessee's guests, and additional insured parties (the "Liability Policy"). Lessor shall be an additional insured under the Liability Policy. The Liability Policy shall be a commercial-grade one million dollar property liability policy with four million dollar excess liability coverage, and shall be primary as to all additional insureds.

**13. UTILITIES AND SERVICES.**   Lessor shall pay directly for all utilities and services supplied to the Premises including Wi-Fi, with the exception of individual Unit electric and cable TV. Lessee will reimburse Lessor for master water and gas charges and Lessor shall make available all documentation of such charges to Lessee for reconciliation and adjustment(s) on an annual basis. After receiving the results of a reconciliation and adjustment(s), Lessee may dispute the results within thirty (30) days by providing written notice to the Lessor of Lessee's intent to exercise its audit rights.

**14. GROUNDS MAINTENANCE**   Lessor shall be responsible for the care and maintenance of the grounds including landscaping and refuse removal. Lessor shall arrange for regular maintenance thereof so as to keep and maintain the Premises in neat, clean and good condition.

**15. REPAIR AND MAINTENANCE.**   Lessor shall pay all expenses, costs, and amounts of every kind or nature that Lessor incurs because of or in connection with the ownership, operation, management, maintenance, or repair of the Premises, and shall perform repairs necessary to maintain and keep the Premises and all components of it in good working order, suitable for residential use, including, without limitation, all electrical, mechanical, plumbing, fire/life safety, and other building systems of the Premises.  Lessee, at Lessee's expense, shall immediately repair all damage to the Premises caused by Lessee or by Lessee's agents, employees, invitees or customers or damage that, due to the anticipated short term rentals, exceeds the wear and tear attributable to normal single-tenant residential apartment use. If a maintenance issue for which Lessor is responsible arises, Lessee shall contact the Lessor promptly and the Lessor shall promptly provide such maintenance. In the event an urgent (or potentially urgent) maintenance issue arises, Lessee may carry out such maintenance, using Lessor's preferred contractor or employee, if any, and deduct all reasonably incurred expenses from the next rent payment coming due, provided that (a.) The repairs were necessary, (b.) Lessor failed to act within a reasonable time after being notified and (c.) the price paid was reasonable.

**16. LESSOR ENTRY.**   Lessor may enter the Premises to perform or facilitate preventative maintenance, repairs, alterations, additions or capital improvements to the Premises. Except in emergencies, Lessor shall provide Lessee with reasonable prior notice of entry and shall use reasonable efforts to minimize any interference with use of the Premises.

**17. SIGNAGE.**   Lessee may install, at Lessee's expense, signage on the Premises.  The size, design and manner of installation of all signs by Lessee shall be subject to the prior written approval of Lessor. Any permitted signs shall be maintained in compliance with applicable



governmental rules and regulations governing such signs. Lessee shall be responsible to Lessor for any damage caused by the installation, use or maintenance of said signs.

**18. HAZARDOUS MATERIALS**.   Lessee shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

**19. ANIMALS.**   No Pets are allowed on the Premises.

**20. NOTICE.**   Any notice required or permitted under this Lease or under state law shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

> If to Lessor to:
> **635 N. Scott St., LLC**
> **147 Carondelet Street, Suite 1137**
> **New Orleans, La 70130**
>
> If to Lessee To:
> **Sonder USA, Inc.**
> **5600 Jefferson Highway, Suite 278**
> **Elmwood, LA 70112**

**21. EXCLUSIVE RIGHT(s).**   Lessor grants Lessee the exclusive right(s) of the Permitted Use(s) of the above stated Premises, subject to the terms and conditions of this Lease. The provisions of this Section shall (unless extended in writing by the Parties) automatically terminate as of the expiration of this Lease.

**22. GOVERNING LAW AND JURISDICTION.**   The parties to this Lease understand and agree that the provisions of this lease, between them, has the effect of law, but in reference to matters for which this lease does not provide, this Lease shall be governed by and construed in accordance with the Ordinances of the City of New Orleans, the laws of the State of Louisiana and the federal laws of the United States; and irrevocably submit to the exclusive jurisdiction of the courts of competent jurisdiction in the State of Louisiana with respect to all matters relating to this agreement.

**23. CASUALTY AND FORCE MAJEURE.**   If any of the Premises is destroyed or materially damaged by fire or other unforeseen event (Force Majeure) not due to any fault or neglect of Lessee, and thus becomes wholly unfit for occupancy, then Lessee shall be entitled to an abatement of rent for the entire period during which the Premises is unfit for occupancy. Lessee may thereupon also choose to terminate this lease as of the date of the casualty.

**24. WARRANTY.**   Lessor warrants that the Premises are in good condition, unless



4

otherwise noted. Lessee acknowledges that he has been provided the opportunity to inspect the Premises and accepts it in its current condition and agrees to keep it in same condition during the term of this lease at his expense and return it to Lessor in the same or better condition at termination of this lease, normal decay, wear and tear excepted.

**25. MODIFICATION.**   The parties hereby agree that this document contains the entire agreement between the parties and this Lease shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

**26. SURRENDER AND HOLD OVER.**   On the expiration date, Lessee shall surrender to Lessor the Premises and all alterations in a first class and clean condition, less any normal wear and tear, free of trash and debris. If Lessee with Lessor's consent, remains in possession of the Premises after the Expiration Date, such possession by Lessee  shall be deemed to be a month-to-month tenancy terminable on 30-days' written notice given at any time by Lessor or Lessee. All provisions of this Lease except for those pertaining to Term shall apply to any such tenancy.

**27. ADDITIONAL PROVISIONS; DISCLOSURES.**   This Agreement is submitted with Lessor's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards dated dated_____9/25/2017_____attached hereto and forming part of this lease.

**28. PARKING LOT**.   Lessee shall have full use and access to all parking lot(s) and/or facilities on the Premises. Lessor is responsible for all maintenance and repairs of the parking lot(s).

**IN WITNESS WHEREOF**, Lessor and Lessee have each executed this Lease Agreement as of the date first above written:

**Lessor(s):**

By: _____*Joshua Bruno*_____
3F331841805B427...

Name: **635 N Scott St., LLC**
Date: _____9/25/2017_____

**Lessee:**

By: _____*Arthur Chang*_____
1FC4910EA7C6424...

Name: **Sonder, USA, Inc.**
Date: _____9/25/2017_____

5

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

## LEASE AGREEMENT

      **THIS LEASE AGREEMENT** (hereinafter referred to as the "Lease") is made and entered into as of _____9/25/2017_____,(the "Effective Date"), by and between, **635 N Scott St., LLC ("Lessor")**, a Louisiana limited liability company and **Sonder USA, Inc. ("Lessee")**, a Delaware Corporation.

## W I T N E S S E T H :

      **WHEREAS**, Lessor is the fee owner of certain real property, situated in Orleans Parish, Louisiana, such real property having a municipal street address of **635 N. Scott Street, New Orleans, La 70119**.

      **WHEREAS**, Lessor agrees to lease to Lessee the Residential Unit located at **635 N. Scott Street, New Orleans, La 70119** (hereinafter referred to as the ("Premises").

      **NOW, THEREFORE,** for and in consideration of the covenants and obligations contained herein, the parties hereto hereby agree as follows:

    **1.  PREMISES DEFINED.**   The provisions of this agreement pertain exclusively to a total of one (1) residential apartment unit, **Unit 23** (hereinafter referred to as  "Unit").

    **2.  TERM.**   Five (5) years commencing on **May 1, 2018** ("Commencement Date") and ending at 11:59 PM on **April 30, 2023.**

    **3.  RENT.**   The monthly rent shall be **One Thousand  Five Hundred Dollars ($1,500)** for the initial lease year. All such payments shall be payable in advance on or before the first (1st) day of each month to Lessor via ACH wire transfer and without demand.

    **4.  RENT ABATEMENT.**   Lessee shall be provided **three (3) months** of rent abatement upon occurrence of the Commencement Date.

    **5.  RENT INCREASE.**   Beginning on the second anniversary of the rental commencement date, and each anniversary thereafter, the annual rent shall escalate by a maximum of two percent (2%).

    **6.  RENEWAL.**   Lessee shall be provided a single five (5) year renewal option, per the terms and conditions of the last year of the initial lease term.

    **7.  LATE CHARGE.**   In the event that any payment is not made within five (5) calendar days of when due, Lessee shall pay to Lessor a "late fee" in the amount of 10% of amount owed. Delinquent amounts shall bear interest from the date due until paid at the lesser of (i) 12% per

annum or (ii) the maximum rate allowed by Louisiana Law. Lessor's acceptance of these fees shall not constitute a waiver or relinquishment of any of the other rights or remedies of Lessor.

**8.  ACCESS.**   Lessee may alter, re-key, and install electronic keyless door locks at the Premises.  Lessee will provide Lessor with keys or codes capable of unlocking all such re-keyed new locks. All door locks and keys shall be returned upon vacating the Premises.

**9.  PERMITTED USE.**   Lessee intends to operate its business as "Short Term Rentals" as defined and permitted under the New Orleans Comprehensive Zoning Ordinance. Lessor agrees that Lessee's obligations to perform under this Lease are contingent upon Lessee's ability to remain compliant with all statutes, codes, ordinances, orders, rules and regulations ("Laws") of any municipal or governmental entity whether in effect now or later, including the New Orleans Comprehensive Zoning Ordinance, authorizing or permitting Lessee's use of the Premises.

**10. ASSIGNMENT AND SUBLETTING.**   Lessor acknowledges and agrees that Lessee's operations entail renting and then subletting Lessor's units for periods ranging from less than 30 days to 12 months. As such, Lessee may enter into various sublease agreements of any duration concerning the units, without having to give Lessor notice of its intention to sublease and without having to obtain Lessor's consent to sublease the units, and Lessor hereby agrees to such subleases.

**11. TAXES.**   Lessor shall pay (a.) all real property taxes and assessments on the Premises; (b.) all personal property taxes for property that is owned by Lessor and used in connection with the operation, maintenance and repair of the Premises; and c.) all costs and fees incurred in connection with seeking reductions in any tax liabilities described in (a.) and (b.), including, without limitation, any costs incurred by Lessor for compliance, review and appeal of tax liabilities. Lessee shall pay all business taxes, licenses, and fees levied or imposed by any governmental authority upon the Premises and/or business operations and activities of Lessee at the Premises, including without limitation, taxes and fees related to the operation of Short Term Rentals under the New Orleans Comprehensive Zoning Ordinance, any hotel/motel taxes, and the fees for occupational licenses and occupancy permits assessed by the City of New Orleans.

**12.  INSURANCE.**   Lessor shall maintain Commercial General Liability insurance against claims for personal injury, death or property damage arising from or relating to the Premises, and property insurance insuring the Premises against loss, damage or rental interruption as Lessor reasonably may require, for the full replacement cost of the Premises (including all construction and improvements thereon), without limitation, replacement cost endorsement, agreed value endorsement, and vandalism and malicious mischief endorsements; flood, wind, and fire insurance; and umbrella excess liability insurance in such amounts as Lessor reasonably may require. Lessor shall further ensure that Lessee is added as an additional insured on the Lessor insurance policy or policies by endorsement, which endorsement shall remain in effect for the entire term of the Lease.
Lessee shall maintain a policy of Commercial General Liability (bodily injury and Property damage) insurance, insuring against liability arising on the Premises and out of the ownership, use, occupancy or maintenance of the Premises, or the business



2

conducted on the Premises, including liability arising from the negligence or other fault of all insureds, including Lessee and Lessee's guests, and additional insured parties (the "Liability Policy"). Lessor shall be an additional insured under the Liability Policy. The Liability Policy shall be a commercial-grade one million dollar property liability policy with four million dollar excess liability coverage, and shall be primary as to all additional insureds.

**13. UTILITIES AND SERVICES.**   Lessor shall pay directly for all utilities and services supplied to the Premises including Wi-Fi, with the exception of individual Unit electric and cable TV. Lessee will reimburse Lessor for master water and gas charges and Lessor shall make available all documentation of such charges to Lessee for reconciliation and adjustment(s) on an annual basis. After receiving the results of a reconciliation and adjustment(s), Lessee may dispute the results within thirty (30) days by providing written notice to the Lessor of Lessee's intent to exercise its audit rights.

**14. GROUNDS MAINTENANCE**   Lessor shall be responsible for the care and maintenance of the grounds including landscaping and refuse removal. Lessor shall arrange for regular maintenance thereof so as to keep and maintain the Premises in neat, clean and good condition.

**15. REPAIR AND MAINTENANCE.**   Lessor shall pay all expenses, costs, and amounts of every kind or nature that Lessor incurs because of or in connection with the ownership, operation, management, maintenance, or repair of the Premises, and shall perform repairs necessary to maintain and keep the Premises and all components of it in good working order, suitable for residential use, including, without limitation, all electrical, mechanical, plumbing, fire/life safety, and other building systems of the Premises.  Lessee, at Lessee's expense, shall immediately repair all damage to the Premises caused by Lessee or by Lessee's agents, employees, invitees or customers or damage that, due to the anticipated short term rentals, exceeds the wear and tear attributable to normal single-tenant residential apartment use. If a maintenance issue for which Lessor is responsible arises, Lessee shall contact the Lessor promptly and the Lessor shall promptly provide such maintenance. In the event an urgent (or potentially urgent) maintenance issue arises, Lessee may carry out such maintenance, using Lessor's preferred contractor or employee, if any, and deduct all reasonably incurred expenses from the next rent payment coming due, provided that (a.) The repairs were necessary, (b.) Lessor failed to act within a reasonable time after being notified and (c.) the price paid was reasonable.

**16. LESSOR ENTRY.**   Lessor may enter the Premises to perform or facilitate preventative maintenance, repairs, alterations, additions or capital improvements to the Premises. Except in emergencies, Lessor shall provide Lessee with reasonable prior notice of entry and shall use reasonable efforts to minimize any interference with use of the Premises.

**17. SIGNAGE.**   Lessee may install, at Lessee's expense, signage on the Premises.  The size, design and manner of installation of all signs by Lessee shall be subject to the prior written approval of Lessor. Any permitted signs shall be maintained in compliance with applicable



3

governmental rules and regulations governing such signs. Lessee shall be responsible to Lessor for any damage caused by the installation, use or maintenance of said signs.

**18. HAZARDOUS MATERIALS**.   Lessee shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

**19. ANIMALS.**   No Pets are allowed on the Premises.

**20. NOTICE.**   Any notice required or permitted under this Lease or under state law shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

> If to Lessor to:
> **635 N. Scott St., LLC**
> **147 Carondelet Street, Suite 1137**
> **New Orleans, La 70130**
>
> If to Lessee To:
> **Sonder USA, Inc.**
> **5600 Jefferson Highway, Suite 278**
> **Elmwood, LA 70112**

**21. EXCLUSIVE RIGHT(s).**   Lessor grants Lessee the exclusive right(s) of the Permitted Use(s) of the above stated Premises, subject to the terms and conditions of this Lease. The provisions of this Section shall (unless extended in writing by the Parties) automatically terminate as of the expiration of this Lease.

**22. GOVERNING LAW AND JURISDICTION.**   The parties to this Lease understand and agree that the provisions of this lease, between them, has the effect of law, but in reference to matters for which this lease does not provide, this Lease shall be governed by and construed in accordance with the Ordinances of the City of New Orleans, the laws of the State of Louisiana and the federal laws of the United States; and irrevocably submit to the exclusive jurisdiction of the courts of competent jurisdiction in the State of Louisiana with respect to all matters relating to this agreement.

**23. CASUALTY AND FORCE MAJEURE.**   If any of the Premises is destroyed or materially damaged by fire or other unforeseen event (Force Majeure) not due to any fault or neglect of Lessee, and thus becomes wholly unfit for occupancy, then Lessee shall be entitled to an abatement of rent for the entire period during which the Premises is unfit for occupancy. Lessee may thereupon also choose to terminate this lease as of the date of the casualty.

**24. WARRANTY.**   Lessor warrants that the Premises are in good condition, unless

4



otherwise noted. Lessee acknowledges that he has been provided the opportunity to inspect the Premises and accepts it in its current condition and agrees to keep it in same condition during the term of this lease at his expense and return it to Lessor in the same or better condition at termination of this lease, normal decay, wear and tear excepted.

**25. MODIFICATION.**   The parties hereby agree that this document contains the entire agreement between the parties and this Lease shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

**26. SURRENDER AND HOLD OVER.**   On the expiration date, Lessee shall surrender to Lessor the Premises and all alterations in a first class and clean condition, less any normal wear and tear, free of trash and debris. If Lessee with Lessor's consent, remains in possession of the Premises after the Expiration Date, such possession by Lessee  shall be deemed to be a month-to-month tenancy terminable on 30-days' written notice given at any time by Lessor or Lessee. All provisions of this Lease except for those pertaining to Term shall apply to any such tenancy.

**27. ADDITIONAL PROVISIONS; DISCLOSURES.**   This Agreement is submitted with Lessor's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards dated dated___9/25/2017___attached hereto and forming part of this lease.

**28. PARKING LOT**.   Lessee shall have full use and access to all parking lot(s) and/or facilities on the Premises. Lessor is responsible for all maintenance and repairs of the parking lot(s).

**IN WITNESS WHEREOF**, Lessor and Lessee have each executed this Lease Agreement as of the date first above written:

**Lessor(s):**

By: _____
3F331841805B427...

Name: **635 N Scott St., LLC**
Date: ___9/25/2017___

**Lessee:**

By: _____
1FC4910EA7C6424...

Name: **Sonder, USA, Inc.**
Date: ___9/25/2017___

5

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

## LEASE AGREEMENT

      **THIS LEASE AGREEMENT** (hereinafter referred to as the "Lease") is made and entered into as of _____9/25/2017_____,(the "Effective Date"), by and between, **635 N Scott St., LLC ("Lessor")**, a Louisiana limited liability company and **Sonder USA, Inc. ("Lessee")**, a Delaware Corporation.

## W I T N E S S E T H :

      **WHEREAS**, Lessor is the fee owner of certain real property, situated in Orleans Parish, Louisiana, such real property having a municipal street address of **635 N. Scott Street, New Orleans, La 70119**.

      **WHEREAS**, Lessor agrees to lease to Lessee the Residential Unit located at **635 N. Scott Street, New Orleans, La 70119** (hereinafter referred to as the ("Premises").

      **NOW, THEREFORE,** for and in consideration of the covenants and obligations contained herein, the parties hereto hereby agree as follows:

    **1.  PREMISES DEFINED.**  The provisions of this agreement pertain exclusively to a total of one (1) residential apartment unit, **Unit 24** (hereinafter referred to as "Unit").

    **2.  TERM.**  Five (5) years commencing on **February 1, 2018** ("Commencement Date") and ending at 11:59 PM on **January 31, 2023.**

    **3.  RENT.**  The monthly rent shall be **One Thousand  Five Hundred Dollars ($1,500)** for the initial lease year. All such payments shall be payable in advance on or before the first (1st) day of each month to Lessor via ACH wire transfer and without demand.

    **4.  RENT ABATEMENT.**  Lessee shall be provided **three (3) months** of rent abatement upon occurrence of the Commencement Date.

    **5.  RENT INCREASE.**  Beginning on the second anniversary of the rental commencement date, and each anniversary thereafter, the annual rent shall escalate by a maximum of two percent (2%).

    **6.  RENEWAL.**  Lessee shall be provided a single five (5) year renewal option, per the terms and conditions of the last year of the initial lease term.

    **7.  LATE CHARGE.**  In the event that any payment is not made within five (5) calendar days of when due, Lessee shall pay to Lessor a "late fee" in the amount of 10% of amount owed. Delinquent amounts shall bear interest from the date due until paid at the lesser of (i) 12% per

DocuSign Envelope ID: 913712C1-DF68-4030-AC8B-9DEF43A4E234

annum or (ii) the maximum rate allowed by Louisiana Law. Lessor's acceptance of these fees shall not constitute a waiver or relinquishment of any of the other rights or remedies of Lessor.

**8.  ACCESS.**   Lessee may alter, re-key, and install electronic keyless door locks at the Premises.  Lessee will provide Lessor with keys or codes capable of unlocking all such re-keyed new locks. All door locks and keys shall be returned upon vacating the Premises.

**9.  PERMITTED USE.**   Lessee intends to operate its business as "Short Term Rentals" as defined and permitted under the New Orleans Comprehensive Zoning Ordinance. Lessor agrees that Lessee's obligations to perform under this Lease are contingent upon Lessee's ability to remain compliant with all statutes, codes, ordinances, orders, rules and regulations ("Laws") of any municipal or governmental entity whether in effect now or later, including the New Orleans Comprehensive Zoning Ordinance, authorizing or permitting Lessee's use of the Premises.

**10. ASSIGNMENT AND SUBLETTING.**   Lessor acknowledges and agrees that Lessee's operations entail renting and then subletting Lessor's units for periods ranging from less than 30 days to 12 months. As such, Lessee may enter into various sublease agreements of any duration concerning the units, without having to give Lessor notice of its intention to sublease and without having to obtain Lessor's consent to sublease the units, and Lessor hereby agrees to such subleases.

**11. TAXES.**   Lessor shall pay (a.) all real property taxes and assessments on the Premises; (b.) all personal property taxes for property that is owned by Lessor and used in connection with the operation, maintenance and repair of the Premises; and c.) all costs and fees incurred in connection with seeking reductions in any tax liabilities described in (a.) and (b.), including, without limitation, any costs incurred by Lessor for compliance, review and appeal of tax liabilities. Lessee shall pay all business taxes, licenses, and fees levied or imposed by any governmental authority upon the Premises and/or business operations and activities of Lessee at the Premises, including without limitation, taxes and fees related to the operation of Short Term Rentals under the New Orleans Comprehensive Zoning Ordinance, any hotel/motel taxes, and the fees for occupational licenses and occupancy permits assessed by the City of New Orleans.

**12. INSURANCE.**   Lessor shall maintain Commercial General Liability insurance against claims for personal injury, death or property damage arising from or relating to the Premises, and property insurance insuring the Premises against loss, damage or rental interruption as Lessor reasonably may require, for the full replacement cost of the Premises (including all construction and improvements thereon), without limitation, replacement cost endorsement, agreed value endorsement, and vandalism and malicious mischief endorsements; flood, wind, and fire insurance; and umbrella excess liability insurance in such amounts as Lessor reasonably may require. Lessor shall further ensure that Lessee is added as an additional insured on the Lessor insurance policy or policies by endorsement, which endorsement shall remain in effect for the entire term of the Lease.
Lessee shall maintain a policy of Commercial General Liability (bodily injury and Property damage) insurance, insuring against liability arising on the Premises and out of the ownership, use, occupancy or maintenance of the Premises, or the business



conducted on the Premises, including liability arising from the negligence or other fault of all insureds, including Lessee and Lessee's guests, and additional insured parties (the "Liability Policy"). Lessor shall be an additional insured under the Liability Policy. The Liability Policy shall be a commercial-grade one million dollar property liability policy with four million dollar excess liability coverage, and shall be primary as to all additional insureds.

**13. UTILITIES AND SERVICES.**   Lessor shall pay directly for all utilities and services supplied to the Premises including Wi-Fi, with the exception of individual Unit electric and cable TV. Lessee will reimburse Lessor for master water and gas charges and Lessor shall make available all documentation of such charges to Lessee for reconciliation and adjustment(s) on an annual basis. After receiving the results of a reconciliation and adjustment(s), Lessee may dispute the results within thirty (30) days by providing written notice to the Lessor of Lessee's intent to exercise its audit rights.

**14. GROUNDS MAINTENANCE**  Lessor shall be responsible for the care and maintenance of the grounds including landscaping and refuse removal. Lessor shall arrange for regular maintenance thereof so as to keep and maintain the Premises in neat, clean and good condition.

**15. REPAIR AND MAINTENANCE.**   Lessor shall pay all expenses, costs, and amounts of every kind or nature that Lessor incurs because of or in connection with the ownership, operation, management, maintenance, or repair of the Premises, and shall perform repairs necessary to maintain and keep the Premises and all components of it in good working order, suitable for residential use, including, without limitation, all electrical, mechanical, plumbing, fire/life safety, and other building systems of the Premises.  Lessee, at Lessee's expense, shall immediately repair all damage to the Premises caused by Lessee or by Lessee's agents, employees, invitees or customers or damage that, due to the anticipated short term rentals, exceeds the wear and tear attributable to normal single-tenant residential apartment use. If a maintenance issue for which Lessor is responsible arises, Lessee shall contact the Lessor promptly and the Lessor shall promptly provide such maintenance. In the event an urgent (or potentially urgent) maintenance issue arises, Lessee may carry out such maintenance, using Lessor's preferred contractor or employee, if any, and deduct all reasonably incurred expenses from the next rent payment coming due, provided that (a.) The repairs were necessary, (b.) Lessor failed to act within a reasonable time after being notified and (c.) the price paid was reasonable.

**16. LESSOR ENTRY.**   Lessor may enter the Premises to perform or facilitate preventative maintenance, repairs, alterations, additions or capital improvements to the Premises. Except in emergencies, Lessor shall provide Lessee with reasonable prior notice of entry and shall use reasonable efforts to minimize any interference with use of the Premises.

**17. SIGNAGE.**   Lessee may install, at Lessee's expense, signage on the Premises.  The size, design and manner of installation of all signs by Lessee shall be subject to the prior written approval of Lessor. Any permitted signs shall be maintained in compliance with applicable



3

governmental rules and regulations governing such signs. Lessee shall be responsible to Lessor for any damage caused by the installation, use or maintenance of said signs.

**18. HAZARDOUS MATERIALS**.   Lessee shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

**19. ANIMALS.**   No Pets are allowed on the Premises.

**20. NOTICE.**   Any notice required or permitted under this Lease or under state law shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

> If to Lessor to:
> **635 N. Scott St., LLC**
> **147 Carondelet Street, Suite 1137**
> **New Orleans, La 70130**
>
> If to Lessee To:
> **Sonder USA, Inc.**
> **5600 Jefferson Highway, Suite 278**
> **Elmwood, LA 70112**

**21. EXCLUSIVE RIGHT(s).**   Lessor grants Lessee the exclusive right(s) of the Permitted Use(s) of the above stated Premises, subject to the terms and conditions of this Lease. The provisions of this Section shall (unless extended in writing by the Parties) automatically terminate as of the expiration of this Lease.

**22. GOVERNING LAW AND JURISDICTION.**   The parties to this Lease understand and agree that the provisions of this lease, between them, has the effect of law, but in reference to matters for which this lease does not provide, this Lease shall be governed by and construed in accordance with the Ordinances of the City of New Orleans, the laws of the State of Louisiana and the federal laws of the United States; and irrevocably submit to the exclusive jurisdiction of the courts of competent jurisdiction in the State of Louisiana with respect to all matters relating to this agreement.

**23. CASUALTY AND FORCE MAJEURE.**   If any of the Premises is destroyed or materially damaged by fire or other unforeseen event (Force Majeure) not due to any fault or neglect of Lessee, and thus becomes wholly unfit for occupancy, then Lessee shall be entitled to an abatement of rent for the entire period during which the Premises is unfit for occupancy. Lessee may thereupon also choose to terminate this lease as of the date of the casualty.

**24. WARRANTY.**   Lessor warrants that the Premises are in good condition, unless



4

otherwise noted. Lessee acknowledges that he has been provided the opportunity to inspect the Premises and accepts it in its current condition and agrees to keep it in same condition during the term of this lease at his expense and return it to Lessor in the same or better condition at termination of this lease, normal decay, wear and tear excepted.

**25. MODIFICATION.**    The parties hereby agree that this document contains the entire agreement between the parties and this Lease shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

**26. SURRENDER AND HOLD OVER.**    On the expiration date, Lessee shall surrender to Lessor the Premises and all alterations in a first class and clean condition, less any normal wear and tear, free of trash and debris. If Lessee with Lessor's consent, remains in possession of the Premises after the Expiration Date, such possession by Lessee  shall be deemed to be a month-to-month tenancy terminable on 30-days' written notice given at any time by Lessor or Lessee. All provisions of this Lease except for those pertaining to Term shall apply to any such tenancy.

**27. ADDITIONAL PROVISIONS; DISCLOSURES.**    This Agreement is submitted with Lessor's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards dated dated_____9/25/2017_____attached hereto and forming part of this lease.

**28. PARKING LOT**.    Lessee shall have full use and access to all parking lot(s) and/or facilities on the Premises. Lessor is responsible for all maintenance and repairs of the parking lot(s).

    **IN WITNESS WHEREOF**, Lessor and Lessee have each executed this Lease Agreement as of the date first above written:

**Lessor(s):**

By: _____*Joshua Bruno*_____
                  3F331841805B427...

Name: **635 N Scott St., LLC**
Date: _____9/25/2017_____

**Lessee:**

By: _____*Arthur Chang*_____
                  1FC4910EA7C6424...

Name: **Sonder, USA, Inc.**
Date: _____9/25/2017_____

5

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

## LEASE AGREEMENT

      **THIS LEASE AGREEMENT** (hereinafter referred to as the "Lease") is made and entered into as of _____9/25/2017_____,(the "Effective Date"), by and between, **635 N Scott St., LLC ("Lessor")**, a Louisiana limited liability company and **Sonder USA, Inc. ("Lessee")**, a Delaware Corporation.

## W I T N E S S E T H :

      **WHEREAS**, Lessor is the fee owner of certain real property, situated in Orleans Parish, Louisiana, such real property having a municipal street address of **635 N. Scott Street, New Orleans, La 70119**.

      **WHEREAS**, Lessor agrees to lease to Lessee the Residential Unit located at **635 N. Scott Street, New Orleans, La 70119** (hereinafter referred to as the ("Premises").

      **NOW, THEREFORE,** for and in consideration of the covenants and obligations contained herein, the parties hereto hereby agree as follows:

    **1.  PREMISES DEFINED.**   The provisions of this agreement pertain exclusively to a total of one (1) residential apartment unit, **Unit 25** (hereinafter referred to as  "Unit").

    **2.  TERM.**   Five (5) years commencing on **August 1, 2018** ("Commencement Date") and ending at 11:59 PM on **July 31, 2023.**

    **3.  RENT.**   The monthly rent shall be **One Thousand  Five Hundred Dollars ($1,500)** for the initial lease year. All such payments shall be payable in advance on or before the first (1st) day of each month to Lessor via ACH wire transfer and without demand.

    **4.  RENT ABATEMENT.**   Lessee shall be provided **three (3) months** of rent abatement upon occurrence of the Commencement Date.

    **5.  RENT INCREASE.**   Beginning on the second anniversary of the rental commencement date, and each anniversary thereafter, the annual rent shall escalate by a maximum of two percent (2%).

    **6.  RENEWAL.**   Lessee shall be provided a single five (5) year renewal option, per the terms and conditions of the last year of the initial lease term.

    **7.  LATE CHARGE.**   In the event that any payment is not made within five (5) calendar days of when due, Lessee shall pay to Lessor a "late fee" in the amount of 10% of amount owed. Delinquent amounts shall bear interest from the date due until paid at the lesser of (i) 12% per

DocuSign Envelope ID: 913712C1-DF68-4030-AC8B-9DEF43A4E234

annum or (ii) the maximum rate allowed by Louisiana Law. Lessor's acceptance of these fees shall not constitute a waiver or relinquishment of any of the other rights or remedies of Lessor.

**8.  ACCESS.**   Lessee may alter, re-key, and install electronic keyless door locks at the Premises.  Lessee will provide Lessor with keys or codes capable of unlocking all such re-keyed new locks. All door locks and keys shall be returned upon vacating the Premises.

**9.  PERMITTED USE.**   Lessee intends to operate its business as "Short Term Rentals" as defined and permitted under the New Orleans Comprehensive Zoning Ordinance. Lessor agrees that Lessee's obligations to perform under this Lease are contingent upon Lessee's ability to remain compliant with all statutes, codes, ordinances, orders, rules and regulations ("Laws") of any municipal or governmental entity whether in effect now or later, including the New Orleans Comprehensive Zoning Ordinance, authorizing or permitting Lessee's use of the Premises.

**10. ASSIGNMENT AND SUBLETTING.**   Lessor acknowledges and agrees that Lessee's operations entail renting and then subletting Lessor's units for periods ranging from less than 30 days to 12 months. As such, Lessee may enter into various sublease agreements of any duration concerning the units, without having to give Lessor notice of its intention to sublease and without having to obtain Lessor's consent to sublease the units, and Lessor hereby agrees to such subleases.

**11. TAXES.**   Lessor shall pay (a.) all real property taxes and assessments on the Premises; (b.) all personal property taxes for property that is owned by Lessor and used in connection with the operation, maintenance and repair of the Premises; and c.) all costs and fees incurred in connection with seeking reductions in any tax liabilities described in (a.) and (b.), including, without limitation, any costs incurred by Lessor for compliance, review and appeal of tax liabilities. Lessee shall pay all business taxes, licenses, and fees levied or imposed by any governmental authority upon the Premises and/or business operations and activities of Lessee at the Premises, including without limitation, taxes and fees related to the operation of Short Term Rentals under the New Orleans Comprehensive Zoning Ordinance, any hotel/motel taxes, and the fees for occupational licenses and occupancy permits assessed by the City of New Orleans.

**12. INSURANCE.**   Lessor shall maintain Commercial General Liability insurance against claims for personal injury, death or property damage arising from or relating to the Premises, and property insurance insuring the Premises against loss, damage or rental interruption as Lessor reasonably may require, for the full replacement cost of the Premises (including all construction and improvements thereon), without limitation, replacement cost endorsement, agreed value endorsement, and vandalism and malicious mischief endorsements; flood, wind, and fire insurance; and umbrella excess liability insurance in such amounts as Lessor reasonably may require. Lessor shall further ensure that Lessee is added as an additional insured on the Lessor insurance policy or policies by endorsement, which endorsement shall remain in effect for the entire term of the Lease.
Lessee shall maintain a policy of Commercial General Liability (bodily injury and Property damage) insurance, insuring against liability arising on the Premises and out of the ownership, use, occupancy or maintenance of the Premises, or the business

DocuSign Envelope ID: 913712C1-DF68-4030-AC8B-9DEF43A4E234

conducted on the Premises, including liability arising from the negligence or other fault of all insureds, including Lessee and Lessee's guests, and additional insured parties (the "Liability Policy"). Lessor shall be an additional insured under the Liability Policy. The Liability Policy shall be a commercial-grade one million dollar property liability policy with four million dollar excess liability coverage, and shall be primary as to all additional insureds.

**13. UTILITIES AND SERVICES.**  Lessor shall pay directly for all utilities and services supplied to the Premises including Wi-Fi, with the exception of individual Unit electric and cable TV. Lessee will reimburse Lessor for master water and gas charges and Lessor shall make available all documentation of such charges to Lessee for reconciliation and adjustment(s) on an annual basis. After receiving the results of a reconciliation and adjustment(s), Lessee may dispute the results within thirty (30) days by providing written notice to the Lessor of Lessee's intent to exercise its audit rights.

**14. GROUNDS MAINTENANCE**  Lessor shall be responsible for the care and maintenance of the grounds including landscaping and refuse removal. Lessor shall arrange for regular maintenance thereof so as to keep and maintain the Premises in neat, clean and good condition.

**15. REPAIR AND MAINTENANCE.**  Lessor shall pay all expenses, costs, and amounts of every kind or nature that Lessor incurs because of or in connection with the ownership, operation, management, maintenance, or repair of the Premises, and shall perform repairs necessary to maintain and keep the Premises and all components of it in good working order, suitable for residential use, including, without limitation, all electrical, mechanical, plumbing, fire/life safety, and other building systems of the Premises.  Lessee, at Lessee's expense, shall immediately repair all damage to the Premises caused by Lessee or by Lessee's agents, employees, invitees or customers or damage that, due to the anticipated short term rentals, exceeds the wear and tear attributable to normal single-tenant residential apartment use. If a maintenance issue for which Lessor is responsible arises, Lessee shall contact the Lessor promptly and the Lessor shall promptly provide such maintenance. In the event an urgent (or potentially urgent) maintenance issue arises, Lessee may carry out such maintenance, using Lessor's preferred contractor or employee, if any, and deduct all reasonably incurred expenses from the next rent payment coming due, provided that (a.) The repairs were necessary, (b.) Lessor failed to act within a reasonable time after being notified and (c.) the price paid was reasonable.

**16. LESSOR ENTRY.**  Lessor may enter the Premises to perform or facilitate preventative maintenance, repairs, alterations, additions or capital improvements to the Premises. Except in emergencies, Lessor shall provide Lessee with reasonable prior notice of entry and shall use reasonable efforts to minimize any interference with use of the Premises.

**17. SIGNAGE.**  Lessee may install, at Lessee's expense, signage on the Premises.  The size, design and manner of installation of all signs by Lessee shall be subject to the prior written approval of Lessor. Any permitted signs shall be maintained in compliance with applicable

3

governmental rules and regulations governing such signs. Lessee shall be responsible to Lessor for any damage caused by the installation, use or maintenance of said signs.

**18. HAZARDOUS MATERIALS**.   Lessee shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

**19. ANIMALS.**   No Pets are allowed on the Premises.

**20. NOTICE.**   Any notice required or permitted under this Lease or under state law shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

> If to Lessor to:
> **635 N. Scott St., LLC**
> **147 Carondelet Street, Suite 1137**
> **New Orleans, La 70130**
>
> If to Lessee To:
> **Sonder USA, Inc.**
> **5600 Jefferson Highway, Suite 278**
> **Elmwood, LA 70112**

**21. EXCLUSIVE RIGHT(s).**   Lessor grants Lessee the exclusive right(s) of the Permitted Use(s) of the above stated Premises, subject to the terms and conditions of this Lease. The provisions of this Section shall (unless extended in writing by the Parties) automatically terminate as of the expiration of this Lease.

**22. GOVERNING LAW AND JURISDICTION.**   The parties to this Lease understand and agree that the provisions of this lease, between them, has the effect of law, but in reference to matters for which this lease does not provide, this Lease shall be governed by and construed in accordance with the Ordinances of the City of New Orleans, the laws of the State of Louisiana and the federal laws of the United States; and irrevocably submit to the exclusive jurisdiction of the courts of competent jurisdiction in the State of Louisiana with respect to all matters relating to this agreement.

**23. CASUALTY AND FORCE MAJEURE.**   If any of the Premises is destroyed or materially damaged by fire or other unforeseen event (Force Majeure) not due to any fault or neglect of Lessee, and thus becomes wholly unfit for occupancy, then Lessee shall be entitled to an abatement of rent for the entire period during which the Premises is unfit for occupancy. Lessee may thereupon also choose to terminate this lease as of the date of the casualty.

**24. WARRANTY.**   Lessor warrants that the Premises are in good condition, unless

otherwise noted. Lessee acknowledges that he has been provided the opportunity to inspect the Premises and accepts it in its current condition and agrees to keep it in same condition during the term of this lease at his expense and return it to Lessor in the same or better condition at termination of this lease, normal decay, wear and tear excepted.

**25. MODIFICATION.**   The parties hereby agree that this document contains the entire agreement between the parties and this Lease shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

**26. SURRENDER AND HOLD OVER.**   On the expiration date, Lessee shall surrender to Lessor the Premises and all alterations in a first class and clean condition, less any normal wear and tear, free of trash and debris. If Lessee with Lessor's consent, remains in possession of the Premises after the Expiration Date, such possession by Lessee  shall be deemed to be a month-to-month tenancy terminable on 30-days' written notice given at any time by Lessor or Lessee. All provisions of this Lease except for those pertaining to Term shall apply to any such tenancy.

**27. ADDITIONAL PROVISIONS; DISCLOSURES.**   This Agreement is submitted with Lessor's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards dated dated ___9/25/2017___attached hereto and forming part of this lease.

**28. PARKING LOT**.   Lessee shall have full use and access to all parking lot(s) and/or facilities on the Premises. Lessor is responsible for all maintenance and repairs of the parking lot(s).

    **IN WITNESS WHEREOF**, Lessor and Lessee have each executed this Lease Agreement as of the date first above written:

Lessor(s):

By: _____ *Joshua Bruno* _____
            3F331841805B427...

Name: **635 N Scott St., LLC**
Date: ___9/25/2017___

Lessee:

By: _____ *Arthur Chang* _____
            1FC4910EA7C6424...

Name: **Sonder, USA, Inc.**
Date: ___9/25/2017___

5

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

## LEASE AGREEMENT

      **THIS LEASE AGREEMENT** (hereinafter referred to as the "Lease") is made and entered into as of _____9/25/2017_____,(the "Effective Date"), by and between, **635 N Scott St., LLC ("Lessor")**, a Louisiana limited liability company and **Sonder USA, Inc. ("Lessee")**, a Delaware Corporation.

## W I T N E S S E T H :

      **WHEREAS**, Lessor is the fee owner of certain real property, situated in Orleans Parish, Louisiana, such real property having a municipal street address of **635 N. Scott Street, New Orleans, La 70119**.

      **WHEREAS**, Lessor agrees to lease to Lessee the Residential Unit located at **635 N. Scott Street, New Orleans, La 70119** (hereinafter referred to as the ("Premises").

      **NOW, THEREFORE,** for and in consideration of the covenants and obligations contained herein, the parties hereto hereby agree as follows:

  **1.** **PREMISES DEFINED.**  The provisions of this agreement pertain exclusively to a total of one (1) residential apartment unit, **Unit 26** (hereinafter referred to as  "Unit").

  **2.** **TERM.**  Five (5) years commencing on **November 1, 2017** ("Commencement Date") and ending at 11:59 PM on **October 31, 2022.**

  **3.** **RENT.**  The monthly rent shall be **One Thousand  Five Hundred Dollars ($1,500)** for the initial lease year. All such payments shall be payable in advance on or before the first (1st) day of each month to Lessor via ACH wire transfer and without demand.

  **4.** **RENT ABATEMENT.**  Lessee shall be provided **three (3) months** of rent abatement upon occurrence of the Commencement Date.

  **5.** **RENT INCREASE.**  Beginning on the second anniversary of the rental commencement date, and each anniversary thereafter, the annual rent shall escalate by a maximum of two percent (2%).

  **6.** **RENEWAL.**  Lessee shall be provided a single five (5) year renewal option, per the terms and conditions of the last year of the initial lease term.

  **7.** **LATE CHARGE.**  In the event that any payment is not made within five (5) calendar days of when due, Lessee shall pay to Lessor a "late fee" in the amount of 10% of amount owed. Delinquent amounts shall bear interest from the date due until paid at the lesser of (i) 12% per

annum or (ii) the maximum rate allowed by Louisiana Law. Lessor's acceptance of these fees shall not constitute a waiver or relinquishment of any of the other rights or remedies of Lessor.

**8. ACCESS.**   Lessee may alter, re-key, and install electronic keyless door locks at the Premises.  Lessee will provide Lessor with keys or codes capable of unlocking all such re-keyed new locks. All door locks and keys shall be returned upon vacating the Premises.

**9. PERMITTED USE.**   Lessee intends to operate its business as "Short Term Rentals" as defined and permitted under the New Orleans Comprehensive Zoning Ordinance. Lessor agrees that Lessee's obligations to perform under this Lease are contingent upon Lessee's ability to remain compliant with all statutes, codes, ordinances, orders, rules and regulations ("Laws") of any municipal or governmental entity whether in effect now or later, including the New Orleans Comprehensive Zoning Ordinance, authorizing or permitting Lessee's use of the Premises.

**10. ASSIGNMENT AND SUBLETTING.**   Lessor acknowledges and agrees that Lessee's operations entail renting and then subletting Lessor's units for periods ranging from less than 30 days to 12 months. As such, Lessee may enter into various sublease agreements of any duration concerning the units, without having to give Lessor notice of its intention to sublease and without having to obtain Lessor's consent to sublease the units, and Lessor hereby agrees to such subleases.

**11. TAXES.**   Lessor shall pay (a.) all real property taxes and assessments on the Premises; (b.) all personal property taxes for property that is owned by Lessor and used in connection with the operation, maintenance and repair of the Premises; and c.) all costs and fees incurred in connection with seeking reductions in any tax liabilities described in (a.) and (b.), including, without limitation, any costs incurred by Lessor for compliance, review and appeal of tax liabilities. Lessee shall pay all business taxes, licenses, and fees levied or imposed by any governmental authority upon the Premises and/or business operations and activities of Lessee at the Premises, including without limitation, taxes and fees related to the operation of Short Term Rentals under the New Orleans Comprehensive Zoning Ordinance, any hotel/motel taxes, and the fees for occupational licenses and occupancy permits assessed by the City of New Orleans.

**12. INSURANCE.**   Lessor shall maintain Commercial General Liability insurance against claims for personal injury, death or property damage arising from or relating to the Premises, and property insurance insuring the Premises against loss, damage or rental interruption as Lessor reasonably may require, for the full replacement cost of the Premises (including all construction and improvements thereon), without limitation, replacement cost endorsement, agreed value endorsement, and vandalism and malicious mischief endorsements; flood, wind, and fire insurance; and umbrella excess liability insurance in such amounts as Lessor reasonably may require. Lessor shall further ensure that Lessee is added as an additional insured on the Lessor insurance policy or policies by endorsement, which endorsement shall remain in effect for the entire term of the Lease.
Lessee shall maintain a policy of Commercial General Liability (bodily injury and Property damage) insurance, insuring against liability arising on the Premises and out of the ownership, use, occupancy or maintenance of the Premises, or the business



conducted on the Premises, including liability arising from the negligence or other fault of all insureds, including Lessee and Lessee's guests, and additional insured parties (the "Liability Policy"). Lessor shall be an additional insured under the Liability Policy. The Liability Policy shall be a commercial-grade one million dollar property liability policy with four million dollar excess liability coverage, and shall be primary as to all additional insureds.

**13. UTILITIES AND SERVICES.**   Lessor shall pay directly for all utilities and services supplied to the Premises including Wi-Fi, with the exception of individual Unit electric and cable TV. Lessee will reimburse Lessor for master water and gas charges and Lessor shall make available all documentation of such charges to Lessee for reconciliation and adjustment(s) on an annual basis. After receiving the results of a reconciliation and adjustment(s), Lessee may dispute the results within thirty (30) days by providing written notice to the Lessor of Lessee's intent to exercise its audit rights.

**14. GROUNDS MAINTENANCE**  Lessor shall be responsible for the care and maintenance of the grounds including landscaping and refuse removal. Lessor shall arrange for regular maintenance thereof so as to keep and maintain the Premises in neat, clean and good condition.

**15. REPAIR AND MAINTENANCE.**   Lessor shall pay all expenses, costs, and amounts of every kind or nature that Lessor incurs because of or in connection with the ownership, operation, management, maintenance, or repair of the Premises, and shall perform repairs necessary to maintain and keep the Premises and all components of it in good working order, suitable for residential use, including, without limitation, all electrical, mechanical, plumbing, fire/life safety, and other building systems of the Premises.  Lessee, at Lessee's expense, shall immediately repair all damage to the Premises caused by Lessee or by Lessee's agents, employees, invitees or customers or damage that, due to the anticipated short term rentals, exceeds the wear and tear attributable to normal single-tenant residential apartment use. If a maintenance issue for which Lessor is responsible arises, Lessee shall contact the Lessor promptly and the Lessor shall promptly provide such maintenance. In the event an urgent (or potentially urgent) maintenance issue arises, Lessee may carry out such maintenance, using Lessor's preferred contractor or employee, if any, and deduct all reasonably incurred expenses from the next rent payment coming due, provided that (a.) The repairs were necessary, (b.) Lessor failed to act within a reasonable time after being notified and (c.) the price paid was reasonable.

**16. LESSOR ENTRY.**   Lessor may enter the Premises to perform or facilitate preventative maintenance, repairs, alterations, additions or capital improvements to the Premises. Except in emergencies, Lessor shall provide Lessee with reasonable prior notice of entry and shall use reasonable efforts to minimize any interference with use of the Premises.

**17. SIGNAGE.**   Lessee may install, at Lessee's expense, signage on the Premises.  The size, design and manner of installation of all signs by Lessee shall be subject to the prior written approval of Lessor. Any permitted signs shall be maintained in compliance with applicable



3

governmental rules and regulations governing such signs. Lessee shall be responsible to Lessor for any damage caused by the installation, use or maintenance of said signs.

**18. HAZARDOUS MATERIALS**.   Lessee shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

**19. ANIMALS.**   No Pets are allowed on the Premises.

**20. NOTICE.**   Any notice required or permitted under this Lease or under state law shall be deemed sufficiently given or served if sent by United States certified mail, return receipt requested, addressed as follows:

> If to Lessor to:
> **635 N. Scott St., LLC**
> **147 Carondelet Street, Suite 1137**
> **New Orleans, La 70130**
>
> If to Lessee To:
> **Sonder USA, Inc.**
> **5600 Jefferson Highway, Suite 278**
> **Elmwood, LA 70112**

**21. EXCLUSIVE RIGHT(s).**   Lessor grants Lessee the exclusive right(s) of the Permitted Use(s) of the above stated Premises, subject to the terms and conditions of this Lease. The provisions of this Section shall (unless extended in writing by the Parties) automatically terminate as of the expiration of this Lease.

**22. GOVERNING LAW AND JURISDICTION.**   The parties to this Lease understand and agree that the provisions of this lease, between them, has the effect of law, but in reference to matters for which this lease does not provide, this Lease shall be governed by and construed in accordance with the Ordinances of the City of New Orleans, the laws of the State of Louisiana and the federal laws of the United States; and irrevocably submit to the exclusive jurisdiction of the courts of competent jurisdiction in the State of Louisiana with respect to all matters relating to this agreement.

**23. CASUALTY AND FORCE MAJEURE.**   If any of the Premises is destroyed or materially damaged by fire or other unforeseen event (Force Majeure) not due to any fault or neglect of Lessee, and thus becomes wholly unfit for occupancy, then Lessee shall be entitled to an abatement of rent for the entire period during which the Premises is unfit for occupancy. Lessee may thereupon also choose to terminate this lease as of the date of the casualty.

**24. WARRANTY.**   Lessor warrants that the Premises are in good condition, unless

4




otherwise noted. Lessee acknowledges that he has been provided the opportunity to inspect the Premises and accepts it in its current condition and agrees to keep it in same condition during the term of this lease at his expense and return it to Lessor in the same or better condition at termination of this lease, normal decay, wear and tear excepted.

**25. MODIFICATION.**   The parties hereby agree that this document contains the entire agreement between the parties and this Lease shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties hereto.

**26. SURRENDER AND HOLD OVER.**   On the expiration date, Lessee shall surrender to Lessor the Premises and all alterations in a first class and clean condition, less any normal wear and tear, free of trash and debris. If Lessee with Lessor's consent, remains in possession of the Premises after the Expiration Date, such possession by Lessee  shall be deemed to be a month-to-month tenancy terminable on 30-days' written notice given at any time by Lessor or Lessee. All provisions of this Lease except for those pertaining to Term shall apply to any such tenancy.

**27. ADDITIONAL PROVISIONS; DISCLOSURES.**   This Agreement is submitted with Lessor's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards dated dated_____9/25/2017_____attached hereto and forming part of this lease.

**28. PARKING LOT**.   Lessee shall have full use and access to all parking lot(s) and/or facilities on the Premises. Lessor is responsible for all maintenance and repairs of the parking lot(s).

      **IN WITNESS WHEREOF**, Lessor and Lessee have each executed this Lease Agreement as of the date first above written:

                              **Lessor(s):**

                              By: _____*Joshua Bruno*_____
                                          3F331841805B427...
                              Name: **635 N Scott St., LLC**
                              Date: _____9/25/2017_____


                              **Lessee:**

                              By: _____*Arthur Chang*_____
                                          1FC4910EA7C6424...
                              Name: **Sonder, USA, Inc.**
                              Date: _____9/25/2017_____

5



The Standard Form (revised 10/01) of:
New Orleans Metropolitan Association of REALTORS ®, Inc.

For exclusive use of REALTORS®
REALTOR® Boards provide this form as an aid,
and not as legal advice. REALTOR ® members
assume no responsibility for unauthorized use.

# Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards

☐ Target Housing Sale       ☒ Target Housing Rental or Lease

PROPERTY ADDRESS: **635 N Scott St, New Orleans, LA  70119-4816**

### Lead Warning Statement for Target Housing Sales

Every PURCHASER of any interest in residential real property on which a residential dwelling was built prior to 1978 is notified that such property may present exposure to lead from lead-based paint that may place young children at risk of developing lead poisoning. Lead poisoning in young children may produce permanent neurological damage, including learning disabilities, reduced intelligence quotient, behavioral problems, and impaired memory. Lead poisoning also poses a particular risk to pregnant women. The SELLER of any interest in residential real property is required to provide the PURCHASER with any information on lead-based paint hazards from risk assessments or inspections in the SELLER'S possession and notify the PURCHASER of any known lead-based paint hazards. A risk assessment or inspection for possible lead-based paint hazards is recommended prior to purchase.

### Lead Warning Statement for Target Housing Rentals and Leases

Housing built before 1978 may contain lead-based paint. Lead from paint, paint chips, and dust can pose health hazards if not taken care of properly. Lead exposure is especially harmful to young children and pregnant women. Before renting pre- 1978 housing, Land- lords must disclose the presence of known lead-based paint and lead-based paint hazards in the dwelling. Tenants must also receive a Federally approved pamphlet on lead poisoning prevention.

### SELLER'S/LESSOR'S Disclosure (answer a and b and initial both)

_____  _JB_ (a) Presence of lead-based paint and/or lead-based paint hazards (check one below):
            ☐ Known lead-based paint and/or lead-based paint hazards are present in the housing (explain).

_____

_____  _JB_ ☒ SELLER has no knowledge of lead-based paint and/or lead-based paint hazards in building.
            (b) Records and reports available to the SELLER (check one below):
            ☐ SELLER has provided the PURCHASER with all available records and reports pertaining to lead-based paint and/or lead based-paint hazards in the housing (list documents below).

_____

            ☒ SELLER has no reports or records pertaining to lead-based paint and/or lead based-paint hazards in the housing.

### PURCHASER'S Acknowledgment (answer c, d and e and initial all)
### LESSEE'S Acknowledgment (answer c and d and initial both)

_____  _AC_ (c) PURCHASER/LESSEE has received copies of all information listed above.
_____  _AC_ (d) PURCHASER/LESSEE has received the pamphlet "Protect Your Family From Lead in Your Home".
_____  _AC_ (e) PURCHASER has (check one below): (not required for LESSEE)
            ☐ Received a 10-calendar day opportunity (or mutually agreed upon period) to conduct a risk assessment or inspection for the presence of lead-based paint and/or lead-based paint hazards;
            ☒ Waived the opportunity to conduct a risk assessment or inspection for the presence of lead-based paint and/or lead-based paint hazards.

### AGENT'S Acknowledgment (answer f and initial)

_____  _____ (f) Agent has informed the  SELLER/LESSOR of the  SELLER'S/LESSOR'S  obligations under 42 U.S.C. 4852(d) and is aware of his/her responsibility to ensure compliance.

### Certification of Accuracy

The following parties have reviewed the information above and certify, to the best of their knowledge, that the information provided by the signatory is true and accurate.

_Joshua Bruno_                9/25/2017          _Arthur Chang_                9/25/2017
SELLER/LESSOR **635 N. Scott St., LLC**   Date          PURCHASER/LESSEE **Sonder USA, Inc.**   Date
SF3518A150582417                                        SF1A7DBDAF0A2421

_____                              _____
SELLER/LESSOR                Date          PURCHASER/LESSEE                Date

_____                              _____
AGENT                        Date          AGENT                          Date

DocuSign Envelope ID: 913712C1-DF68-4030-AC8B-9DEF43A4E234

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

## LEASE ADDENDUM

      **THIS LEASE ADDENDUM** (hereinafter referred to as the "Addendum") is made and entered into as of _____9/25/2017_____ ,(the "Effective Date"), by and between, **635 N Scott St., LLC ("Lessor")**, a Louisiana limited liability company and **Sonder USA, Inc. ("Lessee")**, a Delaware Corporation.

## W I T N E S S E T H :

      **WHEREAS**, Lessor and Lessee (hereinafter referred to as "the Parties") entered into a Lease Agreement on September 25, 2017 for twenty-six (26) residential units having a municipal street address of **635 N. Scott Street, New Orleans, La 70119**.

      **NOW, THEREFORE,** for and in consideration of the covenants and obligations contained herein, the parties hereto hereby agree to this Lease Addendum as follows:

1. **POSSESSION DATE.**   The earlier to occur of either (i) the "Commencement Date" as defined on **each individual lease** or (ii) Thirty (30) days after Lessee receives written notice from Lessor of current Unit leases that terminate or expire prior to the Commencement Date.

      **IN WITNESS WHEREOF**, Lessor and Lessee have each executed this Lease Addendum as of the date first above written:

**Lessor(s):**

By: _____*Joshua Bruno*_____
            DocuSigned by:
            3F331841805B427...

Name:  **635 N Scott St., LLC**

Date: _____9/25/2017_____

**Lessee:**

By: _____*Arthur Chang*_____
            DocuSigned by:
            1FC4910EA7C6424...

Name: **Sonder, USA, Inc.**

Date: _____9/25/2017_____