# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SONDER USA, INC.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 18-13891** |
| **635 N. SCOTT, LLC** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court is Plaintiff Sonder USA Inc.'s ("Plaintiff") "Motion to Remand."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion.

## I. Background

In the Petition, Plaintiff alleges that it sublet multiple properties from Defendant 635 N. Scott, LLC ("Defendant") as premises for Plaintiff's business.[2] Plaintiff contends that though Defendant was responsible for maintenance in each unit, Defendant failed to address issues such as mold, leaks in the air conditioning units, and other defects that arose.[3] Plaintiff asserts that it was forced to relocate its guests to properties not owned by Defendant, and ultimately Plaintiff sought to terminate all leases with Defendant for "failure to remediate the property."[4]

On December 10, 2018, Plaintiff filed a Petition for Declaratory Judgment in the Civil

---

[1] Rec. Doc. 8.

[2] Rec. Doc. 1-2 at 1.

[3] *Id.* at 2.

[4] *Id.* at 3.

District Court for the Parish of Orleans, State of Louisiana seeking a declaratory judgment terminating all leases with Defendant based on Defendant's failure to maintain the properties.[5]

On December 17, 2018, Defendant removed the case to this Court.[6] On January 16, 2019, Plaintiff filed the instant motion to remand.[7] On February 19, 2019, Defendant filed an opposition.[8] On February 26, 2019, with leave of Court, Plaintiff filed a reply.[9]

## II. Parties' Arguments

### A.  *Plaintiff's Arguments in Support of the Motion to Remand*

In the motion, Plaintiff asserts that federal courts have substantial discretion in declining to hear declaratory judgment actions, and the state law issues in this case warrant remand back to state court.[10] Plaintiff cites the Supreme Court case *Wilton v. Seven Falls*,[11] for the proposition that in declaratory judgment actions, federal courts should consider principles of practicality and wise judicial administration when determining whether to retain jurisdiction over a case.[12] Plaintiff lists the "*Trejo* factors" utilized by the Fifth Circuit in determining whether to decide or dismiss a declaratory judgment action, and though Plaintiff admits that the *Trejo* factors are not entirely applicable in the instant matter, Plaintiff alleges that the *Trejo* factors center on principles of

---

[5] *Id.* at 1.

[6] Rec. Doc. 1.

[7] Rec. Doc. 8.

[8] Rec. Doc. 17.

[9] Rec. Doc. 20.

[10] Rec. Doc. 8-1 at 2.

[11] 515 U.S. 277 (1995).

[12] *Id.* at 3.

comity and federalism that all weigh in favor of remand.[13]

Plaintiff contends that in this action, "there is no question that principles of fairness, efficiency, and proper allocation of decision-making warrant remand."[14] Plaintiff insists that because the case involves Louisiana properties, a Louisiana LLC, and leases that were executed in Louisiana, Louisiana state courts are the most appropriate forum for the action.[15] Plaintiff presents the Fifth Circuit statement that "there is no '*per se* rule requiring a district court to hear a declaratory judgment action when there is no pending state litigation,'"[16] and Plaintiff describes several cases in which federal district courts remanded a declaratory action because the issues were based purely on state law.[17] Plaintiff argues that the instant matter involves solely issues of Louisiana law on interpreting leases.[18] Plaintiff also presents language from the leases stating that "the parties 'irrevocably submit to the exclusive jurisdiction of the courts of competent jurisdiction in the State of Louisiana with respect to all matters relating to this agreement.'"[19] Based on this, Plaintiff contends that Louisiana courts are the fairest and most appropriate forum for deciding

---

[13] *Id.* at 7–8.

[14] *Id.* at 3–4 (citing *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383 (5th Cir. 2003); *Hermitage Ins. Co. v. Jack Hamilton Constr. of Cent. Fla., Inc.*, No. 08-CV-879, 2009 WL 10670001, at *5 (M.D. Fla. May 12, 2009)).

[15] *Id.*

[16] *Id.* at 5 (quoting *Sherwin Williams Co.*, 343 F.3d at 394).

[17] *Id.* at 5–7 (*Huth v. Hartford Insurance Co. of the Midwest*, 298 F.3d 800 (9th Cir. 2002); *Teva Pharm., USA, Inc. v. Am. Motorists Ins. Co.*, No. 08-477, 2008 WL 4596186 (E.D. Mo. Oct. 14, 2008) *University of Georgia Athletic Association v. Fireman's Fund Ins. Co.*, 2006 WL 1652482 (M.D. Ga. June 13, 2006); *Hermitage Insurance Co. v. Jack Hamilton Construction of Central, Inc.*, No. 08-879 , 2009 WL 10670001 (M.D. Fla. May 12, 2009)).

[18] *Id.* at 6–7.

[19] *Id.* at 7 (quoting Rec. Doc. 1-3 at ¶22).

this action.[20] Accordingly, Plaintiff urges the Court to grant the motion to remand.[21]

B.     *Defendant's Arguments in Opposition to the Motion to Remand*

In opposition, Defendant argues that this Court has jurisdiction to hear the case, and because there is no parallel state proceeding, Plaintiff's arguments in support of remand are inapplicable to the instant matter.[22] First, Defendant alleges that "[m]ost of the issues discussed in [Plaintiff's] Motion to Remand do not apply to this litigation, which involves the removal of a case based upon diversity of citizenship."[23] Defendant asserts that in this case, the parties are completely diverse and the amount in controversy is met.[24] Further, Defendant avers that none of the lease provisions require that the case be litigated in state court.[25] Defendant claims that Plaintiff misconstrues the lease language when it insists that state courts are the agreed forum.[26] Defendant avers that the lease's language mentioning "…courts of competent jurisdiction in the State of Louisiana…" applies equally to federal courts in Louisiana.[27]

Next, Defendant contends that the *Trejo* factors that Plaintiff mentions in the motion are only applicable where there are "parallel state court proceedings involving the same underlying

---

[20] *Id.* at 7.

[21] *Id.* at 9.

[22] Rec. Doc. 17 at 1.

[23] *Id.*

[24] *Id.*

[25] *Id.* at 11–12.

[26] *Id.*

[27] *Id.* at 12.

4

factual and legal issues."[28] Defendant asserts that there is no parallel state proceeding here, so the *Trejo* factors are inapplicable.[29] Yet, Defendant asserts that were the Court to consider these factors, they all weigh against remand.[30] Additionally, Defendant argues that federal jurisprudence recognizes only four types of abstention, and none of them are appropriate here, including *Colorado River* abstention.[31]

Finally, Defendant states that "[t]he federal courts have a 'virtually unflagging obligation' to exercise the jurisdiction conferred upon them,"[32] and courts should only abstain where there are "exceptional circumstances."[33] Defendant avers that under the three-step inquiry in *Orix Credit Alliance, Inc. v. Wolfe*,[34] this Court may rightfully retain the action.[35] In response to Plaintiff's arguments that issues of state law are best decided by state courts, Defendant argues that federal courts sitting in diversity apply state law to issues on a regular basis, and it would "essentially do away with diversity jurisdiction" to dismiss a case simply because state law is involved.[36] Therefore, Defendant contends that because the Court has diversity jurisdiction over the matter,

---

[28] *Id.* at 1.

[29] *Id.* at 3.

[30] *Id.* at 6–8.

[31] *Id.* at 4.

[32] *Id.* at 3 (quoting *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531 (5th Cir. 2002)).

[33] *Id.* (quoting *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 716 (1996)).

[34] 212 F.3d 891 (5th Cir. 2000).

[35] Rec. Doc. 17 at 6–8.

[36] *Id.* at 11.

and there is no legitimate reason for abstention, the Court should deny the motion to remand.[37]

## C. *Plaintiff's Arguments in Further Support of the Motion to Remand*

In reply, Plaintiff argues that the Fifth Circuit has rejected a bright line rule that district courts must retain jurisdiction over a declaratory judgment action simply because there is no pending state court action.[38] Plaintiff asserts that the Court has full discretion on how to handle this case.[39] Plaintiff then renews its argument that several other district courts have remanded similar declaratory actions based on a finding that the issues involved solely state law.[40] Plaintiff contends that similarly, this case contains only state law issues and Louisiana courts would be the most appropriate forum.[41] For these reasons, Plaintiff urges the Court to remand the action.[42]

## **III. Law & Analysis**

The Declaratory Judgment Act, codified at 28 U.S.C. § 2201, provides:

> (a) In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights

---

[37] *Id. at* 1.

[38] Rec. Doc. 20 at 1.

[39] *Id.* at 2–3.

[40] *Id.*

[41] *Id.* at 3–5.

[42] *Id.* at 5. Plaintiff also appears to argue in its reply that the parties are not completely diverse. Plaintiff requests that the Court order jurisdictional briefing to explore the citizenship of Defendant's LLC members. Rec. Doc. 20 at 2. Defendant has already provided said information to the Court. Defendant attached to its Notice of Removal a declaration of Defendant's sole member, Joshua Bruno. Rec. Doc. 1-8. Mr. Bruno declares that he is a resident of Florida. *Id.* As the Fifth Circuit has explained, "the party seeking to assert jurisdiction must present sufficient facts as to make out only a prima facie case supporting jurisdiction." *Alpine View Co. v. Atlas Copco AB,* 205 F.3d 208, 215 (5th Cir. 2000) (citing *Felch v. Transportes Lar–Mex SA De CV*, 92 F.3d 320, 326 (5th Cir. 1996)). The Court "must accept as true that party's uncontroverted allegations, and resolve in its favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Id.* (internal citations omitted). Defendant has made a prima facie showing to support jurisdiction, and Plaintiff does not present any evidence to controvert Defendant's allegations. Therefore, the Court will not order additional jurisdictional briefing at this time.

6

and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

The Declaratory Judgment Act "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant."[43] In evaluating whether to decide or dismiss a declaratory judgment action, a federal district court must determine: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action."[44] The Court will examine each factor in turn.

### A. *Justiciability*

A declaratory judgment action is justiciable, or "ripe for adjudication only where an 'actual controversy' exists."[45] Generally, an actual controversy exists where "a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests."[46] A district court must address on a case-by-case basis whether the facts are sufficiently immediate to establish an actual controversy.[47]

In the instant matter, Plaintiff seeks to terminate its leases with Defendant because of allegations of failure to maintain the premises.[48] Defendant contests that there were defects on the

---

[43] *Wilton v. Seven Falls, Co.*, 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 34 U.S. 237 (1952).

[44] *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003) (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)).

[45] *Orix Credit Alliance*, 212 F.3d at 895 (quoting 28 U.S.C. § 2201(a)).

[46] *Id.* (quoting *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986)).

[47] *Id.*

[48] Rec. Doc. 1-2 at 3.

7

properties and seeks to enforce the leases.[49] The Court finds that this represents an actual controversy between the parties and their dispute is sufficiently immediate. Thus, the case is justiciable.

## B. *Authority to Grant Relief*

A district court lacks authority to consider the merits of a declaratory judgment action when: (1) the defendant in the declaratory judgment action previously filed a lawsuit in the state court; (2) the state court case involved the same issues as those in the federal court declaratory judgment action; and, (3) the district court is prohibited from enjoining the state proceeding under the Anti-Injunction Act, 28 U.S.C. 2283.[50] "The absence of any of the three factors defeats mandatory abstention, and the district court has broad discretion over whether to grant declaratory relief."[51]

Here, there is no pending state court action between the parties. Thus, mandatory abstention is not required and the Court has authority to grant the requested relief.

## C. *Exercising Discretion to Decide or Dismiss*

"[T]he Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."[52] Although the district court's discretion is broad, it is not unfettered and courts may not dismiss requests "on the basis

---

[49] Rec. Doc. 17 at 5.

[50] *Sherwin-Williams Co.*, 343 F.3d at 388 n.1.

[51] *Sealed v. Sealed*, 1994 WL 487245, at *2 (5th Cir. 1994) (citing *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991)).

[52] *Id.*

8

of whim or personal disinclination."[53] The Fifth Circuit has indicated that district courts should utilize the seven, nonexclusive *Trejo* factors in determining whether to decide or dismiss a declaratory action.[54] Contrary to Defendant's assertion, the *Trejo* factors are not limited to use only when a parallel state proceeding exists.[55] They are applicable anytime a Court must analyze whether to decline or retain jurisdiction over a declaratory judgment action.[56] The *Trejo* factors are as follows:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.[57]

The Court will address each of these factors in turn.

### 1. Factor One: Pending State Action

As discussed above, there is no pending state court action between the parties. Plaintiff argues that despite this fact, the Court is not required to decide the instant action.[58] Plaintiff is correct in this assertion. The Fifth Circuit has indeed declared that "[t]he lack of a pending parallel

---

[53] *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993).

[54] *Sherwin-Williams Co.*, 343 F.3d at 388.

[55] *See* Rec. Doc. 17 at 1.

[56] *Sherwin-Williams Co.*, 343 F.3d at 388.

[57] *Id.* (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994)).

[58] Rec. Doc. 8-1 at 5.

9

state proceeding should not automatically require a district court to decide a declaratory judgment action."[59] However, the Fifth Circuit has also stated that "the presence or absence of a pending parallel state proceeding is an important factor," and "[t]he absence of any pending related state litigation strengthens the argument against dismissal of the federal declaratory judgment action."[60] Accordingly, the absence of a pending state action seems to weigh in favor of retaining jurisdiction.

Plaintiff avers that because the case involves a Louisiana property, a Louisiana LLC, and leases executed in Louisiana, a Louisiana state court is a more appropriate forum.[61] Plaintiff also presents cases from several other district courts that remanded declaratory actions because they decided that state courts were more appropriate for dealing with issues of state law.[62] While Plaintiff is correct that Louisiana law will govern the proceedings, state law issues are adjudicated by this Court on a regular basis and the existence of state law issues is not a hindrance to this Court exercising jurisdiction.[63] Further, issues of state law are not the equivalent of a pending parallel state proceeding. The district court decisions that Plaintiff relies upon are not binding authority, were not decided based on Fifth Circuit case law, and involve facts that are distinguishable from the instant case.

Plaintiff also presents lease language stating that all matters relating to the agreement will

---

[59] *Sherwin-Williams Co.*, 343 F.3d at 394.

[60] *Id.*

[61] Rec. Doc. 8-1 at 4.

[62] *Id.* at 5–7.

[63] *See Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991) (stating that the Erie doctrine requires federal courts sitting in diversity to apply state substantive law).

10

be addressed exclusively in "courts of competent jurisdiction in the State of Louisiana."[64] Plaintiff contends that this language means that only Louisiana state courts are appropriate, but this is a misinterpretation of the language. A federal district court in Louisiana is a "court[] of competent jurisdiction in the State of Louisiana." There is not a forum-selection clause in the leases stating that Louisiana state courts are the agreed forum. Moreover, as discussed above, it is a regular function of federal courts sitting in diversity to apply Louisiana law to issues between the parties. Thus, there is no issue with a federal court serving as the selected forum. Accordingly, this argument, along with Plaintiff's other assertions, fail to present this Court with a parallel state proceeding as defined by the first *Trejo* factor. Therefore, as the Fifth Circuit reasoned in *Sherwin-Williams Co. v. Holmes Cnty*: the lack of a pending state action weighs strongly against remand.[65]

### 2. Factors Two, Three, and Four: Fairness and Improper Forum Shopping

The second, third, and fourth *Trejo* factors require the Court to consider the motivations of the party seeking declaratory judgment in federal court, "analyzing whether the [party] is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds."[66] The Court should examine "whether the declaratory judgment [party] filed suit 'in anticipation' of a lawsuit to be filed by the [other party]; whether the [party] engaged in 'forum shopping' in bringing the declaratory judgment action; and whether possible inequities exist in allowing the declaratory judgment [party] to gain precedence in time or to change forums…"[67] The instant

---

[64] Rec. Doc. 8-1 at 7.

[65] *See Sherwin-Williams Co.*, 343 F.3d at 394.

[66] *Id.* at 391–92.

[67] *Id.*

declaratory action was initially filed in state court by Plaintiff and removed by Defendant. Thus, the Court must examine Defendant's motivations for removing the matter to federal court.

Regarding the second factor, Defendant was not the party who filed the declaratory judgment action. Plaintiff filed the action to terminate the leases with Defendant based on alleged noncompliance.[68] While Plaintiff may have sought declaratory judgment to pre-empt a lawsuit by Defendant for non-payment, the Fifth Circuit has acknowledged that a proper purpose of a declaratory judgment action is to allow potential defendants to resolve disputes without waiting to be sued or until the prescriptive period expires.[69] Therefore, Plaintiff's filing of the suit was proper. Further, because Defendant was not the party who initiated the action, Defendant did not use declaratory judgment as an anticipatory tactic.[70] This factor weighs against remand.

Considering the third factor, concerns about forum-shopping arise when there is evidence that the plaintiff in the case seeks the forum for its more favorable law.[71] Here, Defendant removed the action to federal court under diversity jurisdiction. The Fifth Circuit has explicitly recognized that a traditional justification for diversity jurisdiction is "to protect out-of-state defendants." Removal of a case by an out-of-state defendant "does not necessarily demonstrate impermissible forum selection."[72] Accordingly, there is no forum shopping present, and this factor weighs against remand.

---

[68] Rec. Doc. 1-2 at 3.

[69] *Sherwin-Williams Co.*, 343 F.3d at 397.

[70] Rec. Doc. 17 at 7.

[71] *Sherwin-Williams*, 343 F.3d at 399.

[72] *Id.*

12

The fourth factor examines whether retaining the action would allow Defendant to gain precedence in time or a change of forums.[73] Neither party asserts that there is an inequity regarding timing, and there is no pending state proceeding. Therefore, there is no potential for one party to gain an advantage of precedence in time. Defendant argues that no inequity arises from a change of forum, and Plaintiff likewise does not present this contention. Plaintiff's opposition lies in its argument that Louisiana courts are a more appropriate forum for deciding state law. As discussed *supra*, federal courts are capable of deciding issues of state law without inequity to either party. In fact, the traditional rationale for diversity jurisdiction is that it can protect out-of-state defendants.[74] Accordingly, no inequity arises from the removal of the declaratory judgment action and this factor weighs against remand.

Based on the foregoing, the Court finds that the three fairness factors each weigh against remand.

### 3. Factor Five: Convenient Forum

The state action was filed in the Civil District Court for the Parish of Orleans, State of Louisiana. As the state court and this Court are in the same city, this Court is equally convenient for the parties. Therefore, this factor is neutral.

### 4. Factor Six: Judicial Economy

Plaintiff avers that the judicial economy factor is neutral because there is only one lawsuit and judicial economy concerns are not implicated. Defendant states that this factor does not

---

[73] *Sherwin-Williams*, 343 F.3d at 391–92.

[74] *Sherwin Williams,* 343 F.3d at 399 ("[The selection of a federal forum] does not necessarily demonstrate impermissible forum selection when the declaratory judgment out-of-state plaintiff invokes diversity. Rather, it states the traditional justification for diversity jurisdiction, to protect out-of-state defendants.").

support remand. The record reflects that the action is still in its infancy stage; Defendant has filed a counterclaim, but Plaintiff has yet to respond. There are no pending Court deadlines and no issues that have already been decided by this Court. Accordingly, either state or federal court could efficiently decide the declaratory action. This factor is neutral.

     **5.     Factor Seven: Construction of a State Judicial Decree**

There is no state judicial decree at issue between the parties and no pending parallel suit. Therefore, this factor weighs against remand.

For the reasons discussed above, five factors weigh against remand and two factors are neutral. Weighing these factors together, the Court finds it a proper exercise of its discretion to decline to remand the declaratory judgment action and retain jurisdiction.

### V. Conclusion

Plaintiff Sonder USA Inc. urges the Court to remand the declaratory judgment action back to state court because the case involves issues of state law. Plaintiff has not shown, however, that the *Trejo* factors weigh in favor of remand. Therefore, the Court declines to remand the action.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Sonder USA Inc.'s "Motion to Remand"[75] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this __3rd__ day of May, 2019.

                                            **NANNETTE JOLIVETTE BROWN**
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**

---

[75] Rec. Doc. 8.